UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, et al.<br><br>  Plaintiffs,<br><br>  v.<br><br>AMPLIFY ENERGY CORP., et al.<br><br>  Defendants. | Case No. 8:21-cv-01628-DOC(JDEx)<br>Judge: Hon. David O. Carter<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

Pursuant to the Parties' Stipulation (Dkt. 86, "Stipulation"), and for good cause shown therein, the Court finds and orders as follows.

**1.     PURPOSES AND LIMITATIONS**

Discovery in this Action (defined as the related cases identified below) is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending the Action may be warranted. Accordingly, the parties identified in the signature panels of the Stipulation ("Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this order ("Order" or "Stipulated Protective Order") does not

confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

This Order applies to all information, documents, and things exchanged in or subject to discovery in this Action in response to or in connection with any discovery requests, including deposition testimony, interrogatories, answers to interrogatories, requests for admission, and responses to requests for admission, as well as documents, information, and things produced.

2. **GOOD CAUSE STATEMENT**

This Action is likely to involve trade secrets and other valuable research, development, commercial, financial, personal, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated under this Order for tactical reasons and that nothing be so

designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this Action.

**3.     ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal, *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.

1  Again, competent evidence supporting the application to file documents under seal
2  must be provided by declaration.
3       Any document that is not confidential, privileged, or otherwise protectable in
4  its entirety will not be filed under seal if the confidential portions can be redacted. If
5  documents can be redacted, then a redacted version for public viewing, omitting
6  only the confidential, privileged, or otherwise protectable portions of the document,
7  shall be filed. Any application that seeks to file documents under seal in their
8  entirety should include an explanation of why redaction is not feasible.

9  **4.   DEFINITIONS**

10      4.1    Action: the above-captioned consolidated case, including the following
11  consolidated matters or future consolidated matters, including: *Davey's Locker*,
12  8:21-cv-01684; *Gutierrez*, 8:21-cv-01628; *Samuelian*, 8:21-cv-01658; *Banzai Surf*
13  *Company*, 8:21-cv-01669; *Quality Sea Food, Inc.*, 8:21-cv-01680; *Ketcham Tackle*
14  *LLC*, 8:21-cv-01685; *Newport Surfrider, LLC*, 8:21-cv-01686; *Bitton*, 8:21-cv-
15  01694; *Whelan*, 8:21-cv-01706; *Beyond Business Incorporated*, 8:21-cv-01714;
16  *N.S.T.*, 8:21-cv-01722; *East Meets West Excursions*, 8:21-cv-01725; *Charlie's*
17  *Gyros, Inc.*, 8:21-cv-01738; *Hill's Boat Service, Inc.*, 8:21-cv-01734; *Karsgor*,
18  8:21-cv-02116.
19      4.2    Challenging Party: a Party or Non-Party that challenges the designation
20  of information or items under this Order.
21      4.3    "CONFIDENTIAL" Information or Items: information (regardless of
22  how it is generated, stored or maintained) or tangible things that qualify for
23  protection under Federal Rule of Civil Procedure 26(c), and as specified above in
24  the Good Cause Statement.
25      4.4    Counsel: Outside Counsel of Record and House Counsel (as well as
26  their support staff).
27      4.5    Designating Party: a Party or Non-Party that designates information or
28  items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL."

4.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery (including deposition testimony).

4.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9     Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

4.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a Party to this Action or are affiliated with an attorney that is retained to represent a Party to this Action, and includes support staff.

4.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14    Protected Material: any Disclosure or Discovery Material that is

designated as "CONFIDENTIAL."

4.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 5.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

## 6.   DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Order do not extend beyond the commencement of the trial.

## 7.   DESIGNATING PROTECTED MATERIAL

7.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must make reasonable efforts to designate for protection only those parts of material,

documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose—following a meet-and-confer process and notice and a hearing—the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the

specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

    b.    for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony or within five (5) business days after receipt of the final version of the transcript.

    c.    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

    7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    8.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    8.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

    8.3    <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

    8.4    <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless

the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.5 <u>Use of Protected Material In Open Court</u>.   Except for trial (where such procedures shall be governed by a separate pre-trial order), at least 24 hours prior to the use of any Protected Material at any hearing to be held in open court, counsel for any Party who desires to offer or use such Protected Material at such hearing shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such meet and confer.

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action and for no other purpose and in no other case or proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

     b.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

     c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     d.    the court and its personnel;

     e.    court reporters and their staff;

     f.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

     h.    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

     i.    any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in a proceeding other than the Action that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" by someone other than the Party who received

the subpoena, that Party must:

    a.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b.    promptly notify in writing the party who caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that proceeding of its confidential material unless the court's rules in that proceeding dictate otherwise. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**11.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    a.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    b.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    i.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    ii.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    iii.    make the information requested available for inspection by the Non-Party, if requested.

c.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden of seeking protection in this court of its Protected Material.

**12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

### 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of privileged or work-product protected documents, electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B); provided, however, if the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Special Master(s) and/or Court whether the privilege applies. Other than in connection with seeking a determination by the Special Master(s) and/or Court, the Receiving Party may not use the inadvertently produced privileged information for any purpose until the dispute is resolved.

### 14. MISCELLANEOUS

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification or supplementation by the Court in the future. The Parties acknowledge that certain document requests or document subpoenas may call for one or more Parties or Non-Parties to request the additional protections of a "Highly Confidential" tier. The Parties' rights are reserved to request a "Highly Confidential" tier at the appropriate time via amendment (by stipulation or contested motions practice) of this Order.

1    14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information that was the subject of the Rule 79-5 application in the public record unless otherwise instructed by the court.

14.4   <u>Anticipated Filings</u>. If a Receiving Party intends to file materials on the docket that cite or attach Protected Material, the Receiving Party shall seek relief under Local Civil Rule 79-5.

14.5   <u>Discovery Exchanged Prior to Entry of this Order</u>. This Order governs the disclosure and exchange of discovery exchanged between the Parties (including Defendants and Non-Interim Co-Lead Counsel) prior to the entry of this Order.

**15.   FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Where the Designating Party makes such a request and whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by

the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

**16. VIOLATION**

Any violations of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court, after notice and a hearing.

IT IS SO ORDERED.

DATED: January 11, 2022

JOHN D. EARLY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MOSES GUTIERREZ, et al.<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY ENERGY CORP., et al.<br><br>Defendants. | Case No. 8:21-cv-01628-DOC-JDE<br><br>**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand and will comply with the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2022 in the above captioned matter.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____