Wylie A. Aitken, Sate Bar No. 37770
*wylie@aitkenlaw.com*
**AITKEN✦AITKEN✦COHN**
3 MacArthur Place, Suite 800
Santa Ana, CA 92808
Telephone: (714) 434-1424
Facsimile: (714) 434-3600

Lexi J. Hazam, State Bar No. 224457
*lhazam@lchb.com*
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-100

Stephen G. Larson, State Bar No. 145225
*slarson@larsonllp.com*
**LARSON, LLP**
600 Anton Blvd., Suite 1270
Costa Mesa, CA 92626
Telephone: (949) 516-7250
Facsimile: (949) 516-7251

*Interim Co-Lead Counsel for Plaintiffs
and the Proposed Classes*

Christopher W. Keegan (SBN 232045)
chris.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California St., Suite 2900
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Daniel T. Donovan (Admitted *pro hac
vice*)
ddonovan@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

Anna Rotman (Admitted *pro hac vice*)
anna.rotman@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601

*Counsel for Defendants and Third-
Party Plaintiffs Amplify Energy Corp.,
Beta Operating Company, LLC, and
San Pedro Bay Pipeline Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY ENERGY CORP., *et al.*,<br><br>Defendants. | Case No. 8:21-CV-01628-DOC(JDEx)<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF DEFENDANTS COSTAMARE SHIPPING CO. S.A., CAPETANISSA MARITIME CORP. OF LIBERIA, AND V.SHIPS GREECE LTD., PURSUANT TO RULE 4(F)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with the Declarations of Aaron Lukken; David C. Wright with Exhibits; John D. Giffin with Exhibits; |

[Proposed] Order]

Hearing Date:   April 18, 2022
Time:           8:30 a.m.
Courtroom:      10 A

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 18, 2022, at 10:00 a.m., in Courtroom 10A of the United States District Court for the Central District of California, Plaintiffs Peter Moses Gutierrez, Jr., et al. and Defendants/Third-Party Plaintiffs Amplify Energy Corp., San Pedro Bay Pipeline Co., and Beta Operating Co., LLC (collectively, "Amplify", and together with Plaintiffs, "Moving Parties") will jointly move and hereby do move the Court, pursuant to Rule 4(h)(2) and 4(f)(3) of the Federal Rules of Civil Procedure,[1] to allow service of process on Defendant Costamare Shipping Co. S.A. ("Costamare") by mail, email, and facsimile on its registered agent in Panama and by its public email and facsimile number at its headquarters in Greece; on Defendant Capetanissa Maritime Corp. of Liberia ("Capetanissa") by mail on the address of record of its registered agent in Liberia; on Defendant V.Ships Greece, Ltd., ("V-Ships" and, together with Costamare and Capetanissa the "Costamare Defendants") by mail on its address of record in Bermuda and by email and facsimile in Greece; and on all the Costamare Defendants by email on their attorney within this District. These Defendants are the owner and operators of the container ship the *Cosco Beijing*.

The grounds for this motion are that the Moving Parties' attempts to timely address service of process on the Shipping Defendants have been unsuccessful, in part due to the Costamare Defendants lack of cooperation, and this Court's intervention is necessary. Costamare is headquartered in Greece and incorporated in Panama. The Hague Convention applies to international service of process in

---

[1] All further statutory references are to the Federal Rules of Civil Procedure unless otherwise stated.

Greece, and the Additional Protocol to the Inter-American Convention on Letters Rogatory ("IAC") applies to international service by Letter Rogatory in Panama. Capetanissa is incorporated in Liberia, which is not a signatory to any international treaties for service of process, thus requiring that service be effectuated by Letter Rogatory. As the Costamare Defendants know, and as the Moving Parties set forth below, international service—be it through the Hague Convention, IAC, or Letter Rogatory—is both time-consuming and costly.

In contrast to MSC Mediterranean Shipping Co. ("MSC") and Dordellas Finance Corp. ("Dordellas")—the Defendants associated with the container ship the *MSC Danit*—the Costamare Defendants refused to waive service of process or otherwise accept service. The Costamare Defendants instead insist that the Moving Parties serve them "through other means including Hague Convention and Liberian law." Decl. of David C. Wright ("Wright Decl."), ¶ 6, Ex. 1. But delay to effect service of process makes little sense in these circumstances, where the Amplify Defendants have already brought the Cosco Beijing ship itself into the case *in rem*[2], and where the MSC Danit owner and operators are also in the case, making the Costamare owner and operators the only hold-outs. The Court's Scheduling Order, Dkt. No. 35, could and should be followed by all named parties rather than potentially incurring substantial and unnecessary delays as to, or due to, the Costamare Defendants. Rule 4(f)(3) provides a viable and appropriate means to effectuate coordination of this Action in these circumstances.

