1  Wylie A. Aitken, Sate Bar No. 37770
   wylie@aitkenlaw.com
2  **AITKEN♦AITKEN♦COHN**
   3 MacArthur Place, Suite 800
3  Santa Ana, CA 92808
   Telephone: (714) 434-1424
4  Facsimile: (714) 434-3600

5  Lexi J. Hazam, State Bar No. 224457
   lhazam@lchb.com
6  **LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP**
7  275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
8  Telephone: (415) 956-1000
   Facsimile: (415) 956-100

9

10 Stephen G. Larson, State Bar No. 145225
   slarson@larsonllp.com
11 **LARSON, LLP**
   600 Anton Blvd., Suite 1270
12 Costa Mesa, CA 92626
   Telephone: (949) 516-7250
13 Facsimile: (949) 516-7251

14 *Interim Co-Lead Counsel for Plaintiffs and the Proposed Classes*

Christopher W. Keegan (SBN 232045)
chris.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California St., Suite 2900
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Daniel T. Donovan (Admitted *pro hac vice*)
ddonovan@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

Anna Rotman (Admitted *pro hac vice*)
anna.rotman@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601

*Counsel for Defendants and Third-Party Plaintiffs Amplify Energy Corp., Beta Operating Company, LLC, and San Pedro Bay Pipeline Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY ENERGY CORP., *et al.*,<br><br>Defendants. | Case No. 8:21-CV-01628-DOC(JDEx)<br><br>**JOINT REPLY IN SUPPORT OF JOINT MOTION FOR ORDER AUTHORIZING SERVICE OF DEFENDANTS COSTAMARE SHIPPING CO. S.A., CAPETANISSA MARITIME CORP. OF LIBERIA, AND V.SHIPS GREECE LTD., PURSUANT TO RULE 4(F)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Hearing Date: April 13, 2022<br>Time: 10:00 a.m.<br>Courtroom: 10A |

TABLE OF CONTENTS

*Page*

I   INTRODUCTION ................................................................................... 1

II   ARGUMENT .......................................................................................... 3

    A.   Greece's Objection to Article 10 of the Hague Service Convention Prohibits Only Service by Postal Methods in Greece, Not Service by Other Means Such as Email and Facsimile, and Does Not Control Service on the Costamare Defendants' registered Agents Outside of Greece's Borders ................................................................................... 3

    B.   Prior Attempts to Effect Service of Process Are Not a Condition Precedent to the Authorization of Service by Alternative Means under Rule 4(f)(3) Where, as Here, Delays Would Place the Commencement of Any Action Against the Costamare Defendants At or After the Anticipated Discovery Cut-Off Date in this Action ............................... 6

    C.   The Moving Parties Do Not Contend that Service of the Operative Pleadings on the Costamare Defendants' Attorney, Alfred Peacock, Is Effective Absent the Court's Authorization under Rule 4(f)(3) ............ 8

    D.   Because the Manner of Service Being Sought under Rule 4(f)(3) Does Not Violate International Treaties, the Ultimate Enforceability of a Judgment Against the Costamare Defendants Is Not in Question ......... 9

III   CONCLUSION ..................................................................................... 10

- i -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

# TABLE OF AUTHORITIES

*Page(s)*

Cases

*Dae Sun Hi Tech Co., Ltd. v. Gthunder*,
   No. 18-7884 PSG (MAAx), 2019 WL 12349443 (C.D. Cal. Apr. 17, 2019)...3

*Exch. Comm'n v. China Sky One Med., Inc.*,
   No. 12-CV-07543 MWF, 2013 WL 12314508
   (C.D. Cal. Aug. 20, 2013) .......................................................................4, 8

*Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*,
   480 F.Supp.3d 977 (N.D. Cal. 2020) .........................................................3

FKA *Distrib. Co. v. Yisi Tech. Co.*,
   No. 17-CV-10226, 2017 WL 4129538 (E.D. Mich. Sept. 19, 2017) ..........4

*Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*,
   No. 18-CV-00297 BAS, 2019 WL 246562 (S.D. Cal. Jan. 17, 2019) ........3

