ALBERT E. PEACOCK III, CASB No. 134094
apeacock@peacockpiper.com
GLEN R. PIPER, CASB No. 204023
gpiper@peacockpiper.com
DAVID A. TONG, CASB No. 238971
dtong@peacockpiper.com
**PEACOCK PIPER TONG + VOSS, LLP**
100 W. Broadway, Suite 610
Long Beach, CA 90802
Telephone: (562) 320-8880
Facsimile: (562) 735-3950

Attorneys for Specially Appearing Defendant,
CAPETANISSA MARITIME CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, Jr.; CHANDRALEKHA WICKRAMASEKARAN and RAJASEKARAN WICKRAMASEKARAN, as Trustees of THE WICKRAMASEKARAN FAMILY TRUST established March 12, 1993; et al. individually and on behalf of all others similarly situated, <br><br> Amplify, <br> v. <br><br> AMPLIFY ENERGY CORP.; BETA OPERATING COMPANY, LLC; and SAN PEDRO BAY PIPELINE CO., <br><br> Defendants/Third-Party Amplify, <br><br> v. | Case No. 8:21-cv-01628-DOC-JDE <br> *Judge David O. Carter* <br> *Magistrate Judge John D. Early* <br><br> <u>**Action Filed:**</u> *10/04/2021* <br><br> **SPECIALLY APPEARING DEFENDANT, CAPETANISSA MARITIME CORPORATION'S NOTICE OF MOTIONS AND MOTIONS TO QUASH IMPROPER SERVICE OF PROCESS AND TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES** |

- 1 -

**NOTICE OF MOTIONS AND MOTIONS TO QUASH IMPROPER SERVICE OF PROCESS AND TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

MEDITERRANEAN SHIPPING
COMPANY, S.A.; DORDELLAS
FINANCE CORPORATION; MSC
DANIT; ROES 1-100; COSTAMARE
SHIPPING CO., S.A.; CAPETANISSA
MARITIME CORPORATION;
V.SHIPS GREECE LTD.; COSCO
BEIJING; ROES 101-200; and
MARINE EXCHANGE OF LOS
ANGELES-LONG BEACH HARBOR
d/b/a MARINE EXCHANGE OF
SOUTHERN CALIFORNIA,

Defendants/Third-Party
Defendants.

**AND ALL RELATED ACTIONS**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure
12(b)(5), Specially Appearing Defendant Capetanissa Maritime Corporation moves to
quash service of process purportedly made upon it by Defendants Amplify Energy
Corporation, Beta Operating Company, LLC, and San Pedro Bay Pipeline Company
(the "Amplify Defendants") on March 17, 2022, in Dulles, Virginia.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Fed. R. Civ. P.
12(b)(2), Specially Appearing Defendant Capetanissa Maritime Corporation also moves
for an order dismissing the Third-Party Complaint of the Amplify Defendants against it
for lack of personal jurisdiction.[1]

///

---

[1]    If necessary, Defendant Capetanissa will also seek to dismiss the Class-Action
Complaint against it for lack of personal jurisdiction if that action is properly served.

- 2 -

**NOTICE OF MOTIONS AND MOTIONS TO QUASH IMPROPER SERVICE
OF PROCESS AND TO DISMISS COMPLAINT FOR LACK OF PERSONAL
JURISDICTION**

1   The Motions are scheduled to be heard on Monday, May 23, 2022, at 8:30 a.m.

2   in the courtroom of the Honorable David O. Carter, in the United States District Court

3   for the Central District of California, Los Angeles, California.

4   The Motions are based on the pleadings, the attached Memorandum of Points and

5   Authorities, and Declarations of Albert E. Peacock III, Steven S. Snider and John Harry

6   Webster and other matters as may be presented in a reply memorandum and/or at the

7   hearing.

