FILED
CLERK, U.S. DISTRICT COURT
5/20/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___kdu___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **PETER MOSES GUTIERREZ JR. ET AL.**<br>    Plaintiffs,<br><br>vs.<br><br>**AMPLIFY ENERGY CORP. ET AL.,**<br>    Defendants. | Case No. SA 21-CV-01628-DOC-JDE<br><br>**SPECIAL MASTERS' ORDER DATED MAY 19, 2022** |

Before the Special Master Panel ("SMP") are Amplify Energy Corp.; Beta Operating Company, LLC; and San Pedro Bay Pipeline Company (collectively, "Amplify") requesting that the SMP order Mediterranean Shipping Company, S.A. ("MSC") and Dordellas Finance Corporation ("Dordellas Parties") to respond to Amplify's March 22, 2022, discovery requests ("Amplify's Discovery"). The Dordellas Parties (specially appearing) raise two objections to responding to Amplify's Discovery that

SPECIAL MASTERS' ORDER DATED 5-19-22

are addressed by this SMP Order: 1) whether the Dordellas Parties' discovery responses are due only after an additional Federal Rules of Civil Procedure ("FRCP") Rule 26(f) conference is held among Amplify and the Dordellas Parties; and 2) whether the Dordellas Parties' discovery responses are due only after the formal appearance of the Dordellas Parties' attorney.

Upon consideration of the submissions, the SMP finds as follows:

I. BACKGROUND

The relevant timeline and the nature of the issues are not in dispute.

On December 15, 2021, in response to the Court's order, the parties submitted a Joint Rule 26(f) Report. Dkt. 30. The Joint Rule 26(F) Report was submitted by the parties to this action at that time and included the plaintiffs and the Amplify Parties. Subjects raised by the Joint Rule 26(f) Report and subsequently addressed or discussed by the Court and the SMP included case scheduling, procedural issues, liability issues, discovery, and anticipated motions. See e.g., Dkts. 25, 30, 38, 44, 94, 99, 120, 121.

On February 4, 2022, prior to service of a complaint, Amplify informally emailed discovery requests to the Dordellas Parties. On March 10, 2022, Amplify formally propounded Amplify's Discovery to the Dordellas Parties. Amplify's Discovery is identical to the February 4, 2022, informal discovery that was emailed to the Dordellas Parties. Amplify's Brief ("Amp Br.") pg. 2; Dordellas Parties Brief ("DP Br.") pg. 3.

On March 8, 2022, Amplify and the Dordellas Parties agreed as specified to waive the FRCP Rule 4 service of process requirements and for the Dordellas Parties to provide Amplify waivers of the Service

of Summons. On March 22, 2022, the Dordellas Parties provided Amplify executed waivers of the Service of Summons. Dkts. 135, 136, 150, 153; DP Br. pgs. 2-3.

On February 4, 2022, prior to service of a complaint, Amplify informally emailed discovery requests to Costamare Shipping Co. S.A. ("Costamare"), Capetanissa Maritime Corporation of Liberia ("Capetanissa"), and V.Ships Greece Ltd. On April 14, 2022, Amplify formally served its discovery requests to Costamare, Capetanissa, and V.Ships Greece. Amplify's discovery to these parties is identical to the discovery informally emailed on February 4, 2022. Amp Br. pg. 2-5; Therefore, Costamare's, Capetanissa's and V.Ships Greece's responses to Amplify's discovery are due 30 days from April 14, 2022. FED. R. CIV. P. 34(b)(2)(A).

Notwithstanding the Dordellas Parties' objections and failure to respond to Amplify's Discovery, the Dordellas Parties have not sought a protective order or other relief that specifically addresses the discovery issues discussed in this Order. Similarly, no such relief has been sought by Costamare, Capetanissa, or V.Ships Greece.

II. ANALYSIS

The Dordellas Parties raise two objections to responding to Amplify's Discovery that are addressed by this SMP Order: 1) whether the Dordellas Parties' responses to Amplify's Discovery are due only after a Federal Rules of Civil Procedure Rule 26(f) conference is held among Amplify and the Dordellas Parties; and 2) whether the Dordellas Parties' discovery obligations are dependent upon the formal appearance of the Dordellas Parties' attorney.
Each of these objections is addressed below.

1. An Additional Rule 26(f) Conference is not Required

SPECIAL MASTERS' ORDER DATED 5-19-22

The SMP panel finds that that an additional FRCP Rule 26(f) conference among Amplify and the Dordellas Parties is not required and is not a basis for the Dordellas Parties to delay a response to Amplify's Discovery. This issue was squarely addressed in *In re Outlaw Lab'ys*, where the Court found:

> As explained below, the Court finds an additional Rule 26(f) conference is not required. As detailed above in the Court's summary of the history of this case and the parties agreed upon timeline, there is no dispute that a Rule 26(f) conference took place in this case and the parties to the case at that time filed a Joint Discovery Plan as a result of that Rule 26(f) conference. There is also no dispute that the Court conducted an ENE and Case Management Conference and issued a Scheduling Order for this case following that CMC. This satisfied the requirements of Rule 26(d) and (f) for discovery to proceed in this case.

