**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **PETER MOSES GUTIERREZ JR. ET AL.** <br> Plaintiffs, <br><br> vs. <br><br> **AMPLIFY ENERGY CORP. ET AL.,** <br> Defendants. | **Case No. SA 21-CV-01628-DOC-JDE** <br><br> **ORDER RE: LIMITATION OF LIABILITY ACT** |

I.  **Background**

Before the Court are three cases arising from an October 2, 2021 oil spill off the coast of California near Huntington Beach ("Incident"). Soon after the Incident, fourteen cases were filed on behalf of various plaintiffs against Amplify Energy Corp. and its subsidiaries ("Amplify"). The Court consolidated those actions on December 20, 2021 (Dkt. 44, No. 8:21-cv-01628-DOC-JDE) ("Consolidated Actions").

Plaintiffs in the *Gutierrez* class action ("Class Action Plaintiffs") brought claims against Amplify under the Oil Pollution Act (33 U.S.C. §§ 2701 *et seq.*); the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act (Gov. Code §§ 8670 *et seq.*); the California Unfair Competition Laws (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); and under common law. (Dkt. 102). The Class Action Plaintiffs brought common law claims against various vessel interests (referred to in the Consolidated Amended Complaint as "Shipping Defendants") including Dordellas Finance Corp. ("Dordellas") and MSC Mediterranean Shipping Company S.A. ("MSC") as the owners and operators of the *M/V Danit*, and Capetanissa Maritime Corporation ("Capetanissa") and Costamare Shipping Company S.A. as the owners and operators of the *Beijing* (Dkt. 102).

Amplify filed a Third Party Verified Complaint against Dordellas, MSC, Capetanissa, and other parties under OPA and common law (Admiralty). Amplify's OPA claim is pursuant to the contribution provision that authorizes a person to "bring a civil action for contribution against any other person who is liable or potentially liable under [OPA] or another law." 33 U.S.C. § 2709. (Dkt. 123).

On March 31, 2022, Dordellas and MSC jointly filed a Complaint seeking exoneration from or limitation of liability within the Admiralty jurisdiction of this Court (No. 2:22-cv-02153-DOC-JDE) ("Dordellas Action"). On May 20, 2022, Capetanissa filed a Complaint seeking exoneration from or limitation of liability action within the Admiralty jurisdiction of this Court (No. 2:22-cv-03462-DOC-JDE) ("Capetanissa Action"). Both the Dordellas Action and the Capetanissa Action were filed pursuant to the Limitation of Liability Act of 1851, 46

U.S.C. §§ 30501 *et seq.* ("Limitation Act") (The Dordellas Action and the Capetanissa Action parties are jointly referred to as the "Limitation Act Parties").

On April 13, 2022, the Court ordered all parties to submit supplemental briefing on the relationship among the Consolidated Actions, the Dordellas Action, and the Capetanissa Action. In part, the Court directed the parties to brief whether claims within the Consolidated Actions should be stayed pending resolution of the Dordellas Action and the Capetanissa Action, and whether the various actions should be consolidated or coordinated (Dkt. 171). After substantial briefing, the Court held a hearing on May 23, 2022.

In briefing or at the hearing, the parties agreed that the Limitation Act questions apply solely to claims asserted against the vessel interests represented in the Dordellas Action and the Capetanissa Action. In other words, as an example, claims between the Class Action Plaintiffs and Amplify do not fall within the Limitation Act because neither party is an owner of a vessel entitled to seek Limitation Act protection. 46 U.S.C. §§ 30505(a), 305011. For this reason, the Limitation Act Parties' request to stay described Consolidated Action claims was a focus of the briefing and the hearing.[1]

## II. Legal Standard

The Limitation Act was enacted to protect maritime commerce and the interests of individual shipowners and the greater community from undue costs. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). The Act applies only to vessel "owners," and potentially limits their liability to "the value of the vessel and pending freight." 46 U.S.C. § 30505(a). The claims subject to limitation include "any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." *Id.* § 30505(b). Taken together, "[t]he Limitation of Liability Act limits shipowner liability arising from the unseaworthiness of the vessel or the negligence of the vessel's crew to the value of the boat unless the condition of unseaworthiness or the act of negligence was within the shipowner's 'privity or knowledge.'" *Holzhauer v. Golden Gate Bridge Highway & Transp. Dist.*, 745 F. App'x 265, 269 (9th Cir. 2018) (citations

---

[1] Incident related claims or issues that are not currently before the Court are not addressed by this Order. *See, e.g.*, 33 U.S.C § 2718(a)(1)(A) and (c).

omitted). Ultimately, "[t]he Act permits both American and foreign shipowners facing multiple suits arising out of one voyage to bring the claimants into one proceeding to apportion the owner's liability." *Matter of Bowoon Sangsa Co., Ltd.*, 720 F.2d 595, 597 (9th Cir. 1983).

