CONTE C. CICALA, State Bar No. 173554
*conte.cicala@clydeco.us*
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Third-Party Defendant
MARINE EXCHANGE OF LOS
ANGELES-LONG BEACH HARBOR
dba MARINE EXCHANGE OF
SOUTHERN CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### -SOUTHERN DIVISION-

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>AMPLIFY ENERGY CORP., et al,<br><br>            Defendants/Third-Party Plaintiffs.<br><br>      v.<br><br>MEDITERRANEAN SHIPPING COMPANY, S.A., et al,<br><br>            Defendants/Third-Party Defendants. | Case No.  8:21-cv-01628-DOC-JDE<br>Judge David O. Carter<br><br>**MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR dba MARINE EXCHANGE OF SOUTHERN CALIFORNIA'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Date:   July 11, 2022**<br>**Time:  8:30 a.m.**<br>**Dept:   Courtroom 10A**<br>**Judge: Hon. David O Carter**<br><br>*[Filed concurrently with the Declaration of Kipling Louttit; Request for Judicial Notice]* |

1

## NOTICE OF MOTION AND MOTION

2 TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that on July 11, 2022, at 8:30 a.m., or as soon as the

4 matter can be heard before the Honorable David O. Carter in Courtroom 10A of the

5 United States District Court for the Central District of California, located at 411 West

6 Fourth Street, Santa Ana, California, 92701, Third Party Defendant Marine Exchange

7 of Los Angeles-Long Beach Harbor dba Marine Exchange of Southern California

8 ("Marine Exchange") will move for judgment on the pleadings as to the Third-Party

9 Complaint filed against it by Defendant/Third-Party Plaintiffs Amplify Energy Corp.,

10 Beta Operating Company, LLC, and San Pedro Bay Pipeline Co. ("Amplify"), pursuant

11 to Rule 12(c) of the Federal Rules of Civil Procedure.

12 Marine Exchange's motion is based on this notice of motion and motion, the

13 accompanying memorandum of points and authorities in support of this motion, the

14 Request for Judicial Notice, the Declaration of Kipling Louttit, all pleadings filed with

15 this Court, and any oral argument that may be presented at the hearing.

16 Dated:  June 13. 2022               CLYDE & CO LLP

17

18                                     By:  /s/ *Conte C. Cicala*
                                          Conte C. Cicala
19                                         Attorneys for Third-Party Defendant
                                          MARINE EXCHANGE OF LOS
20                                         ANGELES-LONG BEACH HARBOR dba
                                          MARINE EXCHANGE OF SOUTHERN
21                                         CALIFORNIA

22

23

24

25

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Pursuant to Rule 12(c), Federal Rules of Civil Procedure, Third-Party Defendant Marine Exchange of Los-Angeles-Long Beach Harbor d/b/a Marine Exchange of Southern California ("Marine Exchange"), by and through its undersigned counsel, hereby moves for judgment on the pleadings as to the Third-Party Complaint filed against it by Defendant/Third-Party Plaintiffs Amplify Energy Corp., Beta Operating Company, LLC, and San Pedro Bay Pipeline Co. ("Amplify"). Marine Exchange respectfully submits that application of controlling statutes and legal principles to the uncontroverted facts alleged in the pleadings mandates the conclusion that Marine Exchange is entitled to judgment in its favor on the Third-Party Complaint as a matter of law.  More specifically, because Marine Exchange was an agent of the United States in performing the functions of which Amplify complains in the Third-Party Complaint, any suit against Marine Exchange is precluded by the Suits in Admiralty Act, 46 U.S.C. 30904.

## I.   RELEVANT FACTS OF THE THIRD-PARTY COMPLAINT

Amplify alleges (TPC ¶ 17) and Marine Exchange admits (ATPC ¶ 2) that Amplify's suit is brought in the Court's admiralty jurisdiction under 28 U.S.C. 1333(1).

Amplify alleges that Marine Exchange operates the Vessel Traffic System ("VTS") "in conjunction with the Coast Guard" (TPC ¶ 53). Marine Exchange admits that it operates the VTS jointly with the US Coast Guard (ATPC ¶¶ 11, 12).

## II.   STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed…a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A district court will render a judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997)(internal citations omitted). In assessing a motion for judgment on the pleadings, the Court may also take into account materials of which it can take

judicial notice. *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

## III.   MARINE EXCHANGE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW

As against Marine Exchange, Amplify's Third-Party Complaint alleges only that Marine Exchange was negligent in its operation of the Los Angeles-Long Beach VTS (TPC ¶¶ 143, 154). Marine Exchange participates in the operation of the Los Angeles-Long Beach VTS as agent of the U.S. Coast Guard. As a matter of law, no action can be brought in admiralty against an agent of the United States. Suits in Admiralty Act, 46 U.S.C. 30904.

### A.   The United States Coast Guard Is Legally Responsible For Operation Of The Los Angeles-Long Beach VTS System

The United States Coast Guard ("USCG") has a primary statutory duty to "develop, establish, maintain, and operate…aids to maritime navigation." 14 U.S.C. §102(4). More specifically, the Ports and Waterways Safety Act empowers the Secretary of Homeland Security to "construct, operate, maintain, improve, or expand vessel traffic services" (46 U.S.C. §70001(a)(1)) and imposes on the Secretary a specific obligation to "require appropriate vessels that operate in an area of a vessel traffic service to utilize or comply with that service" (46 U.S.C. §70001(a)(1)). The Secretary delegated his functions to the Commandant of USCG by Delegation 00170.1, Revision 01 in 2003.  The Commandant sub-delegated them to District Commanders. 33 C.F.R. §1.01-1. USCG Captains of the Port enforce many responsibilities within their respective areas, including, without limitation, "regulated navigation areas" and "ports and waterways safety." 33 C.F.R. §1.01-30.

Neither the Commandant of USCG, nor a USCG District Commander, nor a USCG Captain of the Port, is authorized by statute to delegate any of the Secretary of Homeland Security's responsibilities to a private entity such as Marine Exchange.

2

Case No. 8:21-cv-01628-DOC-JDE

MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR dba MARINE EXCHANGE OF
SOUTHERN CALIFORNIA'S MOTION FOR JUDGMENT ON THE PLEADINGS

Although Amplify's Third-Party Complaint alleges that Marine Exchange is "responsible for the safe passage of all vessels within a 25-mile radius from Point Fermin in the San Pedro Bay area," (TPC ¶ 51), that is incorrect as a matter of law. Marine Exchange jointly operates the VTS for that area in conjunction with USCG, but the legal authorization to operate the VTS, and thus legal responsibility for its operation, rest with USCG.

## B.   Marine Exchange Can Only Act Under The Supervision Of USCG

The California legislation that authorizes Marine Exchange's activities explicitly recognizes the overall authority of USCG. California Government Code §8670.21(f)(1) provides that Marine Exchange may operate a VTS system for Los Angeles-Long Beach "if the system is approved by the Coast Guard." California Harbor & Navigation Code §445(a) provides that Marine Exchange may operate the VTS for Los Angeles-Long Beach "in cooperation with, *and subject to the supervision of*, the United States Coast Guard" (emphasis added).

## C.   Agents Of The United States Cannot Be Sued In Admiralty

In both *Dearborn v. Mar Ship Operations, Inc.,* 113 F.3d 995 (9th Cir. 1997) and *Ali v. Rogers*, 780 F.3d 1229 (9th Cir. 2015), the Ninth Circuit held that the exclusivity provision in the Suits in Admiralty Act, 46 U.S.C. 30904, precludes suit against an agent of the United States in admiralty arising out of the same subject matter as a claim that could be brought against the United States. "The SIAA's exclusivity provision precludes any claims arising from the same facts being brought against any parties but the United States." *Ali v. Rogers*, 780 F.3d 1229, 1236 (9th Cir. 2015). In waiving its sovereign immunity for admiralty actions, the United States has rendered the remedies allowed by the waiver exclusive of any action against an agent. *Dearborn v. Mar Ship Operations, Inc.,* 113 F.3d 995, 996 (9th Cir. 1997).

Because USCG is legally responsible for the operation of the Los Angeles-Long Beach VTS, only the United States can be sued for negligence in its operation. Amplify's Third-Party Complaint alleges a cause of action against Marine Exchange in

negligence arising out of the same subject matter as would a negligence claim against the United States, so it is precluded by 46 U.S.C. 30904.

### D.    Marine Exchange Is An Agent Of The United States

In *Dearborn v. Mar Ship Operations, Inc.,* 113 F.3d 995 (9th Cir. 1997), the Ninth Circuit adopted the common law definition of agent when analyzing relationships between the United States and private entities for purposes of the exclusivity provision of the Suits in Admiralty Act. The court held that two characteristics are usually dispositive: (1) the United States must exercise significant control over the agent's activities – either day-to-day control or overall control and direction of the mission, and (2) the agent must be engaged in conducting the business of the United States. *Id.* at 997-8 & n.3; *Shaw v. United States*, 436 F.Supp.3d 1315, 1324 (N.D. Cal. 2020).

The United States exercises significant control over Marine Exchange's activities, both in terms of day-to-day control and overall control and direction of the mission. Amplify's own Third-Party Complaint alleges that "Marine Exchange operates the VTS for Southern California in conjunction with the Coast Guard," (TPC ¶ 53) acknowledging that USCG officers are an integral part of the day-to-day operations of the VTS along with Marine Exchange employees. As already noted, overall control and direction of the mission lies with USCG as a matter of law, because Marine Exchange is only authorized to act under the supervision of USCG. Cal. Harb. & Nav. Code §445(a).

Operating the VTS is very much "the business of the United States," because USCG has primary responsibility for operating aids to navigation such as the VTS. 14 U.S.C. §102(3).

### E.    The Legal Effect of 46 U.S.C. § 30904.

The legal effect of 46 U.S.C. 30904 is that the Court does not have subject-matter jurisdiction to hear Amplify's Third-Party Complaint against Marine Exchange. *Ali v. Rogers*, 780 F.3d 1229, 1236 (9th Cir. 2015).

## IV.   BACKGROUND INFORMATION SUBJECT TO JUDICIAL NOTICE AND HELPFUL BUT NOT ESSENTIAL TO MOTION

In connection with this motion, Marine Exchange submits two documents which illustrate the respective roles of USCG and the Marine Exchange and reinforce the legal points herein, and are thus helpful to the understanding of the motion, and to that end Marine Exchange requests judicial notice thereof.  But, they are not essential to this motion which can be decided solely on the basis of the pleadings and law cited herein.

A USCG memorandum dated August 13, 2020 delegates Captain of the Port Authority for VTS operations at Los Angeles-Long Beach to USCG officers. The memorandum makes it quite clear that although "[b]oth civilian employees of the Marine Exchange and Coast Guard personnel stand watch at VTS" (COTP memo, para. 3(a)), it is the USCG personnel who are in charge, consistently with the delegation of legal authority to them. The memo states (para. 3(b)):

> The COTP holds federal authority which may be used to exert real-time control over the movement of vessels under certain circumstances. This authority is derived from the *Ports and Waterways Safety Act* and is contained in regulations published in Title 33 Code of Federal Regulations (CFR) Part 160. Coast Guard watchstanders who exercise COTP authority in accordance with this memorandum are doing so as the direct representative of the COTP.

A *Memorandum of Agreement for Vessel Traffic Management in the Los Angeles-Long Beach Approaches and Harbors* between USCG, the State of California, the Port of Los Angeles, the Port of Long Beach, Jacobsen Pilot Service, Los Angeles Pilot Service and the Marine Exchange provides for cooperation in "the process of overseeing safe and efficient maritime operations in the approaches to, and within the Los Angeles-Long Beach Harbors" (MOA p. 1), but it specifically provides (as it surely had to), "Nothing in this Agreement is intended to conflict with current law or regulation of the United States…" (*Id.* p. 2). Thus, although the parties agree to cooperate in operating the vessel traffic management system, they do so recognizing the legal context of federal law (among other things).

**V.    CONCLUSION**

    For reasons set forth herein, Marine Exchange respectfully requests that this Court grant its motion, and dismiss the action against it with prejudice.


Dated:  June 13. 2022                    CLYDE & CO LLP


                                         By:  /s/ *Conte C. Cicala*
                                              Conte C. Cicala
                                              Attorneys for Third-Party Defendant
                                              MARINE EXCHANGE OF LOS
                                              ANGELES-LONG BEACH HARBOR dba
                                              MARINE EXCHANGE OF SOUTHERN
                                              CALIFORNIA