The requested methods of service of process on the Costamare Defendants are permissible because: (a) service by email, facsimile, and/or courier, and/or on the Costamare Defendants' United States-based counsel does not violate any international agreements; (b) the Costamare Defendants are fully aware of this

---

[2] Plaintiffs filed a Consolidated First Amended Class Action Complaint earlier this same day, March 21, 2022, which also names the *Cosco Beijing* (and the *MSC Danit*) *in rem,* as well as V. Ships *in personam*. Plaintiffs will serve the *in rem* ship Defendants under Rule 14(a)(3) once they appear in response to the Amplify Defendants' Cross-Complaint.

Mot. for Order Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

1   Action; (c) each method of service is reasonably calculated to apprise the

2   Costamare Defendants with actual notice; and (d) this Court's intervention is

3   necessary to prevent undue delay and expenses associated with service via

4   international processes. In addition to costs and delay, the Costamare Defendants'

5   own and operate the *Cosco Beijing*, which is already in the case and therefore will

6   be litigating many of the same issues and conducting discovery, tentatively set to

7   close September 16, 2022, on the same facts. *See* Dkt. No. 35. Moreover, the

8   Moving Parties' upcoming mediation will be less productive without the presence

9   of all interested parties.

10      Movants met and conferred with putative counsel for the Costamare

11   Defendants, in compliance with Local Rule 7-3. Defendants Amplify Energy, Inc.,

12   Beta Operating Company, LLC, and San Pedro Bay Pipeline Company join in this

13   motion in view of their pending Third-Party Complaint, Dkt. No. 123, against the

14   Costamare Defendants, which will also have to be served upon them.

15      The Moving Parties' Joint Motion is based on this Notice, the accompanying

16   Memorandum of Points and Authorities, Declaration of Aaron Lukken, Declaration

17   of David C. Wright with exhibits, Declaration of John D. Giffin with exhibits, and

18   such other and further evidence as may be adduced at the hearing.

19

20   Dated:  March 21, 2022                Respectfully submitted,

21                                         */s/ Lexi J. Hazam*[3]

22                                         Lexi J. Hazam

23                                         */s/ Wylie A. Aitken*[3]

24                                         Wylie A. Aitken

25                                         */s/ Stephen G. Larson*

26                                         Stephen G. Larson

27

28

/s/ Christopher W. Keegan[3]
Christopher W. Keegan

/s/ Daniel T. Donovan[3]
Daniel T. Donovan

/s/ Anna Rotman[3]
Anna Rotman

*Counsel for Defendants and Third-Party Plaintiffs Amplify Energy Corp., Beta Operating Company, LLC, and San Pedro Bay Pipeline Company*

---

[3] Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Stephen G. Larson, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and authorized the filing, on March 21, 2022.

Mot. for Order Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

# TABLE OF CONTENTS

*Page*

I    INTRODUCTION ................................................................................ 1

II   FACTUAL BACKGROUND ............................................................... 2

    A.   The Costamare Defendants Have Been Named Defendants Since
        January 28, 2022 ....................................................................... 2

    B.   The Costamare Defendants and Their Counsel Have Been Aware of
        this Action for Months .............................................................. 3

    C.   All Identified and Anticipated Parties, Except the Costamare
        Defendants, Have Been Brought into this Action ..................... 4

    D.   Moving Parties' Proposed Methods of Service ........................ 4

III  ARGUMENT ....................................................................................... 6

    A.   The Court Should Permit Service by Mail, Email, and Facsimile on
        the Costamare Defendants and by Email and Mail on the Costamare
        Defendants' United States-Based Counsel ............................... 6

        1.   Applicable Legal Standards ............................................ 6

        2.   Service by Email and Facsimile on Costamare in Greece,
               Email and Mail on Costamare's Registered Agent in Panama,
               and by Email and Mail on Costamare's United States-Based
               Counsel, Is Appropriate and Permissible .................... 7

            a.   The Hague Service Convention Does Not Prohibit
                Service by Email and Facsimile ....................... 7

            b.   The IAC Does Not Prohibit Any Methods of Service
                Permitted under the Federal Rules of Civil Procedure ..... 8

            c.   Service of Process Through the Hague Service
                 Convention and IAC Will Unduly Delay Resolution
                of This Action .................................................... 8

TABLE OF CONTENTS (cont.)

*Page*

    d.    The Necessities of this Action Demand Court Intervention ..........................................................9

    e.    Service by Email and Mail on Costamare's Panama Counsel, and on Costamare's United States-Based Counsel Will, Individually, Satisfy Due Process ............10

3.    Service by Mail on Capetanissa in Liberia, and on Capetanissa's United States-Based Counsel Is Appropriate and Permissible ..........................................................11

    a.    No International Agreement Applies to Service of Process on Capetanissa ....................................................11

    b.    The Particularities of this Case Support Moving Parties' Requested Methods of Alternative Service .......11

    c.    Moving Parties' Requested Methods of Alternative Service Will Reasonably Apprise Capetanissa of this Action and Afford It an Opportunity to Present Its Objections ..........................................................12

4.    Service by Email and Facsimile on V.Ships in Greece, by Mail on V.Ships in Bermuda, and on V.Ships's United States-Based Counsel Is Appropriate and Permissible..............13

IV    CONCLUSION ..........................................................14

    Mot. for Order Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

# TABLE OF AUTHORITIES

***Page(s)***

Cases

*Baydal v. Bosch Packaging Technology, Inc.*,
No. 2:11-cv-00349-MCE-AC, 2014 WL 1922621
(E.D. Cal. May 14, 2014) ................................................................12

*Dae Sun Hi Tech Co., Ltd. v. Gthunder*,
No. CV 18-7884 PSG (MAAx), 2019 WL 12349443
(C.D. Cal. Apr. 17, 2019) ...........................................................7, 8, 9

*De Leon v. Abudawood*,
No. 8:18-cv-01030, 2018 WL 6321632 (C.D. Cal. Oct. 23, 2018) ..............11

*Feyko v. Yuhe Intern., Inc.*,
No CV 11-05511 DDP (PJWx), 2013 WL 5142362
(C.D. Cal. Sept. 12, 2013) ...........................................................10, 13

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
270 F.R.D. 535 (N.D. Cal. 2010) ....................................................12

*Kriemerman v. Casa Veerkamp, S.A. de C. V.*,
22 F.3d 634 (5th Cir. 1990) ...............................................................8

*Latinamerican Theatrical Grp., LLC v. Swen Intern. Holding*,
No CV 13-1270 CAS (RNBx), 2013 WL 3357650
(C.D. Cal. July 2, 2013) ....................................................................10

*Lewis v. Sandor*,
No. CV 18-18615 PSG (JEMx), 2019 WL 6655387
(C.D. Cal. Feb. 15, 2019) ..............................................................7, 8

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) .........................................................................7

*Rio Props., Inc. v. Rio Intern. Interlink*,
284 F.3d 1007 (9th Cir. 2002) ...................................................6, 7, 9

*S.E.C. v. Tome*,
833 F.2d 1086 (2d Cir. 1987) ......................................................7, 10

*SA Luxury Expeditions, LLC v. Latin Am. for Less, LCC*, No. C,
14-04085 WHA, 2015 WL 4941792 (N.D. Cal. Aug. 19, 2015).................8

*Securities and Exchange Comm. v. China Sky One Medical, Inc.*,
No. CV 12-07543-MWF (MANx), 2013 WL 12314508
(C.D. Cal. Aug. 20, 2013) ...........................................................7, 12

Mot. for Order Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

**TABLE OF AUTHORITIES (cont.)**

*Page(s)*

*Tatung Co., Ltd. v. Shu Tze Hsu*,
    No. SACV 13-1743-DOC (ANx), 2014 WL 12638086
    (C.D. Cal. Sept. 2, 2014) ............................................................................. 11

*Toyo Tire & Rubber Co. v. CIA Wheel Grp.*,
    No. 8:15-0246-DOC (DFMX), 2016 WL 1251008
    (C.D. Cal. Mar. 25, 2016) ...................................................................... 6, 7, 8

*U.S. Securities and Exchange Comm. v. Secure Capital Funding Corp.*,
    No. 11-0916 (AET), 2011 WL 13143573 (D. N.J. Oct. 12, 2011) ................ 9

*Williams-Sonoma Inc. v. Friendfinder, Inc.*,
    No. C 06-06572, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) ................... 8

Rules

Fed. R. Civ. P. .................................................................................... *passim*

Other Authorities

Additional Protocol to the Inter-American Convention on Letters
    Rogatory, Jan. 30, 1975 ............................................................................ 8, 9

Convention on the Service Abroad of Judicial and Extra-Judicial Documents in
    Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S.
    163 .......................................................................................................... 7, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I     INTRODUCTION

This case involves the rupture of a crude oil pipeline off the coast of Orange County, California, and the resulting release of oil. The Parties allege that certain damage to the Pipeline caused by a January 25, 2021 anchor-strike and/or dragging event may have substantially contributed to or proximately caused the October 1, 2021 rupture. The *MSC Danit* and *Cosco Beijing* are the alleged responsible vessels. Costamare Shipping Co. S.A. ("Costamare"), V.Ships Greece Ltd. ("V.Ships"), and Capetanissa Maritime Corp. of Liberia ("Capetanissa") (collectively, the "Costamare Defendants") are the operators and owner, respectively, of the *Cosco Beijing*. The present Joint Motion seeks to allow service of Plaintiffs' Consolidated First Amended Class Action Complaint, Dkt. No. 148, and Amplify's Third-Party Complaint, Dkt. No. 123, on Costamare by mail and email on its registered agent in Panama and by its public email and facsimile number at its headquarters in Greece; on Capetanissa by mail at its Liberia address; on V.Ships by mail at its address in Bermuda and by email and facsimile at headquarters in Greece; and all Costamare Defendants' by email and Federal Express to United States-based counsel for Costamare Defendants, Albert E. Peacock.

Plaintiffs' Consolidated Complaint was filed on January 28, 2022, Dkt. No. 102. Plaintiffs filed a Consolidated First Amended Class Action Complaint on March 21, 2022, which adds as Defendants the *Cosco Beijing* (and the *MSC Danit*) *in rem,* and V. Ships *in personam*.  Amplify's Third-Party Complaint was filed February 28, 2022, also naming as defendants V.Ships and both the *MSC Danit* and *Cosco Beijing in rem*. *Id*. Amplify secured Letters of Undertaking ("LOU") from the respective vessel owners and operators and, as a result, both vessels are current parties to this Action. *See* Third-Party Verified Complaint, Dkt. No. 123. On February 25, 2022, MSC and Dordellas waived service of Plaintiffs' Consolidated

Complaint. Dkt. Nos. 135 and 136. In sum, all shipping-related defendants except Costamare, Capetanissa, and V.Ships are currently involved in the present Action.

To proceed in the absence of the Costamare Defendants or delay this Action until they are brought in will impede the efficient and just resolution of this case, thwart settlement opportunities, and needlessly increase litigation costs and expenses. The Moving Parties now seek an order from this Court to allow for means of service of process, pursuant to Rule 4(f)(3), that will ensure coordination moving forward and recognize the practicalities of this Action—namely, that the Costamare Defendants have been aware of and vicariously involved in this matter for months.

## II      FACTUAL BACKGROUND

### A.      The Costamare Defendants Have Been Named Defendants Since January 28, 2022

As detailed in the Moving Parties' complaints, Dkt. Nos. 102 and 123, the Costamare Defendants are alleged to be responsible[4] for the October 1, 2021 rupture of Amplify's San Pedro Bay Pipeline ("Pipeline"). While there are certain differences between Plaintiffs' and Amplify's theories of liability and causes of action directed at the Costamare Defendants, Moving Parties allege that on January 25, 2021, the *MSC Danit* and *Cosco Beijing* drifted erratically over the Pipeline, causing damage to it with their respective anchors. Dkt. No. 148, ¶¶ 63-70; Dkt. No. 123, ¶¶ 65-94. As a result, the concrete casing surrounding the steel pipeline was damaged, exposing the pipeline to the elements. *Id.*

Each vessel, and its crew, operator, and owner, including Costamare Defendants, failed to notify the proper authorities, or Amplify, of the harm caused. *See* Third-Party Verified Complaint, Dkt. No. 123, ¶¶ 95-98; Dkt. No. 148, ¶ 71. Just over eight months later, the Pipeline ruptured at the location where the damage

---

[4] Plaintiffs allege that Amplify is also responsible for, and caused, the rupture, through negligent maintenance of pipeline integrity and negligent response to the Spill. Amplify disputes that allegation.

caused by the *MSC Danit* and *Cosco Beijing* occurred, releasing oil into the waters and on the coastline of Orange County, California. *See* Dkt. No. 148, ¶¶ 95-98; Dkt. No. 123, ¶¶ 99-101.

**B.    The Costamare Defendants and Their Counsel Have Been Aware of this Action for Months**

On January 18, 2022, the Costamare Defendants' counsel, Albert E. Peacock, entered into a Letter of Undertaking ("LOU") with Amplify regarding "[o]ur [v]essel," the *Cosco Beijing*. *See* Decl. of David C. Wright, March 16, 2022 ("Wright Decl."), ¶ 7, Ex. 2 (Letter of Undertaking). In consideration for Amplify "agreeing not to seize, arrest, re-arrest, attach or otherwise detain" the *Cosco Beijing*, an undertaking in the amount of $68 million was agreed to. The LOU expressly contemplates "the rights or defenses which the Vessel or its Owner or Managers may have . . . ." *Id.*

Thereafter, Plaintiffs' counsel exchanged emails, a voicemail message, and telephone phone call with Mr. Peacock regarding the Costamare Defendants between February 25 and March 4. Plaintiffs' counsel, in emails on February 28 and March 3, 2022, sought to discuss "service of process" and "waiver of service" on the Costamare Defendants. Wright Decl., ¶ 4, Ex. 1. Mr. Peacock and Plaintiffs' counsel then spoke over the phone on March 4, 2022, and Mr. Peacock thereafter confirmed in an email of that same date that his "clients are not willing to waive service of process under FRCP Rule 4(d). However, they are amenable to service through other means including the Hague Convention and Liberian law." Wright Decl., ¶ 5, Ex. 1. Counsel for the Costamare Defendants further stated that "we do not believe that the Court has personal jurisdiction over the named defendants," which is "one of the reasons[] they will not voluntarily waive service of process." *Id.* In short, the Costamare Defendants, through their counsel, refuse to accept service of process by any means outside the Hague Convention, IAC, and/or Letter Rogatory.

Mot. for Order Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

**C.      All Identified and Anticipated Parties, Except the Costamare Defendants, Have Been Brought into this Action**

At present, all identified and anticipated parties have been served with the operative complaint(s) or waived service of process, except for the Costamare Defendants. *See* Dkt. Nos. 118, 135, 136, and 137. According to Mr. Peacock, the Costamare Defendants will not waive service but "are amenable to service through other means including the Hague Convention and Liberian law." Wright Decl., ¶¶ 5-6, Ex. 1. Each international method of service implicated—the Hague Convention, IAC, and Letter Rogatory—is a time-intensive process. Decl. of Aaron Lukken, March 16, 2022 ("Lukken Decl.), ¶¶ 8, 11, 14. In addition, these methods impose unnecessary costs and uncertainty on the Parties. *Id*., ¶¶ 7, 10, 13.

The Hague Convention, the quickest of the listed international methods of service, requires at least six months to complete, and could be longer due to the COVID-19 pandemic. *Id*., ¶ 8. At best, the soonest two of the Costamare Defendants, Costamare Shipping Co. S.A. and V.Ships Greece, could become involved in this Action is right at the anticipated close of fact discovery, September 16, 2022. *See* Dkt. No. 35. Service of process through the IAC and/or Letter Rogatory, which require even more time, could delay litigation involving the Costamare Defendants past the anticipated close of expert discovery, December 16, 2022. Lukken Decl., ¶¶ 11 and 14.

**D.      Moving Parties' Proposed Methods of Service**

Costamare Inc., Costamare's parent company, identifies several ways by which Costamare may be contacted in Greece. Wright Decl., ¶ 13, Ex. 4. Specifically, "Costamare Shipping Company S.A." can be emailed at "info@costamare.com" or sent a facsimile at "+ 30-210-9409051-2." *Id*. The listed address—60, Zephyrou Street & Syngrou Avenue, 17564 Athens, Greece—has been admitted to by Costamare during litigation. *See Rivers v. Costamare Inc., et al.*, No. 4:19-cv-01781 (S.D. Tex. 2019), ECF 4, ¶ 1.4; ECF 14, ¶ 3. Costamare's

relationship with Costamare Inc. is illustrated in Costamare Inc.'s 2020 Annual Report.

Costamare is incorporated under the laws of the Republic of Panama. According to Infospectrum, Costamare's registered agent in Panama is Patton, Moreno & Asvat, located at Capital Plaza, 8th Floor, Roberto Motta Avenue, Costa del Este, Panama. Wright Decl., ¶ 9, Ex. 3 (Infospectrum Report), OpenCorporates further identifies Costamare as having a registered address in Panama. Wright Decl., ¶ 9, Ex. 4. So, too, does Exhibit 4-13 to Costamare, Inc.'s 2020 SEC Form 20-F submission. Wright Decl., ¶ 9, Ex. 5.

Capetanissa, also a subsidiary of Costamare Inc., is incorporated in Liberia. Wright Decl., ¶ 15, Ex. 7. As is true for all non-resident Liberian entities, Defendant Capetanissa Maritime Corporation of Liberia's registered agent is The LISCR Trust Company, 80 Broad Street, Monrovia, Liberia. Wright Decl., ¶ 17, Exs. 8-10.

Defendant V.Ships Greece Ltd. is a company headquartered in Greece. V.Ships Greece's Ltd.'s registered address in Greece is 3 Agiou Dionyssiou 185 45 Piraeus, Greece. Wright Decl. ¶ 23. According to a Novation Agreement formed on December 16, 2020, and thereafter filed with the Securities and Exchange Commission, V.Ships identifies its registered address in Bermuda as 3rd Floor, Par-La-Ville Place, 14 Par-La-Ville Road, Hamilton HM 08, Bermuda, c/o 03 Agiou Dionysiou Street, Piraeus 185 45, Greece, and lists V.Ships fax number as +30 210 4294340. V.Ships also identifies its Managing Director as Konstantinos Kontes with email costas.kontes@vships.com. Wright Decl. ¶ 23.

The Costamare Defendants utilize the same United States-based counsel, Albert E. Peacock, a partner with the law firm Peacock Pipe Tong + Voss LLP. Wright Decl., ¶¶ 4-8, 21; Giffin Decl. ¶¶ 2-6. Mr. Peacock lists his address as 100 West Broadway Suite 610, Long Beach, CA 90802. *Id.* Mr. Peacock, as discussed, *supra*, refers to the Costamare Defendants as "my clients," has discussed service of

process and waiver of service with Costamare Defendants, and has conveyed Costamare Defendants' belief that "Amplify is strictly liable under OPA 90 and is obligated to settle all legitimate claims . . . ." *Id*. Mr. Peacock has also made representations about the Costamare Defendants' legal positions and planned courses of action.  Giffin Decl. ¶ 6.  Further, Mr. Peacock acted on behalf of the *Cosco Beijing* with Costamare Defendants' interests in mind upon signing the LOU. Wright Decl., ¶ 7, Ex. 2; Giffin Decl. ¶ 2.

### III      ARGUMENT

**A.    The Court Should Permit Service by Mail, Email, and Facsimile on the Costamare Defendants and by Email and Mail on the Costamare Defendants' United States-Based Counsel**

**1.    Applicable Legal Standards**

Rule 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. Rule 4(f)(3) permits service in a place not within any judicial district of the Unites States "by . . . means not prohibited by international agreement as may be directed by the court." *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 8:15-0246-DOC (DFMX), 2016 WL 1251008, at * 2 (C.D. Cal. Mar. 25, 2016). There are no additional limitations on service under Rule 4(f)(3), and the rule is "neither a last resort nor extraordinary relief." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). While a plaintiff need not prove that other methods of service are impossible or unduly burdensome, "courts have typically granted Rule 4(f)(3) motions when the Plaintiff has shown some measure of difficulty in effecting service by usual means." *Lewis v. Sandor*, No. CV 18-18615 PSG (JEMx), 2019 WL 6655387, at * 1 (C.D. Cal. Feb. 15, 2019).

Rule 4(f)(3) gives the court discretion to "craft alternative means of service," but such means still must comport with constitutional notions of due process. *Rio Props.*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted

by the district court must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Where the interested parties "already have actual knowledge of an action," the "reasonably calculated analysis need not be relied on exclusively . . . ." *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987); *Securities and Exchange Comm. v. China Sky One Medical, Inc.*, No. CV 12-07543-MWF (MANx), 2013 WL 12314508, at * 4 (C.D. Cal. Aug. 20, 2013).

To establish that service of process by a particular method (e.g., electronic service or certified mail) is appropriate, a moving party must show that (1) international agreement does not prohibit service by that particular method; and (2) service by that particular method is reasonably calculated to provide actual notice to the defendants. *Toyo Tire & Rubber Co.*, 2016 WL 1251008, at * 3; *Dae Sun Hi Tech Co., Ltd. v. Gthunder*, No. CV 18-7884 PSG (MAAx), 2019 WL 12349443, at * 3 (C.D. Cal. Apr. 17, 2019).

> **2.    Service by Email and Facsimile on Costamare in Greece, Email and Mail on Costamare's Registered Agent in Panama, and by Email and Mail on Costamare's United States-Based Counsel, Is Appropriate and Permissible**
>
> > **a.    The Hague Service Convention Does Not Prohibit Service by Email and Facsimile**

As discussed, *supra*, Costamare is headquartered in Greece and incorporated under the laws of the Republic of Panama. Greece is a party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Service Convention"). The Hague Service Convention does not prohibit electronic service, including email and facsimile. *See Toyo Tires & Rubber Co.*,

2016 WL 1251008, at * 3; *Gthunder*, 2019 WL 12349443, at * 3; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 WL 1140639, at * 1 (N.D. Cal. Apr. 17, 2007).

**b.     The IAC Does Not Prohibit Any Methods of Service**
**Permitted under the Federal Rules of Civil Procedure**

Panama, Costamare's country of incorporation, is a member of the Additional Protocol to the Inter-American Convention on Letters Rogatory, Jan. 30, 1975 ("IAC"). The "IAC does *not* supersede the Federal Rules of Civil Procedure methods for service of process in signatory countries." *Lewis*, 2019 WL 6655387, at * 2 (italics in original) (citing *Kriemerman v. Casa Veerkamp, S.A. de C. V.*, 22 F.3d 634, 640 (5th Cir. 1990)); *see also SA Luxury Expeditions, LLC v. Latin Am. for Less, LCC*, No. C 14-04085 WHA, 2015 WL 4941792, at * 1 (N.D. Cal. Aug. 19, 2015) ("[T]he convention and additional protocols do not preclude service by other means.").

**c.     Service of Process Through the Hague Service Convention**
**and IAC Will Unduly Delay Resolution of This Action**

Service of process through the Hague Service Convention and IAC is a time-consuming process with an uncertain outcome. At present, service of process on an international party in Greece takes, on average, six to nine months to complete, and can take even longer. Lukken Decl., ¶ 8. The IAC process in Panama is worse, with service of process often taking in excess of one year to complete. Lukken Decl., ¶ 14. 2; *see e.g., U.S. Securities and Exchange Comm. v. Secure Capital Funding Corp.*, No. 11-0916 (AET), 2011 WL 13143573, at * 2 (D. N.J. Oct. 12, 2011) (granting alternative service pursuant to Rule 4(f)(3) based, in part, on the fact that "service under the [IAC] may take one (1) year or more" in Panama). The abovementioned delays would place commencement of any action with Costamare on or past the anticipated discovery cut-off date in this action of September 16, 2022. Dkt. No. 35. *See Gthunder*, 2019 WL 12349443, at * 3 (permitting service by

email where internationally agreed upon process was "time-consuming").

### d.    The Necessities of this Action Demand Court Intervention

As set forth in detail above, the Moving Parties, collectively, have spoken over the phone and exchanged emails with counsel for the Costamare Defendants in an effort to effect service of process on or to obtain waiver of service from the Costamare Defendants. All to no avail. The Costamare Defendants fully expect Moving Parties to effect service of process but insist they must do it under "the Hague Convention and Liberian law."  Wright Decl., ¶ 1, Ex. 1; *compare Rio Props.*, 284 F.3d at 1014 (concluding that compliance with the "laws of the foreign country" is irrelevant under a Rule 4(f)(3) analysis).  Thus, the Costamare Defendants' unwillingness to accept service under more expeditious means amounts to nothing more than gamesmanship.

All the while, the Costamare Defendants' own vessel, the *Cosco Beijing*, will litigate virtually the same issues the Costamare Defendants would likely raise, and conduct discovery as to the same facts. *See* Dkt. No. 123. To compound the significance of the unnecessary delay that will be caused by the Costamare Defendants' position, the *MSC Danit* and its operator and owner, MSC and Dordellas, respectively, have waived service of process. *See* Dkt. Nos. 135 and 136. In other words, but for the Costamare Defendants' decision to force service of process through delay-prone methods, all Parties could proceed on virtually the same schedule. *See Feyko v. Yuhe Intern., Inc.*, No CV 11-05511 DDP (PJWx), 2013 WL 5142362, at * 2 (C.D. Cal. Sept. 12, 2013) (rejecting argument that plaintiff should have "made other efforts to serve" defendants, where it was unclear "what [plaintiff] could have done besides initiating service pursuant to the Hague Convention").

An order under Rule 4(f)(3) allows for a universal timeframe by which the Parties may address the pertinent issues and avoid undue delays.

Mot. for Order Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

**e.      Service by Email and Mail on Costamare's Panama Counsel, and on Costamare's United States-Based Counsel Will, Individually, Satisfy Due Process**

Costamare has been aware of this Action for months. Wright Decl., ¶ 7, Ex. 2. There is little concern about notice for the Costamare Defendants, as they are vicarious parties to the present Action through the *Cosco Beijing*. *Id.*  The Costamare Defendants' LOU further supports their knowledge and its counsel's involvement with this case. *Id.* Moreover, given the direct communication between Plaintiffs' counsel and the Costamare Defendants' counsel, there is little doubt that any parent, subsidiary, or affiliate of any Defendant to this Action is aware not only of the allegations made against their respective companies, but also of the status of this Action. *See Tome*, 833 F.2d at 1093. In fact, the Costamare Defendants' counsel made clear that it expected its clients to be served, albeit through international processes. Wright Decl., ¶ 2, Ex. 1; *Latinamerican Theatrical Grp., LLC v. Swen Intern. Holding*, No CV 13-1270 CAS (RNBx), 2013 WL 3357650, at * 1 (C.D. Cal. July 2, 2013) (granting alternative service of process on defendant's Unites States-based counsel where counsel was "in constant contact with [defendant] and is familiar with th[e] case").

The email address and facsimile number identified above will reasonably re-apprise Costamare of this Action. Each alternative method of service can be found on Costamare's parent company's website. Wright Decl., ¶ 13, Ex. 6. Further, service of process on Costamare's registered agent in Panama provides the same reasonable basis to conclude that Costamare will be re-apprised of this Action.

The Moving Parties' proposed alternative methods of service of process on Costamare are in effect mere formalities to provide legal notice at this time. Costamare is aware of this Action, yet it has chosen to force the Moving Parties to seek this Court's intervention.

**3.    Service by Mail and on Capetanissa's United States-Based Counsel Is Appropriate and Permissible**

    **a.    No International Agreement Applies to Service of Process on Capetanissa**

Moving Parties are unaware of any international agreements between the United States and Liberia, Capetanissa's country of incorporation, that relate to the issue of service of process. Lukken Decl., ¶ 9. As a result, the moving parties "need show only that the Court's intervention is necessary and that the proposed methods of service comply with due process." *De Leon v. Abudawood*, No. 8:18-cv-01030, 2018 WL 6321632, at * 3 (C.D. Cal. Oct. 23, 2018); *see also Tatung Co., Ltd. v. Shu Tze Hsu*, No. SACV 13-1743-DOC (ANx), 2014 WL 12638086, at * 1 (C.D. Cal. Sept. 2, 2014).

    **b.    The Particularities of this Case Support Moving Parties' Requested Methods of Alternative Service**

Most of the same points raised with Costamare, *supra*, also apply to Capetanissa, except that service of process by means of Letters Rogatory in Liberia can take *more than* a year—well past the fact-discovery period. Lukken Decl., ¶ 11; *see Baydal v. Bosch Packaging Technology, Inc.*, No. 2:11-cv-00349-MCE-AC, 2014 WL 1922621, at * 3 (E.D. Cal. May 14, 2014) (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 537-38 (N.D. Cal. 2010)) ("District courts have authorized service of process under Rule 4(f)(3) in cases where plaintiffs have shown that service by letters rogatory is 'time-consuming, expensive, and burdensome'.") In addition to the delay that formal service of process would require, Capetanissa, as with Costamare, is essentially involved in this case already, as it voluntarily entered into an LOU with Amplify on January 18, 2022, concerning its ship, the *Beijing*. *See* Wright Decl., ¶ 7, Ex. 2.

Capetanissa's sole basis for its absence—its belief that this Court does not have personal jurisdiction over it—is unaffected by the method of service. *See*

Wright Decl., ¶ 5, Ex. 1. Thus, the Costamare Defendants, respectfully, are playing procedural games.

### c. Moving Parties' Requested Methods of Alternative Service Will Reasonably Apprise Capetanissa of this Action and Afford It an Opportunity to Present Its Objections

Capetanissa's United States-based counsel has made clear to Plaintiffs that his "clients" are aware of this Action. Wright Decl., ¶ 5, Ex. 1; *see China Sky One Medical, Inc.*, 2013 WL 12314508, at * 4. Capetanissa's vessel, the *Cosco Beijing*, is a Party to this Action. Indeed, Capetanissa has already given consideration to its legal options in this case, as its counsel told Plaintiffs' counsel that Capetanissa will adamantly fight its case on personal jurisdiction grounds.

Regardless, Plaintiffs' proposed methods of service—by mail on Capetanissa's registered agent in Liberia and by email on Capetanissa's United States-Based counsel—will each apprise Capetanissa of this Action. As set forth in detail above, Moving Parties have identified Capetanissa's registered agent's address in Liberia, which is authorized to provide registered agent service for Liberian non-resident corporate entities. For purposes of service by mail, Capetanissa's registered agent's public address in Liberia will accomplish the purpose of due process—*reasonable* notice.

Capetanissa's counsel has further acknowledged Capetanissa's awareness of this Action. And though Capetanissa's counsel has stated that he does not have authority to accept service on behalf of the Costamare Defendants, this information has no bearing on this Court's Rule 4(f)(3) analysis. *See Feyko,* 2013 WL 5142362, at * 2 (rejecting argument that service of process on an attorney is ineffective unless attorney has authority to accept service because "the whole point of a 4(f)(3) motion is to decide whether the Court, not anyone else, should authorize service"). There is no reason to believe that Capetanissa, already aware of this Action, will not be re-apprised of it when service is effected on Capetanissa's U.S.-based

counsel.

### 4. Service by Email and Facsimile on V.Ships in Greece, by Mail on V.Ships in Bermuda, and onV.Ships's United States-Based Counsel Is Appropriate and Permissible

Service on V.Ships Greece Ltd. by mail at its publicly available registered address in Bermuda is appropriate for all the same reasons as discussed above for Costamare and Capetanissa.  V.Ships Greece Ltd. is incorporated in Bermuda, *see* Wright Decl., ¶ 23, which is a party to the Hague Service Convention.  Service by mail is not prohibited by the Hague Convention, and—unlike Greece—the United Kingdom (which is the relevant Contracting State so far as Bermuda is concerned, Bermuda being a British Overseas Territory) has not derogated from or "objected to" the application of Article 10(a) (providing for "the freedom to send judicial documents, by postal channels, directly to persons abroad") to the United Kingdom or to the British Overseas Territories.  This method of service is therefore consistent with Rule 4(f)(3).  Service by mail is also necessary for all the reasons already discussed above—service through the Hague Convention may mean that V.Ships Greece Ltd. is not joined to the case until discovery against other defendants is at the very least well underway, if not completed.

For the same reasons as discussed above, *supra*, service on V.Ships by facsimile and email at its headquarters in Greece is also appropriate. Wright Decl. ¶ 23.

For the same reasons as discussed above, supra, service on V.Ships Greece Ltd.'s United States-based counsel, Al Peacock, is also appropriate.  Giffin Decl. ¶ 2-6. Costamare Defendants' Counsel has made clear that he is in communication with V.Ships Greece Ltd. about the lawsuit, and counsel has already been physically served with the relevant pleadings in this case.  *Id*.  Any resistance V.Ships Greece Ltd. mounts to service through counsel is manufactured, and not based on realistic concerns about lack of notice.

## IV    CONCLUSION

For the foregoing reasons, the Moving Parties respectfully request that this Court authorize service of the operative complaints in this action in the manner requested, pursuant to Rule 4(f)(3).

Dated:    March 21, 2022          Respectfully submitted,

                                  */s/ Lexi J. Hazam[3]*
                                  Lexi J. Hazam

                                  */s/ Wylie A. Aitken[3]*
                                  Wylie A. Aitken

                                  */s/ Stephen G. Larson[3]*
                                  Stephen G. Larson

                                  *Interim Co-Lead Counsel for Plaintiffs and the Proposed Classes*

                                  */s/ Christopher W. Keegan[3]*
                                  Christopher W. Keegan

                                  */s/ Daniel T. Donovan[3]*
                                  Daniel T. Donovan

                                  */s/ Anna Rotman[3]*
                                  Anna Rotman

                                  *Counsel for Defendants and Third-Party Plaintiffs Amplify Energy Corp., Beta Operating Company, LLC, and San Pedro Bay Pipeline Company*

Mot. for Order Authorizing Service, Pursuant to Rule 4(F)(3)
                                  Case No.: 8:21-CV-1628-DOC(JDEX)