*In re Brf S.A. Sec. Litig.*,
   No. 18-cv-2213 (PKC), 2019 WL 257971 (S.D.N.Y. Jan. 18, 2019) .........6

*Karsten Mfg. Corp. v. Store*,
   No. 18-CV-61624, 2018 WL 8060707 (S.D. Fla. July 26, 2018) ...............3

*Keck v. Alibaba.com, Inc.*,
   No. 17-CV-05672-BLF, 2017 WL 10820533 (N.D. Cal. Dec. 20, 2017) ...4

*Kriemerman v. Casa Veerkamp, S.A. de C.V.*,
   22 F.3d 634 (5th Cir. 1990) ........................................................................5

*Lewis v. Sandor*,
   Case No. CV 18-8615 PSG (JEMx) 2019 WL 6655387
   (C.D.Cal. Feb. 15, 2019) .......................................................................5, 6

*Liberty Media Holdings, LLC v. Vinigay.com*,
   No. CV-11-0280-PHX-LOA, 2011 WL 810250 (D. Ariz. Mar. 3, 2011) ...6

*Lyman Morse Boatbuilding Co., Inc. v. Lee*,
   No. 2:10-cv-337-DBH, 2011 WL 52509 (D. Me. Jan. 6, 2011) .................7

*MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*,
   No. 08-CV-2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) ...................4

*Rio Props., Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007, 1015-16 (9th Cir. 2002) ............................................6, 8, 9

*S.E.C. v. Tome*,
   833 F.2d 1086 (2d Cir. 1987) .....................................................................8

*SA Luxury Expeditions, LLC v. Latin Am. for Less, LCC*,
   No. C, 14-04085 WHA, 2015 WL 4941792 (N.D. Cal. Aug. 19, 2015) ....5

- ii -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

## TABLE OF AUTHORITIES (cont.)

*Page(s)*

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
 312 F.R.D. 329 (S.D.N.Y. 2015) .................................................................... 4

*Toyo Tire & Rubber Co. v. CIA Wheel Grp.*,
 No. 8:15-0246-DOC (DFMX), 2016 WL 1251008 (C.D. Cal. Mar. 25, 2016)
 ........................................................................................................................ 4

*WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*,
 No. 5:18-CV-04543-EJD, 2019 WL 8810350 (N.D. Cal. Jan. 10, 2019) ....... 3

*Williams-Sonoma Inc. v. Friendfinder, Inc.*,
 No. C 06-06572, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) ..................... 4

**Rules**

Fed. R. Civ. P. 4 .................................................................................... *passim*

**Other Authorities**

Hague Convention on the Service Abroad of Judicial and Extra-Judicial
 Documents in Civil or Commercial Matters, Nov. 15, 1965,
 20 U.S.T. 361, 658 U.N.T.S. 163 ........................................................ *passim*

- iii -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

# I  INTRODUCTION

Defendants Costamare Shipping Co. S.A. ("Costamare"), V.Ships Greece Ltd. ("V.Ships"), and Capetanissa Maritime Corp. of Liberia ("Capetanissa") (collectively, the "Costamare Defendants") are the operators and owner, respectively, of the *M/V Beijing*. They have specially appeared through their counsel, Alfred Peacock, to oppose the Parties' Joint Motion for an order authorizing service on these entities by the means described in the Motion, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. But the Costamare Defendants' appearance here serves only to confirm the arguments supporting the motion. These entities are well aware of these proceedings, and their goal in demanding service by inconvenient and untimely means is to unduly delay—or avoid altogether—answering for the alleged role the *M/V Beijing* played in the events leading to the pipeline rupture alleged in the complaint.

The Costamare Defendants' opposition also reveals several fundamental misunderstandings of the law regarding service under Rule 4(f)(3). First, the Ninth Circuit has rejected the Costamare Defendants' primary contention that traditional service under Rules 4(f)(1) and 4(h)(2) must be attempted before the Court can authorize alternative means of service. Second, they are wrong that Greece's objection to Article 10 of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Service Convention") prohibits service by means other than postal delivery. This Court and other courts in this district have squarely considered and rejected this exact argument. Third, the opposition misconstrues the Joint Motion's contention regarding the issue of service on the Costamare Defendants' U.S.-based counsel. The Joint Motion does not contend that past service of the operative pleadings on the Costamare Defendants' U.S. counsel satisfies traditional service under Rule 4(f)(1) and 4(h)(2). Rather, the Parties seek the Court's authorization to effect service under Rule 4(f)(3) by, in addition to the

1

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

other methods requested, formally serving the Costamare Defendants' U.S. counsel—a method of service endorsed by other courts in this Circuit. And, fourth, while little doubt exists that the Costamare Defendants will attempt to prevent any judgment from being enforced in a foreign jurisdiction, they fail to cite any legal precedent suggesting that the Court should consider this factor when determining whether alternative service should be authorized under Rule 4(f)(3). Indeed, all of the equities flow the opposite way. The likelihood that international defendants will attempt to use their foreign status to avoid liability is precisely why Rule 4(f)(3) permits service by means similar to those proposed in the Joint Motion.

Finally, and significantly, the Costamare Defendants' opposition lacks any challenge to the Joint Motion's factual assertions, including: (1) the countries in which each of the Costamare Defendants is incorporated or maintains its principal place of business, (2) the registered agent's identity for each Defendant in its country of incorporation, or (3) the representation of these entities by U.S.-based counsel, Alfred Peacock. So there is no question that service made in the manner proposed in the Joint Motion will successfully fulfill its purpose of giving notice to the Costamare Defendants.

Because the means of alternative service the Parties have requested in the Joint Motion comply with due process concerns, are expressly authorized by the law of this Circuit, and the Movants' alleged factual basis for the need for such service remains uncontradicted, the Court should grant the Motion authorizing service of process on the Costamare Defendants by each of the requested methods. To do otherwise will impede the efficient and just resolution of this case.

- 2 -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

## II    ARGUMENT

**A.  Greece's Objection to Article 10 of the Hague Service Convention Prohibits Only Service by Postal Methods in Greece, Not Service by Other Means Such as Email and Facsimile, and Does Not Control Service on the Costamare Defendants' registered Agents Outside of Greece's Borders**

The Costamare Defendants' contention that the Hague Service Convention prohibits service by email and facsimile fails for several reasons. To begin with, the primary case cited for this proposition, *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, 480 F.Supp.3d 977 (N.D. Cal. 2020), represents the minority view as to whether the Hague Service Convention allows service by email and/or facsimile. *Id.* at 984. The majority view held by the vast majority of courts both inside and outside of the Ninth Circuit, including this Court and the other Central District courts that have considered this issue, is that email service is allowable under Rule 4(f)(3) even when the party being served is located in a country that participates in the Hague Service Convention. And this is true even where that country has objected to Article 10 of the Hague Service Convention providing for service by postal methods.[1]

---

[1] *See Dae Sun Hi Tech Co., Ltd. v. Gthunder*, No. CV 18-7884 PSG (MAAx), 2019 WL 12349443, at *3 (C.D. Cal. Apr. 17, 2019) (allowing service by email the defendant responded twice to the plaintiffs' email messages); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297 BAS, 2019 WL 246562, at *1–3 (S.D. Cal. Jan. 17, 2019) (holding that China's objection to Article 10 does not prohibit the email service the Court ordered where "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies . . . even in cases involving countries that . . . have objected to the alternative forms of service permitted under Article 10 of the Hague Convention"); *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2–3 (N.D. Cal. Jan. 10, 2019) (finding that China's objection to Article 10 regarding postal service does not mean that email service is "prohibited by international agreement based on a majority of decisions that have addressed this issue); *Karsten Mfg. Corp. v. Store*, No. 18-CV-61624, 2018 WL 8060707, at *1 (S.D. Fla. July 26,

- 3 -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

1           But even if the minority view were correct, service by email and facsimile

2   would only be prohibited on Defendants Costamare and V.Ships by way of their

3   corporate headquarters in Greece. Costamare is incorporated in the Republic of

4   Panama, a country which has not signed the Hague Service Convention. Therefore,

5   service on Costamare in its country of incorporation is not governed by the Hague

6   Service Convention. And though Panama is a signatory to the Additional Protocol

---

2018) (holding the Hague Convention does not specifically preclude e-mail and publication service and that where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or publication); *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2017 WL 10820533, at *2–3 (N.D. Cal. Dec. 20, 2017) (holding that although Article 10(a) references "postal channels," it does not mention service by email, online messaging system, or other electronic means amd, therefore, China's objection to service by "postal channels" does not prohibit service by "electronic means"); *FKA Distrib. Co. v. Yisi Tech. Co.*, No. 17-CV-10226, 2017 WL 4129538, at *1 (E.D. Mich. Sept. 19, 2017) (allowing service by email when the party to be served does business on the internet and through email, and when the movant demonstrates that the email address in question is valid and there was significant delay in serving through the Hague Convention); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 8:15-0246-DOC (DFMX), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) (finding that the Hague Service Convention does not expressly prohibit email service); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331–32 (S.D.N.Y. 2015) (finding more persuasive the reasoning of several courts that have declined to extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means, including email); *Sec. & Exch. Comm'n v. China Sky One Med., Inc.*, No. 12-CV-07543 MWF, 2013 WL 12314508, at *2–3 (C.D. Cal. Aug. 20, 2013) (following numerous courts that have held that service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10 in finding that e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague Convention; *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08-CV-2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (holding the Hague Convention does not prohibit service by e-mail or facsimile); *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 WL 1140639, at * 1 (N.D. Cal. Apr. 17, 2007) (concluding that  service via email is not prohibited the Hague Convention).

- 4 -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

to the Inter-American Convention on Letters Rogatory, Jan. 30, 1975 ("IAC"), the "IAC does *not* supersede the Federal Rules of Civil Procedure methods for service of process in signatory countries," *Lewis*, 2019 WL 6655387, at *2 (italics in original) (citing *Kriemerman v. Casa Veerkamp, S.A. de C. V.*, 22 F.3d 634, 640 (5th Cir. 1990)), and "the convention and additional protocols do not preclude service by other means." *SA Luxury Expeditions, LLC v. Latin Am. for Less, LCC*, No. C 14-04085 WHA, 2015 WL 4941792, at * 1 (N.D. Cal. Aug. 19, 2015). So Costamare's argument fails whether this Court adopts the minority view represented in *Facebook* or not.

      For its part, V.Ships does not challenge this Court's authority to authorize service by postal methods on its registered agent in Bermuda, where V.Ships is incorporated. This failure alone is dispositive, but Bermuda is also a British Overseas Territory governed in foreign affairs by the law of the United Kingdom. The United Kingdom has not derogated from or "objected to" the application of Article 10(a) (providing for "the freedom to send judicial documents, by postal channels, directly to persons abroad") to the United Kingdom or to the British Overseas Territories, so the proposed method of service to V.Ships is also consistent with Rule 4(f)(3).

      Finally, Defendant Capetanissa does not contend, nor can it, that service by mail on its registered agent in Liberia—its country of incorporation—is prohibited by the Hague Convention because Liberia is not a signatory to the Hague Service Convention or any other international treaty for service of process. Nor does it argue that the proposed method of service is anything but reasonably targeted to give it notice of this action. In the absence of any legal or factual rebuttal to the proposed method of service, the Court should grant the Motion as to Capetanissa as well.

- 5 -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

## B. Prior Attempts to Effect Service of Process Are Not a Condition Precedent to the Authorization of Service by Alternative Means under Rule 4(f)(3) Where, as Here, Delays Would Place the Commencement of Any Action Against the Costamare Defendants At or After the Anticipated Discovery Cut-Off Date in this Action

The Costamare Defendants acknowledge, as they must, that the moving Parties[2] "are not required to exhaust efforts to perfect service under Rule 4(f)(1) or (2) before seeking alternative means of service under Rule 4(f)(3). *See* Opp'n, Dkt. No. 157, at 6:3-4. Nevertheless, they argue that because the moving Parties have not alleged attempts to serve the Costamare Defendants under the Hague Service Convention, IAC, or through Letters Rogatory, they cannot demonstrate that the facts and the circumstances of the case necessitate the Court's intervention.

But this argument does not accord with the rule. As described in the Joint Motion, the moving Parties need not exhaust efforts to perfect service under Rule 4(f)(1) or (2) before seeking alternative means of service under Rule 4(f)(3). Court-ordered service under Rule 4(f)(3) is on equal footing with other forms of service; Rule 4(f) does not "create a hierarchy of preferred methods of service of process" and in fact "court-directed service under Rule 4(f) (3) is as favored as service available under Rule 4(f)(1) or 4(f) (2)." *Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-0280-PHX-LOA, 2011 WL 810250, at *3 (D. Ariz. Mar. 3, 2011) (quoting *Rio Props.*, 284 F.3d at 1015-16. As such, a plaintiff requesting an order pursuant to Rule 4(f)(3) need not prove that other methods of service have been impossible, or even unduly burdensome. *Lewis*, 2019 WL 6655387 at *1 (citing *In re Brf S.A. Sec. Litig.*, No. 18-cv-2213 (PKC), 2019 WL 257971, *3–8 (S.D.N.Y. Jan. 18, 2019) (granting alternative service when a witness affidavit stated that service in Brazil would take twelve to eighteen months or longer);

---

[2] The Motion was filed jointly by all Plaintiffs together with Defendants and Third Party Plaintiffs Amplify Energy, Inc., Beta Operating Company, LLC, and San Pedro Bay Pipeline Company *(hereinafter the "moving Parties").

- 6 -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

*Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-0280-PHX-LOA, 2011 WL 810250, at *3 (D. Ariz. Mar. 3, 2011) (allowing the plaintiff to serve Brazilian defendants via email where "personal service in Brazil is "problematic" and can take over three years to complete"); *Lyman Morse Boatbuilding Co., Inc. v. Lee*, No. 2:10-cv-337-DBH, 2011 WL 52509, at *3 (D. Me. Jan. 6, 2011) (ordering service via the Brazilian defendant's U.S. attorneys, because "any attempt at formal service through the Brazilian judicial system will be, if not fruitless, prolonged for such an extensive period of time that evidence and testimony may well be affected").

Plaintiffs have presented evidence that service on the Costamare Defendants—whether through the Hague Service Convention, the IAC, or Letters Rogatory—will, in a best case scenario, result in Defendants Costamare and V.Ships joining this Action at the anticipated close of fact discovery, now scheduled for September 16, 2022, and could delay litigation involving the Costamare Defendants past the anticipated close of expert discovery, now scheduled for December 16, 2022. *See* Decl. of Aaron Lukken, March 21, 2022 ("Lukken Decl."), ¶¶ 8, 11, and 14. An expeditious method of service is necessary to resolve this case expeditiously. No greater showing of the impossibility or futility of service by traditional means under Rule 4(f)(1) and (2) is required before the Court can authorize service under Rule 4(f)(3).

Nor do the Costamare Defendants challenge the premise that service under Rule 4(f)(1) and (2) through Hague Service Convention, the IAC, or Letters Rogatory will take the six months or longer asserted in the Joint Motion. And they offer no challenge to their own concession, made through their counsel, Albert E. Peacock, when they entered into a Letter of Undertaking ("LOU") with Amplify, that the *Cosco Beijing* is "[o]ur [v]essel". *See* Decl. of David C. Wright, March 21, 2022 ("Wright Decl."), ¶ 7, Ex. 2 (Letter of Undertaking). In consideration for Amplify "agreeing not to seize, arrest, re-arrest, attach or otherwise detain" the

- 7 -

Joint Reply Brief in Support of Joint Mot. for Order Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

1  *Cosco Beijing*, an undertaking in the amount of $68 million was agreed to that
2  expressly contemplates "the rights or defenses which the Vessel or its Owner or
3  Managers may have . . . ." *Id.*
4      This Court has discretion to craft alternative means of service under Rule
5  4(f)(3) in any way that is "reasonably calculated under all the circumstances, to
6  apprise interested parties of the pendency of the action and afford them an
7  opportunity to present their objections." *Rio*, 284 F.3d at 1016-17 (internal
8  quotations omitted). But where, as here, the interested Parties "already have actual
9  knowledge of an action," the "reasonably calculated analysis need not be relied on
10 exclusively . . . ." *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987); *Securities
11 and Exchange Comm. v. China Sky One Medical, Inc.*, No. CV 12-07543-MWF
12 (MANx), 2013 WL 12314508, at * 4 (C.D. Cal. Aug. 20, 2013). For all intents and
13 purposes, the Costamare Defendants are already here. There is no reason to hold
14 this litigation up when the Court can craft a fair method of service consistent with
15 international law and all rights of due process.

16 **C.   The Moving Parties Do Not Contend that Service of the Operative**
17 **Pleadings on the Costamare Defendants' Attorney, Alfred Peacock, Is**
18 **Effective Absent the Court's Authorization under Rule 4(f)(3)**

19     Lacking any other basis for their claims, the Costamare Defendants assert the
20 straw-man argument that the moving Parties previously have attempted traditional
21 service on the Costamare Defendants by serving their attorney, Alfred Peacock.
22 While Plaintiffs' counsel has attempted to contact Mr. Peacock numerous times to
23 discuss the Costamare Defendants' willingness to accept service, the moving
24 Parties do not contend that they effected service by sending pleadings to Mr.
25 Peacock.
26     As detailed in the Joint Motion, counsel for Plaintiffs sought to discuss
27 "service of process" or "waiver of service" with Mr. Peacock, ultimately resulting
28 in a telephone conversation in which Mr. Peacock explained that his clients were

unwilling to waive service of process, and instead amenable only to service through other means including the Hague Convention and Liberian law. Wright Decl., ¶ 5, Ex. 1. The Joint Motion is clear that moving Parties are seeking authorization to serve the Costamare Defendants through there U.S. counsel; not claiming that service has already been effected.

### D. Because the Manner of Service Being Sought under Rule 4(f)(3) Does Not Violate International Treaties, the Ultimate Enforceability of a Judgment Against the Costamare Defendants Is Not in Question

Lastly, the Costamare Defendants argue that if the Court grants this Motion, any judgment might ultimately prove to be unenforceable in Greece, Panama, or Liberia. Aside from the fact that the Parties propose a reasonable method of service consistent with all applicable international law, what a foreign court or government may do with any judgment this Court may ultimately issue is not a factor in the Court's discretion to consider whether to authorize an alternative means of service under Rule 4(f)(3). The Court's discretion is limited only by constitutional notions of due process, which are satisfied when a method of service is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to defend themselves. *Rio*, 284 F.3d at 1015-17. All those considerations are met here, so the Court is well within its discretion to order service pursuant to the method jointly proposed by the Parties.

//

//

- 9 -

Joint Reply Brief in Support of Joint Mot. for Order
Authorizing Service, Pursuant to Rule 4(F)(3)
Case No.: 8:21-CV-1628-DOC(JDEX)

## III  CONCLUSION

For the foregoing reasons, the Moving Parties respectfully request that this Court authorize service of the operative complaints in the manner requested in the Joint Motion, pursuant to Federal Rule of Civil Procedure 4(f)(3).

Dated:   March 30, 2022          Respectfully submitted,

/s/ *Lexi J. Hazam*[3]
Lexi J. Hazam

/s/ *Wylie A. Aitken*[3]
Wylie A. Aitken

/s/ *Stephen G. Larson*
Stephen G. Larson

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Classes*

/s/ *Christopher W. Keegan*[3]
Christopher W. Keegan

/s/ *Daniel T. Donovan*[3]
Daniel T. Donovan

/s/ *Anna Rotman*[3]
Anna Rotman

*Counsel for Defendants and Third-Party Plaintiffs Amplify Energy Corp., Beta Operating Company, LLC, and San Pedro Bay Pipeline Company*

---

[3] Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Stephen G. Larson, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and authorized the filing, on March 30, 2022.