8   The Motions are made following the conference of counsel pursuant to Local

9   Rule 7-3 which took place on April 1, 2022.

10

11   DATED:  April 7, 2022

12   ALBERT E. PEACOCK III
     GLEN R. PIPER

13   DAVID A. TONG

14   **PEACOCK PIPER TONG + VOSS, LLP**
     Attorneys for Specially Appearing Defendant,

15   CAPETANISSA MARITIME CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

**NOTICE OF MOTIONS AND MOTIONS TO QUASH IMPROPER SERVICE OF PROCESS AND TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

PAGE

I.  INTRODUCTION ...................................................................................1

II.  SUMMARY OF RELVANT FACTS.....................................................2

    A.  CAPETANISSA MARITIME CORPORATION. ...........................2

    B.  THE AMPLIFY DEFENDANTS' SERVICE OF THE THIRD-PARTY COMPLAINT ON LISCR LLC....................................4

    C.  THE PARTIES' MEET AND CONFER ATTEMPTS ....................5

III.  LEGAL ARGUMENT............................................................................5

    A.  THE SERVICE OF THE THIRD-PARTY COMPLAINT ON CAPETANISSA THROUGH LISCR LLC WAS IMPROPER AND SHOULD BE QUASHED (FRCP 12(B)(5). ..............................5

    B.  THE COURT LACKS PERSONAL JURISDICTION OVER CAPETANISSA..............................................................................7

        1.  This Court Lacks General Personal Jurisdiction Over Capetanissa...................................................................7

        2.  This Court Lacks Specific Personal Jurisdiction Over Capetanissa...................................................................9

        3.  Capetanissa's Alleged Link to the Amplify Defendants is Not Sufficient to Support Personal Jurisdiction...........13

IV.  CONCLUSION ....................................................................................15

- **i** -

TABLE

# TABLES OF AUTHORITIES

## CASES

**PAGE**

*Asahi Metal Industry Co. v. Superior Court of California*,
  480 U.S. 102 (1987)..................................................................................7

*Asarco, Inc. v. Glenara, Ltd.*,
  912 F.2d 784 (5th Cir. 1990) ...................................................................12

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064, 1071 (9th Cir. 2017) ...........................................9, 10, 11

*Benny v. Pipes*,
  799 F.2d 489, 492 (9th Cir. 1986) …………………………..…………..……….6

*Brockmeyer v. May*,
  383 F.3d 798, 801 (9th Cir. 2004) .............................................................5

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462, 478 (1985)..............................................................7, 9, 14

*Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
  484 U.S. 97, 104 (1987)..............................................................................5

*Caruth v. International Psychoanalytical Ass'n*,
  59 F.3d 126, 128 (9th Cir.1995). ..............................................................7

*Crowley v. Bannister*,
  734 F.3d 967, 975 (9th Cir. 2013) .............................................................6

*Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)......................................7, 8

*Dole Food Co. v. Watts*,
  303 F.3d 1104, 1111 (9th Cir. 2002) ...............................................10, 13

*Francosteel Corp., Unimetal-Normandy v. M/V Charm, Tiki, Mortensen & Lange*,
  19 F.3d 624 (11th Cir. 1994) ...................................................................12

TABLE

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915, 919 (2011)............................................................................9

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408, 416 (1984)............................................................................8

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.,*
    485 F.3d 450, 459 (9th Cir. 2007) ...........................................................11

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,*
    326 U.S. 310, 316 (1945)....................................................7, 8, 13, 14

*Kulko v. Superior Court of Cal., City and County of San Francisco,*
    436 U.S. 84, 93 (1978)..............................................................................14

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
    526 U.S. 344, 350 (1999)...........................................................................5

*Panavision Int'l, L.P. v. Toeppen,*
    141 F.3d 1316, 1320 (9th Cir.1998) ..........................................................7

Pennoyer v. Neff,
    95 U.S. 714, 733, (1877) …………………………………..…………………13

*Picot v. Weston,*
    780 F.3d 1206, 1212 (9th Cir. 2015) ................................................10, 14

*Porina v. Marward Shipping Co.,*
    521 F.3d 122 (2d Cir. 2008)......................................................................12

*Psychoanalytical Ass'n,*
    59 F.3d 126, 128 (9th Cir.1995) .................................................................7

*Rush v. Savchuk,*
    444 U.S. 320, 332 (1980)..........................................................................14

- iii -

TABLE

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797, 802 (9th Cir. 2004) .................................................................. 10, 11

*Shaffer v. Heitner*,
    433 U.S. 186 (1977) ................................................................................................ 14

*Strong v. Countrywide Home Loans, Inc.*,
    700 Fed. App'x 664, 667 (9th Cir. 2017) .............................................................. 5

*Walden v. Fiore*,
    571 U.S. 277, 286 ............................................................................................ 14, 15

*Williams v. Yamaha Motor Co. Ltd.*,
    851 F.3d 1015, 1023 (9th Cir. 2017) ................................................ 9, 10, 11, 12, 13

## <u>CODES</u>

Cal. Civ. Proc. Code Ann. § 410.10 ....................................................................... 7

Liberia Code of Laws Revised, Title 1, Civil Procedure Law, ........................... 6

## <u>RULES</u>

F. R. Civ. P. 4 ........................................................................................................ 6

F. R. Civ. P. 12(b)(5) and 12(b)(2) .............................................. 2, 5, 6, 7, 15

**TABLE**

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Amplify Defendants filed a Proof of Service ("POS") with the Court [Dkt. No. 155] claiming that they personally served Capetanissa Maritime's Chief Financial Officer, Christine Dohoroty on March 17, 2022, at 9:43 a.m. at 22980 Indian Creek Drive, Suite 200 in Dulles, Virginia.  The Amplify Defendants' POS is false and misleading because:

1.    Ms. Dohoroty's real name is Christine Doherty;

2.    Ms. Doherty is not the CFO of Capetanissa;

3.    Ms. Doherty is not an officer, director, managing agent or even an employee of Capetanissa;

4.    Capetanissa does not have an office at that address, in Dulles, Virginia or in the United States;

5.    Ms. Doherty is the CFO for the Liberian International Ship and Corporate Registry, LLC ("LISCR, LLC");

6.    LISCR, LLC is not an authorized or registered agent for service of process for Capetanissa;

7.    LISCR, LLC's attorney, Steven Snider spoke with the Amplify Defendants' counsel and informed them by phone and in writing that LISCR, LLC was not an authorized or registered agent for service of process on Capetanissa BEFORE they filed their POS with the Court (*See* Declaration of Steven S. Snider ("Snider Decl."), attached);

8.    LISCR, LLC's attorney, Steven Snider told the Amplify Defendants' counsel who the authorized agent for service of process was BEFORE they filed their POS with the Court (Id.); and,

9.    Capetanissa's specially appearing counsel met and conferred with the Amplify Defendants' counsel prior to filing this motion, and they refused to withdraw

- 1 -

1   their POS (Declaration of Albert E. Peacock III ("Peacock Decl."), attached).

2   The Amplify Defendants bear the burden of proving that service of process on

3   Capetanissa as described in their POS was proper.  For each of the above reasons,

4   service was not proper or effective, and the Amplify Defendants' purported service on

5   Capetanissa through LISCR, LLC should be quashed under FRCP 12(b)(5).

6   In addition, even if the Court were to find that service of process was proper, this

7   Court lacks both specific and general personal jurisdiction over Capetanissa.

8       1.   Capetanissa is a Liberian company;

9       2.   Capetanissa is not organized, incorporated or registered in California or

10  any other State in the United States;

11      3.   Capetanissa has no headquarters or offices in California or any other State

12  in the United States;

13      4.   Capetanissa has no officers, directors, managing agents or employees in

14  California or any other State in the United States;

15      5.   Capetanissa did not and does not direct any activity toward California or

16  purposely avail itself of the benefits of California law;

17      6.   Capetanissa did not order or direct its ship, the M/V BEIJING, to call in

18  California in January 2021.  Instead, the ship's time charterer determined the ship's

19  itinerary and directed her to California in January 2021.

20  For these reasons, under applicable Federal law, this Court lacks personal

21  jurisdiction over Capetanissa, and Capetanissa should be dismissed from the Amplify

22  Defendants' Third-Party Complaint with prejudice pursuant to FRCP 12(b)(2).

23

24              II.   **SUMMARY OF RELEVANT FACTS**

25  A.   **CAPETANISSA MARITIME CORPORATION.**

26  It their Third-Party Complaint, the Amplify Defendants allege that Capetanissa is

27  a Liberian corporation and the owner of the M/V BEIJING, both of which are true. [Dkt

28  No. 123, p. 7, ¶ 8].  To establish that the Court has personal jurisdiction over

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

Capetanissa, the Amplify Defendants allege that:  1. "Upon information and belief, the [M/V] BEIJING regularly sails in and out of California's ports…; and 2. "Capetanissa…knew or should have known that the [M/V] BEIJING regularly entered one or more ports within this district." [Dkt No. 123, p. 10, ¶¶ 32 & 33].  Neither of these allegations are true.

Capetanissa is a Liberian corporation whose principal office is in Liberia. (Declaration of John Harry Webster ("Webster Decl.") ¶7.  As owner of the BEIJING, Capetanissa's role is to charter the ship to third-party entities known as "charterers". (Webster Decl., ¶¶15-16).  Although Capetanissa is the owner of the BEIJING, it does not book the cargo carried on the ship or negotiate freight, nor does it have any authority to direct the BEIJING's commercial schedule or its ports of call.  (Webster Decl., ¶¶9, 20-21, 25).  The ship's commercial schedule is directed solely by its charterer, as dictated by the written and signed Charter Party agreement between Capetanissa and the charterer.  (Webster Decl., ¶¶9, 21, 25).  The Charter Party permits the charterers to engage the vessel in worldwide trade in all "safe ports and places." (Webster Decl., ¶¶22-23).

Capetanissa is not registered to do business in any U.S. State, including California. (Webster Decl., ¶8).  Capetanissa does not have an agent for service of process in any U.S. State, including California.  (Webster Decl., ¶13).  The agent for service of process is located in Liberia.  (Webster Decl., ¶13; Snider Decl., ¶¶4,6,12). Capetanissa does not maintain any office in California.  (Webster Decl., ¶7).  Its principal place of business is in Liberia.  (Webster Decl., ¶7).  It does not own or maintain any bank accounts in the United States.  (Webster Decl., ¶12).  Capetanissa does not have any employees or agents in the United States.  (Webster Decl., ¶11).  It does not otherwise advertise for business in the United States or conduct contract negotiations here.  (Webster Decl., ¶19).

The BEIJING did not and does not regularly call on California ports.  Only 1.16% of the BEIJING's lifetime port calls have been to the Ports of Los Angeles and

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    Long Beach.  (Webster Decl., ¶26(a)).

2    **B.    THE AMPLIFY DEFENDANTS' SERVICE OF THE THIRD-**

3    **PARTY COMPLAINT ON LISCR LLC.**

4    On March 25, 2022, the Amplify Defendants purportedly filed their Proof of

5    Service ("POS") on Capetanissa.  [Dkt. No. 155].  The POS, signed under penalty of

6    perjury, claims that service was perfected on Capetanissa by personal service on

7    Christine Dohoroty, its Chief Financial Officer at 22980 Indian Creek Dr. Ste 200,

8    Dulles, VA 20166-6736.  [Id.]  The POS claims that service was perfected on March

9    17, 2022 at 9:43 a.m.  [Id.]

10   Capetanissa does not have an office at the Dulles, Virginia address on the POS.

11   (Webster Decl., ¶7; Snider Decl., ¶13).  Ms. Dohoroty (Doherty) is not the Chief

12   Financial Officer for Capetanissa.  (Webster Decl., ¶14; Snider Decl., ¶13(b)).  Ms.

13   Dohoroty is not an officer, director, managing agent or employee of Capetanissa.

14   (Webster Decl., ¶14; Snider Decl., ¶¶10, 13(b)).  Ms. Dohoroty is not an authorized or

15   registered agent for service of process for Capetanissa. (Webster Decl., ¶13).

16   22980 Indian Creek Dr. Ste 200, Dulles, VA 20166-6736 is the address for the

17   Liberian International Ship and Corporate Register, LLC ("LISCR, LLC").  (Snider

18   Decl., ¶13(e)).  There is no Christine Dohoroty at LISCR, LLC.  However, there is a

19   Christine Doherty who is LISCR, LLC's Chief Financial and Administrative Officer.

20   (Snider Decl., ¶¶10, 13(b)).  LISCR, LLC is not an authorized or registered agent for

21   service of process on Capetanissa. (Snider Decl., ¶3; Webster Decl. ¶13).

22   On March 22, 2022, attorney Steven Snider representing LISCR, LLC spoke

23   with the Amplify Defendants' counsel by phone after service of process was attempted

24   on Ms. Doherty.  (Snider Decl., ¶11).  Attorney Snider explained that service on

25   LISCR, LLC was not proper service on a Liberian non-resident corporation.  (Snider

26   Decl., ¶11).  On March 24, 2022, LISCR LLC's counsel sent a follow-up email to

27   reiterate the information discussed in the March 22nd phone call.  (Snider Decl., ¶12

28   and Exhibit "A" attached thereto).  Specifically, under Liberian law, legal notices must

- 4 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

be served by an Officer of the Court in Liberia and received by the corporation's Registered Agent, the LISCR Trust Company, at its address in Monrovia, Liberia. (Snider Decl., ¶¶8, 11, 12 and Exhibit "A" attached thereto). That address is, the LISCR Trust Company, 80 Broad Street, Monrovia, Liberia. (Snider Decl., ¶¶4, 11-12). Despite the phone call and confirming e-mail from LISCR LLC's counsel, the Amplify Defendants filed their erroneous POS on March 25, 2022. [DKT No. 155].

### C. **THE PARTIES' MEET AND CONFER ATTEMPTS**

On April 1, 2022, specially appearing counsel for Capetanissa and counsel for the Amplify Defendants met and conferred by conference call to discuss the POS, Capetanissa's Motion to Quash and its Motion to Dismiss for lack of personal jurisdiction. The Parties were not able to agree on either subject requiring these motions. (Peacock Declaration).

## III.  **LEGAL ARGUMENT**

### A. **THE SERVICE OF THE THIRD-PARTY COMPLAINT ON CAPETANISSA THROUGH LISCR LLC WAS IMPROPER AND SHOULD BE QUASHED (FRCP 12(B)(5)).**

Rule 12(b)(5) authorizes this Court to quash service of process if it is insufficient. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process ... a court ordinarily may not exercise power over a party the complaint names as defendant"). "Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). That requirement has not been met here, and service should be quashed.

On a Rule 12(b)(5) motion, the plaintiff bears the burden of establishing the validity of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)

**MEMORANDUM OF POINTS AND AUTHORITIES**

(reversing the district court's denial of motion to set aside judgment for inadequate service of process).  Although F. R. Civ. P. 4 "is a flexible rule that should be liberally construed," neither "actual notice [of an action] nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with F. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

The Amplify Defendants' Proof of Service includes several errors and misrepresentations regarding who was served and in what capacity.  For example, Ms. Dohoroty is not Capetanissa's Chief Financial Officer and is not employed by it.  In short, there was no substantial compliance with the Rule as noted above.  (Webster Decl., ¶14; Snider Decl., ¶13).

In addition, the Amplify Defendants were informed by LISCR, LLC's counsel how and to whom proper service should be made.  To appropriately institute legal proceedings against a Liberian corporation in accordance with the Liberia Code of Laws Revised, Title 1, Civil Procedure Law, legal notices must be served using a ministerial officer of the court in Liberia (and not simply couriered to the LISCR Trust Company).  The effective date of service is when the papers are correctly served by an Officer of the Court in Liberia and received by the corporation's exclusive Registered Agent, the LISCR Trust Company in Monrovia, Liberia.  The LISCR Trust Company as the exclusive Registered Agent will then forward the papers to the non-resident Liberian corporation at its Address of Record.  (*See also*, Snider Decl., ¶¶3-4, 6-7, 11-12 and Exhibit "A" attached thereto).  The Amplify Defendants have not shown that they have made any reasonable or good faith attempt at serving Capetanissa in this way.

For the foregoing reasons, the Amplify Defendants' alleged service of process on Capetanissa was improper and its Proof of Service should be quashed under FRCP Rule 12(b)(5).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**B.** <u>**THE COURT LACKS PERSONAL JURISDICTION OVER CAPETANISSA.**</u>

The Amplify Defendants fail to make a *prima facie* showing of personal jurisdiction over Capetanissa in their Complaint. *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir.1995). Personal jurisdiction over a nonresident defendant attaches only when a defendant is amenable to service of process under the forum state's long-arm statute and the exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment.  In the instant case, these two inquiries merge into one because California's long-arm statute permits service of process coterminous with the scope of the due process clause. Cal. Civ. Proc. Code Ann. § 410.10; *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998).

For personal jurisdiction to exist the nonresident defendant must have purposefully established "minimum contacts" with the forum state such that it invoked the benefits and protections of the forum's laws and thus reasonably could anticipate being haled into court there. In addition, circumstances must be such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (*quoting International Shoe Co. v. Washington*, 326 U.S 310, 316 (1945)); *see also, Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). "Minimum contacts" can arise in two ways, which will be discussed below.

**1.** <u>**This Court Lacks General Personal Jurisdiction Over Capetanissa**</u>

A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially **at home** in the forum State. *See International Shoe*, *supra,* 326 U.S., at 317; *Helicopteros*

- 7 -

*Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984)(citing *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437 (1952)).

Here, the Court lacks general jurisdiction over Capetanissa because its contacts were not continuous or systematic.  In fact, Capetanissa has essentially no contacts with the forum and therefore cannot be "at home" here.

The sole contacts cited by the Amplify Defendants in its Third-Party Complaint were two calls to the Port of Los Angeles or the Port of Long Beach in 2021.  The Amplify Defendants allege that Capetanissa knew or should have known that the BEIJING "regularly entered one or more ports within the district."  (Dkt. No. 123, p. 10).  This is not enough to make Capetanissa "at home" in California.  Capetanissa was kept appraised of the BEIJING's location as per the Charter Party agreement that was in effect at the time of the Orange County oil spill.  However, the requirements for exercising general personal jurisdiction are stringent and typically hinge on the location of defendant's domicile.  *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction … Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable.") (internal quotations omitted).

Capetanissa is not incorporated in California, nor does it have its principal place of business in California.  (Webster Decl., ¶¶6-8).  Capetanissa does not otherwise conduct business in California or the United States.  (Webster Decl., ¶¶10-13).

Additionally, Capetanissa has no control over the BEIJING's ports of call, except those regions specifically precluded by the Charter Party.  (Webster Decl., ¶21).  The fact that the BEIJING's charterers directed it to enter the forum is insufficient to cause Capetanissa to reasonably anticipate the possibility of being haled into court in California.  Capetanissa cannot be held to have availed itself of the benefits and protections of doing business in California by virtue of the fact third-party entities decide to send its ship there.

- 8 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

The tenuous connection between the forum and Capetanissa alleged by the Amplify Defendants in their Complaint is an inadequate basis for the exercise of general jurisdiction.  Such a connection does not establish the "continuous and systematic" affiliation necessary to empower this Court to entertain claims unrelated to Capetanissa's contacts with California.

**2.**   **This Court Lacks Specific Personal Jurisdiction Over Capetanissa**

The Amplify Defendants have failed to allege that Capetanissa has sufficient "minimum contacts" with California arising from, or related to, its operational management of the BEIJING to maintain specific personal jurisdiction in the forum.  In contrast to general jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. Specific personal jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted).

Since *International Shoe*, the Supreme Court's decisions have elaborated primarily on circumstances that warrant the exercise of specific jurisdiction, particularly in cases involving "single or occasional acts" occurring or having their impact within the forum State.  As a rule in these cases, the Supreme Court has inquired whether there was "some act by which the defendant purposefully avail [ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Goodyear,* 564 U.S. 915 at 924 (internal citations omitted).

For a court to have specific personal jurisdiction over a defendant, the defendant's suit-related conduct must create a substantial connection with the forum state.  *Williams*, 851 F.3d 1015, 1023 (9th 2017) (citing *International Shoe* and *Burger King*); *see also Axiom Foods*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal citations omitted).  The relationship between the defendant and the forum state must arise out of

- 9 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

contacts that the **defendant itself** creates with the forum state.  *Williams*, 851 F.3d 1015, 1023 (9th Cir. 2017).

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction.  The Amplify Defendants bears the burden of satisfying the first two prongs of this test.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  If the Amplify Defendants meet their burden of proof, then the burden shifts to Defendant to establish that the third prong is not satisfied. *Id; see also Williams*, 851 F.3d 1015, 1023 (9th Cir. 2017) (citing *Dole Foods*); *Axiom Foods*, 874 F.3d 1064, 1068-1069 (9th Cir. 2017); *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015).

To satisfy the first prong of the test, the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.  The Ninth Circuit employs the "purposeful direction test" to analyze this prong.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).  To apply this test, courts look at the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there. *Picot*, 780 F.3d at 1214.  The defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*

Here, the Amplify Defendants cannot show that Capetanissa committed an intentional act because it did not direct the BEIJING to enter the forum.  Capetanissa could not have intended to do an "actual, physical act" in California because it did not make the decision for its ship to be in the forum.  (*See* Webster Decl., ¶¶ 18-20, 22).

To satisfy the second prong of the Ninth Circuit's test, the claim must be one which arises out of or relates to the defendant's forum-related activities.  *Picot*, 780 F.3d at 1214.  This prong cannot be satisfied with respect to Capetanissa because its

**MEMORANDUM OF POINTS AND AUTHORITIES**

business activities are only tenuously related to the forum.  Capetanissa does its business outside of the United States and has no physical presence in this forum or in any other forum of the United States.  (*See passim* Webster Decl.).

Because the Amplify Defendants cannot satisfy the first two prongs of the Ninth Circuit's test for exercising specific personal jurisdiction, Defendant is not required to analyze the third prong to show that the exercise of jurisdiction would not comport with fair play and substantial justice. *Schwarzenegger*, 374 F.3d at 802.  However, it is the Defendant's opinion that the exercise of personal jurisdiction in this circumstance would not be reasonable or comport with fair play and substantial justice because Capetanissa's contact with this forum are solely the result of the BEIJING's charterer, not its own intentional acts.

Further, the Amplify Defendants have not and cannot allege that the actions of Capetanissa's charterer can create minimum contacts for it with this forum.  As noted above: "The relationship between the defendant and the forum state must arise out of contacts that **the defendant itself** creates with the forum state." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (internal quotations omitted) (emphasis added).

Indeed, courts in the Ninth Circuit will not impute a parent company's forum contacts to its subsidiary, or vice-versa.  "It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one ... in a forum state may not be attributed to the other[.]" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1071 (9th Cir. 2017) (*quoting Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)) (internal quotations omitted).

The case that this Court lacks specific personal jurisdiction is even stronger here. Unlike *Williams*, the third-party here whom created the tenuous forum contact for Capetanissa (i.e., the charterer of the BEIJING) is not a parent, affiliate, subsidiary, or other related company to Capetanissa.  (Webster Decl., ¶ 24).  Neither have the Amplify

**MEMORANDUM OF POINTS AND AUTHORITIES**

1  Defendants has made a *prima facie* case for an agency relationship between Capetanissa
2  and the charterers of the BEIJING. *See Williams*, 851 F.3d at 1024–25 ("[U]nder any
3  standard for finding an agency relationship, the parent company must have the right to
4  substantially control its subsidiary's activities."). In fact, Capetanissa did not have any
5  right to control the charterer's activities. Nor have the Amplify Defendants spelled out
6  an alter ego theory of liability that would allow this Court to attribute the activities of
7  the parent entity to the subsidiary. *See id.* at 1021. "[A] plaintiff must make out a prima
8  facie case (1) that there is such unity of interest and ownership that the separate
9  personalities of the two entities no longer exist and (2) that failure to disregard their
10 separate identities would result in fraud or injustice." *Id.* (citation omitted). Here, the
11 Amplify Defendants could not satisfy the requirements of this test because no such
12 relationship exists.

13      Capetanissa's ownership of the BEIJING alone is not an action that could rise to
14 the level of purposeful availment of the privileges of doing business in this forum or the
15 protections of California's laws.

16      Similar to the Ninth Circuit's reluctance to impute a subsidiary's contacts on the
17 parent (or vice versa), other Circuit Courts of Appeals have held that a ship charterer's
18 forum contacts cannot be imputed to the ship owner. *See Asarco, Inc. v. Glenara, Ltd.*,
19 912 F.2d 784 (5th Cir. 1990) (holding that the court lacked specific personal jurisdiction
20 over the ship owner because it did not direct the ship to the forum, the ship's time
21 charterer directed the ship); *Francosteel Corp., Unimetal-Normandy v. M/V Charm,
22 Tiki, Mortensen & Lange*, 19 F.3d 624 (11th Cir. 1994)(holding that the defendants'
23 agreement to deliver the cargo to the forum was an isolated and sporadic contact with
24 the forum, not part of a regular practice of delivering goods to it); *see also Porina v.
25 Marward Shipping Co.*, 521 F.3d 122 (2d Cir. 2008) (discussing general jurisdiction,
26 the Second Circuit held that the owner of a ship may not constitutionally be subjected to
27 personal jurisdiction with respect to an unrelated suit merely because, as the owner may
28 have expected, the ship has repeatedly visited the forum's ports at the sole direction of

- 12 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

1  its charterers).

2      Capetanissa did not *itself* make any decision that brought the BEIJING to this

3  forum.  Following *Williams* and the foregoing owner-charterer cases, the actions of the

4  charterer to send the BEIJING to Los Angeles – Long Beach cannot be imputed to

5  Capetanissa for the purposes of creating minimum contacts in a forum to allow this

6  Court to exercise specific personal jurisdiction over Capetanissa.  Here, as in those

7  cases, the charterer alone controlled the ship's movements and directed it to sail to the

8  forum.

9      In short, the Amplify Defendants do not establish that this Court can exercise

10  personal jurisdiction over Capetanissa.  The few conclusory allegations about

11  Capetanissa fail to show that: (1) itself, as opposed to charterers, purposefully directed

12  the BEIJING to this forum; (2) the Amplify Defendants' claims arise out of or relate to

13  any forum-related activities of Capetanissa; and (3) the exercise of jurisdiction over it

14  would "comport with fair play and substantial justice," *i.e.*, would be reasonable.  *Dole*

15  *Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

16      **3.    Capetanissa's Alleged Link to the Amplify Defendants is Not**

17           **Sufficient to Support Personal Jurisdiction**

18      The reason why courts look at contacts with the forum itself rather than

19  individual plaintiffs generally comes down to tradition.  The Supreme Court in

20  *International Shoe* describes the historical ability of a court to exercise personal

21  jurisdiction: "Historically the jurisdiction of courts to render judgment *in personam* is

22  grounded on their de facto power over the defendant's person. Hence his presence

23  within the territorial jurisdiction of court was prerequisite to its rendition of a judgment

24  personally binding him." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp.*

25  *& Placement,* 326 U.S. 310, 316 (1945) (quoting *Pennoyer v. Neff*, 95 U.S. 714, 733,

26  (1877)).  Now, "due process requires only that in order to subject a defendant to a

27  judgment *in personam*, if he be not present within the territory of the forum, he have

28  certain minimum contacts with it such that the maintenance of the suit does not offend

- **13** -

**MEMORANDUM OF POINTS AND AUTHORITIES**

'traditional notions of fair play and substantial justice.'" *Id*. (emphasis added).

Following the historical/traditional idea of personal jurisdiction that required physical presence in the forum, Courts continue to analyze the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there to determine the existence of specific personal jurisdiction.  *Picot*, 780 F.3d at 1214 (quoting *Walden v. Fiore*, 571 U.S. 277, 285).  The plaintiff cannot be the only link between the defendant and the forum. *Walden v. Fiore*, 571 U.S. 277, 285; see also *International Shoe, supra*, at 319 (Due process "does not contemplate that a state may make binding a judgment *in personam* against an individual ... with which the state has no contacts, ties, or relations").  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. *Id*. at 285-286.  *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot"); *Kulko v. Superior Court of Cal., City and County of San Francisco*, 436 U.S. 84, 93 (1978) (declining to "find personal jurisdiction in a State ... merely because [the plaintiff in a child support action] was residing there").  The same principles apply to contract disputes and intentional torts. *Walden v. Fiore*, 571 U.S. 277, 286. "To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties." *Id*.  But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.  *Id*; *See also, Shaffer v. Heitner*, 433 U.S. 186 (1977); *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("Naturally, the parties' relationships with each other may be significant in evaluating their ties to the forum. The requirements of *International Shoe*, however, must be met as to each defendant over whom a state court exercises jurisdiction").

Here, the Amplify Defendants have alleged that this Court has jurisdiction over Capetanissa because its vessel, the BEIJING, struck Amplify's pipeline off the coast of

- 14 -

1    Orange County.  Based on *Walden* and its progeny in the Ninth Circuit, this link alone

2    between the Plaintiff and Defendant cannot serve as the "minimum contact" for the

3    exercise of personal jurisdiction in this forum.  Although the alleged tort may connect

4    Capetanissa to the Amplify Defendants, the Amplify Defendants have failed to plead

5    sufficient facts to connect it with the forum at large and did not show that Capetanissa

6    knew or should have known it could be haled into court here.  Amplify cannot rely on

7    Capetanissa's "random, fortuitous, or attenuated contacts" and must instead show

8    intentional acts by Capetanissa in the forum.  *Walden v. Fiore*, 571 U.S. 277, 286.

9    Amplify has therefore fallen short of the due process requirements of the Fourteenth

10   Amendment and the exercise of specific personal jurisdiction under these circumstances

11   would offend the traditional notions of fair play and substantial justice as outlined in

12   *International Shoe*.

13

14                          **IV.    CONCLUSION**

15           Based on the foregoing, Capetanissa requests that the Court grant its Motions to

16   quash service of process and dismiss for lack of personal jurisdiction under F. R. Civ.

17   P. 12(b)(5) and 12(b)(2), respectively.

18

19   DATED:  April 7, 2022

20                                  _____

21                                  ALBERT E. PEACOCK III
                                    GLEN R. PIPER
22                                  DAVID A. TONG
                                    **PEACOCK PIPER TONG + VOSS, LLP**
23                                  Attorneys for Specially Appearing Defendant,
                                    CAPETANISSA MARITIME CORPORATION
24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**