*In re Outlaw Lab'ys, LP Litig.*, 2020 WL 1674552, *5 (S.D. Cal. Apr. 6, 2020).

In reaching its conclusion, *In re Outlaw Lab'ys* acknowledges that Rule 26(f) does not explicitly address whether a conference is required after new parties are added after an issued scheduling order. However, the Court found that Rule 26(f) in combination with the Advisory Committee Note support that additional conferences are not required but may be held at the discretion of the parties or the court. Id., *6.[1]

In the instant case, judicial discretion supports waiver of an additional Rule 26(f) conference. For example, parties have discussed and agreed upon central case issues, a scheduling order is entered, interim class action counsel are appointed, discovery and evidence preservation stipulations are entered, and a trial date is set. Dkts. 30, 38, 44, 87, 96, 97. Further, the Dordellas Parties are not new to the

---

[1] Citing, *Tubwell v. Specialized Loan Servicing*, 2018 WL 1981903 (a requirement to confer under Rule 26(f) ended with the entry of a case management order); *Lester v. Wow Car Co.*, 2013 WL 6018537 (Rule 26(d) and (f) do not require a second or a third conference to be held subsequent to the filing of an amended complaint even if it joins new parties).

SPECIAL MASTERS' ORDER DATED 5-19-22

circumstances of this case. The Dordellas Parties executed Letters of Undertaking, discussed discovery schedules with other parties, participated in mediation and document production discussion, are addressing the *in rem* MSC Danit claim, and filed a related action. *Amp/DP Brs. Passim*; Complaint for Exoneration from or Limitation of Liability, 2:22-cv-02153 (Dkt. 1). Nor should the Dordellas Parties be unaware of the Court's admonition that discovery will not be delayed, and the Court's recent April 29, 2022, ruling requiring Capetanissa to respond within 21 days to Amplify's pending discovery. Dkts. 38, 220

For these reasons, the SMP finds that an additional FRCP Rule 26(f) conference among Amplify and the Dordellas Parties is not required and is not a basis for the Dordellas Parties to delay a response to Amplify's Discovery. For similar reasons, the SMP finds that an additional FRCP Rule 26(f) conference among Amplify, Costamare, Capetanissa, V.Ships Greece, and similarly situated parties is not a basis for these parties to delay a response to discovery.

2. Appearance of Counsel is not a Predicate to Discovery Obligations

The SMP finds that once the service of complaint requirements are satisfied, formal appearance of counsel is not a predicate to the Dordellas Parties timely responding to Amplify's Discovery. On March 22, 2022, the Dordellas Parties provided Amplify executed waivers of the Service of Summons and became subject to the FRCP, including responding to discovery. See e.g., Fed. R. Civ. P. 4. Further, as described above, the Dordellas Parties' have been significantly involved in this action and the related Dordellas Action and the absence of a formal appearance is insufficient to delay a timely response to Amplify's Discovery. For similar reasons, the SMP finds that formal appearance of counsel is not a predicate to Costamare, Capetanissa, V.Ships Greece, and similarly situated parties timely responding to discovery.

SPECIAL MASTERS' ORDER DATED 5-19-22

## III. OTHER MATTERS

The Court is concerned that the parties are not timely and properly elevating issues for SMP resolution prior to Court involvement. The Court's Order appointing the SMP specifically defined the nature of the SMP' authorities, the requirement that issues be submitted to the SMP, a procedure for resolution of outstanding issues, and recognized that substantial SMP involvement is needed due to the timing and complexities of this case. Dkt. 57. Additionally, the SMP process should be utilized to raise issues at early stages, to encourage cooperation among the parties, and to create case transparency. The parties are to utilize the SMP as established by the Court.

## IV. DISPOSITION

The SMP ORDERS as follows:

1. No later than May 27, 2022, the Dordellas Parties are ORDERED to respond to Amplify's March 22, 2022, discovery requests.
2. No later than May 23, 2022, the Dordellas Parties and Amplify are ORDERED to meet and confer on discovery issues.
3. No later than May 23, 2022, Costamare, Capetanissa, V.Ships Greece, and Amplify are ORDERED to meet and confer on discovery issues.

IT IS SO ORDERED.

DATED: May 19, 2022

James Smith, Esq.
Special Master

Daniel Garrie, Esq.
Special Master

/s/ Bradley O'Brien
Bradley O'Brien, Esq.
Special Master

SPECIAL MASTERS' ORDER DATED 5-19-22