### III.   Discussion

#### A.   Stay under the Limitation Act and OPA

Once a complaint for limitation of liability is filed by a vessel owner, courts generally stay *applicable* claims against the vessel owner. Fed. R. Civ. P. Supp. Admiralty or Maritime Claims & Asset Forfeiture Actions ("Supplemental Rules") F(3) ("all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease"); 46 U.S.C. § 30511(c) (same). However, the Limitation Act is not "limitless" as certain claims do not fall within its purview.

Central to the current discussion is that the Limitation Act (and its stay provision) does not apply to claims brought under OPA. *In re S. Scrap Material Co.*, 541 F.3d 584, 594 n.16 (5th Cir. 2008); *Tug Allie-B, Inc. v. United States*, 273 F.3d 936, 947 (11th Cir. 2001); *Complaint of Metlife Cap. Corp.*, 132 F.3d 818, 822 (1st Cir. 1997); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 21 F. Supp. 3d 657, 753 (E.D. La. 2014).

That OPA claims are not subject to the Limitation Act is echoed by Dordellas and MSC in their Complaint stating, "This Action does not pertain to the discreet *[sic]* contribution claim brought by the Amplify Interests against the Plaintiffs under OPA." Danit Complaint at 4 n.2 (No. 2:22-cv-02153-DOC-JDE, Dkt. 1). Dordellas and MSC concede further that "The Amplify Complaint seeks contribution for removal costs and damages under OPA (which, again, is not the subject of this Action)." *Id.* ¶ 99; *see also* Beijing Complaint ¶ 145 (No. 2:22-cv-03462-DOC-JDE, Dkt. 1). The Court notes that Dordellas and MSC were provided an opportunity at the hearing to address this OPA carve-out language but failed to do so.

Notwithstanding the above, the Limitation Act Parties argue that Amplify's OPA contribution claims are somehow different and within the scope of the Limitation Act and should be stayed. Danit Supp. Brief at 7 (No. 2:22-cv-02153-DOC-JDE, Dkt. 15); Beijing

Supp. Brief at 6 (No. 8:21-cv-01628-DOC-JDE, Dkt. 221). However, the vessel interests' argument is rejected given that "OPA has repealed the Limitation Act as to oil spill pollution claims arising under the OPA." *Metlife*, 132 F.3d at 822. For these reasons, the Court declines to stay pending OPA claims against the Limitation Act Parties.

### B. Consolidation of the Limitation Actions

The Court finds that consolidating the Dordellas Action and the Capetanissa Action will streamline the litigation and preserve judicial and party resources. Accordingly, the Court consolidates cases 2:22-cv-02153-DOC-JDE and 2:22-cv-03462-DOC-JDE. All future filings shall be filed only under the low number case, 2:22-cv-02153-DOC-JDE. Any party or counsel not listed on the low number case shall file a Notice of Appearance in that case. Case 2:22-cv-03462-DOC-JDE is hereby administratively closed. No further filings shall be filed in that case.

### IV. Disposition

The Court: **STAYS** the Class Action Plaintiffs' claims against the Limitation Act Parties; orders the Class Action Plaintiffs' claims against Amplify to proceed; orders Amplify's OPA claims, including claims against the Limitation Act Parties, to proceed; and **STAYS** Amplify's remaining claims, including claims against the Limitation Act Parties.

The Court **CONSOLIDATES** the Dordellas Action and the Capetanissa Action. The Court sets the following schedule for the consolidated limitation action:

1. The vessel interests shall issue a formal notice by **June 7, 2022**.
2. The notice shall be published until **July 8, 2022**.
3. The period for all persons and entities claiming losses, damages, injuries, or death resulting or arising from the subject Voyages of the *MSC Danit* and the *Beijing* to file their claims shall be four months, ending on **November 7, 2022**.

The Court will issue a separate order detailing procedural requirements under the Limitation Act, including bonds and notice language.

The Court **ORDERS** discovery to be coordinated between the Consolidated Class Actions and the consolidated Dordellas Action and Capetanissa Action with regard to all non-

stayed claims, as proposed by the parties in the hearing. The Special Master Panel will issue a discovery coordination order upon their appointment.

**IT IS SO ORDERED.**

DATED: May 25, 2022

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE