Christopher W. Keegan (SBN 232045)
chris.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California St., Suite 2900
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500

Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower St., Suite 3700
Los Angeles, CA 90071
Tel: (213) 680-8400 / Fax: (213) 680-8500

Daniel T. Donovan (admitted *pro hac vice*)
ddonovan@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200

Anna Rotman (admitted *pro hac vice*)
anna.rotman@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Tel: (713) 836-3600 Fax: (713) 836-3601

[*additional counsel on signature page*]

*Counsel for the Amplify Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, Jr.; CHANDRALEKHA WICKRAMASEKARAN and RAJASEKARAN WICKRAMASEKARAN, as Trustees of THE WICKRAMASEKARAN FAMILY TRUST established March 12, 1993; et al. individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>  v.<br><br>AMPLIFY ENERGY CORP.; BETA OPERATING COMPANY, LLC; and SAN PEDRO BAY PIPELINE COMPANY,<br><br>     Defendants/Third-Party Plaintiffs,<br>  v. | CASE NO. 8:21-cv-01628-DOC-JDE<br><br>**AMPLIFY'S OPPOSITION TO DORDELLAS FINANCE CORP., MSC MEDITERRANEAN SHIPPING COMPANY S.A., AND MSC DANIT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Judge:         Hon. David O. Carter<br>Hearing Date: July 11, 2022<br>Time:          8:30 a.m.<br>Courtroom:    10 A |

| | |
|---|---|
| 1 | MEDITERRANEAN SHIPPING COMPANY, S.A.; DORDELLAS FINANCE CORPORATION; MSC DANIT; ROES 1-100; COSTAMARE SHIPPING CO., S.A.; CAPETANISSA MARITIME CORPORATION; V.SHIPS GREECE LTD.; COSCO BEIJING; ROES 101-200; and MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR d/b/a MARINE EXCHANGE OF SOUTHERN CALIFORNIA, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Defendants/Third-Party Defendants. |
| 9 | |

# TABLE OF CONTENTS

**Page**

**INTRODUCTION** ...................................................................................................... 1

**BACKGROUND** ........................................................................................................ 2

**LEGAL STANDARD** ............................................................................................... 4

**ARGUMENT** .............................................................................................................. 5

    **I.**    **Beta And San Pedro Bay Pipeline Company Have Plead Valid Claims For OPA Contribution Under Section 2709** ................................................... 5

    **II.**   **Amplify Should Be Permitted To Pursue Its Claims Against the Roe Defendants** ....................................................................................................... 7

    **III.**  **Amplify Requests, And Should Be Granted, Leave To Amend Its Third-Party Complaint In The Event The Court Finds Deficiencies.** ......... 9

**CONCLUSION** ........................................................................................................ 10

i

AMPLIFY'S OPPO. TO DORDELLAS FINANCE CORP., MSC MEDITERRANEAN SHIPPING CO. S.A., AND MSC DANIT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 4

*Autodesk, Inc. v. Zwcad Software Co.*,
  2015 WL 2265479 (N.D. Cal. May 13, 2015) ...................................................... 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 4, 8

*Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*,
  403 U.S. 388 (1971) ............................................................................................... 8

*Carcieri v. Salazar*,
  555 U.S. 379 (2009) ............................................................................................... 6

*Crowley v. Bannister*,
  734 F.3d 967 (9th Cir. 2013) ................................................................................. 9

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) ............................................................................... 10

*Doe v. Tapang*,
  2019 WL 3576995 (N.D. Cal. Aug. 6, 2019) ........................................................ 8

*Dunham v. Lei*,
  2021 WL 4595808 (C.D. Cal. June 7, 2021) ......................................................... 8

*East Bay Sanctuary Covenant v. Biden*,
  993 F.3d 640 (9th Cir. 2021) ................................................................................. 6

*Ehrilch v. BMW of N. Am., LLC*,
  801 F. Supp. 2d 908 (C.D. Cal. 2010) ................................................................... 4

*Gillespie v. Civiletti*,
  629 F.2d 637 (9th Cir. 1980) ............................................................................. 7, 9

*Noel v. Unknown*,
  2018 WL 3013385 (E.D. Cal. June 14, 2018) ....................................................... 8

*OSU Student All. v. Ray*,
   699 F.3d 1053 (9th Cir. 2012) ............................................................................... 4

*Stafford v. Hernandez*,
   2008 WL 4836523 (S.D. Cal. Aug. 4, 2008) ......................................................... 8

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ............................................................................... 4

*Ticketmaster L.L.C. v. Prestige Entmt West, Inc.*,
   315 F. Supp. 3d 1147 (C.D. Cal. 2018) ................................................................. 9

*United States v. Aguilar*,
   782 F.3d 1101 (9th Cir. 2015) ............................................................................... 5

*United States v. Cathcart*,
   2008 WL 1787881 (N.D. Cal. Apr. 18, 2008) ..................................................... 10

**Federal Rules**

Federal Rule of Civil Procedure 8(a)(2) ................................................................. 4, 8

Federal Rule of Civil Procedure Rule 12(b)(6) ..................................................... 4, 10

Federal Rule of Civil Procedure 12(e) ..................................................................... 10

Federal Rule of Civil Procedure 15(a) ..................................................................... 10

Supplemental Rule E
   of the Supplemental Admirality and Maritime Rules ........................................... 5

Supplemental Rule G
   of the Supplemental Admirality and Maritime Rules ........................................... 5

**Federal Statutes**

33 U.S.C.
   § 2701 .................................................................................................................... 6
   § 2709 ............................................................................................................ 1, 5, 6

46 U.S.C.
   § 30501, *et seq.* ..................................................................................................... 3

Oil Pollution Act of 1990 ................................................................................. *passim*

# INTRODUCTION

Third-Party Defendants Dordellas Finance Corp., MSC Mediterranean Shipping Company S.A. and MSC Danit's (collectively, the "*Danit* Parties") motion to dismiss the Amplify Defendants' contribution claims under the Oil Pollution Act of 1990 ("OPA") has no basis in law and should be denied in its entirety.

*First*, the *Danit* Parties' argument that defendants Beta Operating Company, LLC ("Beta") and San Pedro Bay Pipeline Company cannot seek contribution under OPA because they are not "responsible parties" under OPA is contrary to the plain language of the statute and not supported by a single citation to case law. There is **no** basis or legal support for the *Danit* Parties to claim that Beta and San Pedro Bay Pipeline Company cannot join Amplify Energy in bringing the OPA contribution claim. Section 2709 of OPA provides that "[a] *person* may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." 33 U.S.C. § 2709 (emphasis added). The class-action plaintiffs in this matter have brought OPA claims against all three Amplify Defendants. As "person[s]" under the statute, Beta and San Pedro Bay Pipeline may seek contribution from the *Danit* Parties to the extent that they have any liability to the class-action plaintiffs or others under OPA.

*Second*, the Amplify Defendants should be able to pursue their claims against the *Roe* defendants. The Ninth Circuit expressly allows a party to name *Roe* defendants where their identities are not known prior to filing the complaint, but are otherwise discoverable without any specific pleading requirement. The Amplify Defendants did not know the name of the *Danit's* captain and/or crew at the time they filed the complaint, but their identities are certainly discoverable. The *Danit* Parties fault Amplify for not specifically pleading *why* they did not know or could not ascertain the real names of the *Danit*'s captain and/or crew at the time they filed their complaint. But the *Danit* Parties' argument finds little support in the law, and the Amplify Defendants' complaint puts the *Danit* Parties on notice of these *Roe* defendants. Further, the *Danit*

Parties conveniently ignore that Amplify sought this information from them before filing the complaint and the *Danit* Parties refused to respond. While not necessary to do so, Amplify will seek leave to amend its complaint this week and will clarify why the *Roe* defendants remain unknown in its first amended complaint. Amplify will also seek leave of the court to substitute the identities of these *Roe* defendants once it is able to identify the specific crew members involved after the *Danit* Parties provide sufficient discovery to do so.

Since there is no legal basis for either of the *Danit* Parties efforts to dismiss Count One of the complaint, the motion should be denied. To the extent the Court believes there are any deficiencies in Amplify's third-party complaint, Amplify requests leave to file an amended complaint curing such deficiencies.

**BACKGROUND**

Amplify Energy Corp. ("Amplify Energy"), Beta Operating Company, LLC ("Beta"), and San Pedro Bay Pipeline Company (collectively, "Amplify" or the "Amplify Defendants") have been sued in numerous lawsuits stemming from the October 2021 oil spill from the San Pedro Bay Pipeline (the "Pipeline"). ECF No. 123 ¶ 109. The Court has consolidated those lawsuits into this action, and the class-action plaintiffs have filed a consolidated complaint bringing OPA claims against the Amplify Defendants. *Id*. The class-action plaintiffs seek damages from the Amplify Defendants for various alleged injuries, including economic losses and property damage related to the discharge of oil from the Pipeline. *Id.*

On February 28, 2022, the Amplify Defendants filed a third-party complaint against the *Danit* Parties, alleging that the *Danit* was a cause of the October 2021 leak because it drug its anchor across the Pipeline, striking it where the Pipeline cracked.[1]

---

[1] The Amplify Defendants filed this complaint as opposed to arresting or seizing the *Danit* as the *Danit* Parties previously served a Letter of Undertaking on Amplify Energy, agreeing to appear *in rem* in any lawsuit. Ex. 02, November 19, 2021 MSC *Danit* Letter of Undertaking. The Letter bounds and benefits Amplify Energy *and* its affiliates and subsidiaries, including Beta and San Pedro Bay Pipeline Company. *Id.*

ECF No. 123. The Amplify Defendants seek contribution from the *Danit* Parties under OPA, as well as damages, under maritime law, for negligence per se, negligence, and trespass (the "non-OPA claims"). ECF No. 123. As part of their complaint, the Amplify Defendants also assert the same claims against the unknown captain and crew of the *Danit* at the time of the alleged conduct, *Roes* 1-100. ECF No. 123 ¶ 7. The Amplify Defendants served informal discovery requests seeking "MSC *Danit*'s crew list in effect on January 25, 2021" prior to the filing of their complaint, but the *Danit* Parties refused to provide this information. Ex. 01, February 4, 2022 Discovery Requests. Accordingly, Amplify did not know the identities of the captain and crew of the *Danit* at the time they filed their complaint. After it filed the complaint, Amplify served formal discovery requests on the *Danit* Parties requesting the "MSC *Danit*'s crew list in effect on January 25, 2021."[2] On June 7, the *Danit* Parties produced a list of 21 crew members of the *Danit* as of January 1, 2021, including names and titles.[3] At this time, the Amplify Defendants still do not know *which* of these crew members was on board and on shift during the relevant period, or *which* of those crew members were responsible for the movement, operation, and conduct of the *Danit* when it struck the Pipeline.

On March 31, 2022, the *Danit* Parties filed a Limitation of Liability Action pursuant to 46 U.S.C. § 30501, *et seq.*, and requested an immediate stay of all non-OPA claims and proceedings against them related to or arising from the October 2021 spill.

---

[2] February 4, 2022 Amplify Defendants' First Set of Requests for Production to Defendant Dordellas Finance Corp., Request for Production No. 8; February 4, 2022 Amplify Defendants' First Set of Requests for Production to Defendant Mediterranean Shipping Company S.A., Request for Production No. 8; *see also* March 10, 2022 Amplify's First Set of Requests for Production to Defendant MSC Danit, Request for Production No. 8.

[3] June 7, 2022 Response of Dordellas Finance Corp. to Amplify Energy Corp. Beta Operating Company, LLC, and San Pedro Bay Pipeline's Request for Production of Documents, Set One, Response to RFP No. 8; June 7, 2022 Response of Mediterranean Shipping Company S.A. to Amplify Energy Corp. Beta Operating Company, LLC, and San Pedro Bay Pipeline's Request for Production of Documents, Set One, Response to RFP No. 8.

*In the Matter of the Complaint of Dordellas Finance Corp., et al.*, No. 2:22-cv-02153-DOC-JDE, ECF No. 1.  The Court issued its order on May 25, 2022, staying three of Amplify's claims and allowing Amplify's OPA contribution claim to go forward.  *In the Matter of the Complaint of Dordellas Finance Corp., et al.*, No. 2:22-cv-02153-DOC-JDE, ECF No. 19.  The parties agree that in light of the Court's May 25, 2022 Order, at this time unless the Court instructs otherwise, Amplify does not need to oppose or otherwise respond to the *Danit* Parties' arguments to dismiss Counts Two to Four of Amplify's third-party complaint, which are stayed.  Amplify will file an opposition to the *Danit* Parties' motion to dismiss its non-OPA claims once the Court lifts the stay.  This Opposition is focused on the *Danit* Parties' motion to dismiss Amplify's OPA contribution claim, Count One of the complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Amplify need not offer "detailed factual allegations," only "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557–58 (2007).  To survive a Rule 12(b)(6) motion, a plaintiff's claim must merely be "plausible on its face," which means that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678.  All allegations of fact in the Amplify Defendants' third-party complaint are taken as true and must be construed in the light most favorable to the Amplify Defendants.  *See, e.g.*, *OSU Student All. v. Ray*, 699 F.3d 1053, 1058 (9th Cir. 2012); *Ehrilch v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 915 (C.D. Cal. 2010).  And the factual allegations of the complaint "need only plausibly suggest an entitlement to relief."  *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011).  Rule 8(a) "'*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations."  *Id.* (citing *Twombly*, 550 U.S. at 556).

Supplemental Admiralty and Maritime Rule E(2)(a) requires that a complaint in an admiralty action, like here, "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." SUPP. ADMIRALTY OR MARITIME CLAIMS & ASSET FORFEITURE ACTIONS R. E(2)(a). This standard presents a "low bar." *United States v. Aguilar*, 782 F.3d 1101, 1109 (9th Cir. 2015).[4] The Amplify Defendants need only allege facts that "permit a reasonable belief" that the *Danit* Parties are liable under admiralty and allow them to "draft[] a responsive pleading." *Id.*

## ARGUMENT

The *Danit* Parties' motion to dismiss Count One of the complaint has no basis in fact or law and should be denied. *First*, Beta and San Pedro Bay Pipeline Company have stated valid claims for OPA contribution because the plain language of the statute allows a "person" to seek contribution, not just a "responsible party." *Second*, the Amplify Defendants should be able to pursue its claims against the *Roe* defendants because the identities of such defendants were not known or ascertainable at the time Amplify filed its complaint, but are discoverable.

### I. BETA AND SAN PEDRO BAY PIPELINE COMPANY HAVE PLED VALID CLAIMS FOR OPA CONTRIBUTION UNDER SECTION 2709.

The *Danit* Parties misleadingly contend that neither Beta nor San Pedro Bay Pipeline Company can assert OPA contribution claims because neither are designated as a "responsible party" under OPA. ECF No. 194 at 9-11; ECF No. 235. They claim that Section 2709 states that "'[r]esponsible parties'"—and only responsible parties—"are … entitled 'to seek contribution against any person who is liable or potentially liable under this Act or another law.'" ECF 194 at 9; ECF No. 235. That argument is untethered to the plain text of OPA, which nowhere limits OPA contribution claims to

---

[4] The Court in *Aguilar* was interpreting Supplemental Rule G(2), which codifies the standard established in Supplemental Rule E(2)(a). *Id.* at 1108-09.

responsible parties. The *Danit* Parties simply make up this limitation, and tellingly, fail to cite a single case in support.

The plain and unambiguous language of Section 2709 allows each of the Amplify Defendants to assert OPA contribution claims against the *Danit* Parties. Section 2709 of OPA provides that "[a] *person* may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." 33 U.S.C. § 2709 (emphasis added). In turn, the term "person" is defined as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 2701(27). Nowhere does Section 2709 dictate that *only* a responsible party may bring a statutory contribution claim. Where, as here, the "statutory text is plain and unambiguous," courts "must apply the statute according to its terms." *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009). Under the statute's plain language, Beta and San Pedro Pipeline Company are "person[s]" and may assert OPA contribution claims.

The *Danit* Parties do not cite a single case or other authority for their invented limitation on OPA contribution, and there are none. The only support they offer is a misquote of Section 2709 that substitutes "responsible party" for "person." *See* ECF 194 at 9. Absent any support in the text of OPA, the *Danit* Parties should at least have offered some support in the case law or other authority. But they do not. Their argument is simply made up, and there is no basis for dismissing Beta and San Pedro Pipeline Company's well-pled OPA contribution allegations.

The *Danit* Parties' interpretation of OPA's contribution provision is not only contrary to the plain language of the statute, it would also lead to an interpretation of OPA that is absurd. *See East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 670 (9th Cir. 2021) ("We avoid absurd results when interpreting statutes."). If the Court were to adopt the *Danit* Parties' interpretation of OPA's contribution provision, that would effectively mean that *all three* Amplify Defendants may have to pay damages to the class-action plaintiffs under OPA, but *only* Amplify Energy could seek contribution

from the *Danit* Parties. Such an absurd result is not contemplated by the OPA and should not be adopted by the Court. *Id.*

Moreover, the *Danit* itself acknowledged that Beta and San Pedro Bay Pipeline Company may bring claims against it. On November 19, 2021, the *Danit* issued a Letter of Undertaking ("LOU") to Amplify Energy that explicitly benefits Amplify's "subsidiaries," which include Beta and San Pedro Bay Pipeline Company. Ex. 02, November 19, 2021 MSC Danit Letter of Undertaking at 1, 3. As part of this LOU, the *Danit* agreed to appear *in rem* in any suit filed by any of the Amplify Defendants arising from its anchor strike of the Pipeline in consideration of Amplify Energy and any of its affiliates refraining from arresting or seizing the *Danit* through the *in rem* process. *Id.* Against this background, it is nonsensical for the *Danit* Parties to now assert that neither Beta nor San Pedro Bay Pipeline Company, Amplify Energy's subsidiaries, can bring OPA claims against them.

## II. AMPLIFY SHOULD BE PERMITTED TO PURSUE ITS CLAIMS AGAINST THE ROE DEFENDANTS.

There is no doubt that use of *Roe* defendants is appropriate where, like here, the "identity of [the] alleged defendants w[ere] not [] known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Indeed, the *Danit* Parties admit that Amplify can assert claims against unknown *Roe* defendants. ECF No. 194 at 13. Nevertheless, the *Danit* Parties argue Amplify's claims against *Roes* 1-100 defendants, *i.e.* the *Danit's* unknown captain or crew, must be dismissed because Amplify did not specifically allege *why* the defendants' real names were not known or ascertainable when the Amplify Defendants filed their complaint. *Id.* But the *Danit* Parties' argument finds little support in the law, Amplify's complaint put the *Danit* Parties on notice of who the *Roe* defendants are, and discovery should progress to permit Amplify to learn the same.

The *Danit* Parties' contention that Amplify must plead *why* it does not know the names of the *Danit's* captain and crew finds little support in the law. The only case to

which the *Danit* Parties cite is *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 (1971). But *Bivens* is silent as to whether a plaintiff needs to allege *why* the defendants' names were not known or ascertainable. Indeed, the language to which the *Danit* Parties cite simply notes that, like here, the defendants in *Bivens* were not named in the complaint. *Id.* at 390 n.2. And although a handful of district court cases erroneously cite to this same language in *Bivens*,[5] none of them explains how *Bivens* supports such a pleading requirement or how such a requirement comports with Rule 8's requirement of "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2). And, of course, none of those cases is binding upon this Court.

Further, there is no doubt that Amplify's pleading satisfies Rule 8 because it "give[s] the defendant[s] fair notice of what the … claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. Amplify alleged the time, place, and nature of the MSC *Danit*'s anchor strike on the Pipeline. ECF No. 123 ¶¶ 65-98. And as operators, managers, and owners of the MSC *Danit*, the *Danit* Parties know the identity of the captain and crew—*i.e.*, their employees and agents—of the vessel during the anchor strike. As a result, Amplify's complaint "satisfies the low bar of Rule 8." *See Dunham v. Lei*, 2021 WL 4595808, at *3 (C.D. Cal. June 7, 2021) (finding that plaintiffs' *Doe* allegations generally satisfied Rule 8's "low bar").

In all events, the *Danit* Parties are slow-playing discovery while they simultaneously move to dismiss on the same issue. Prior to filing its complaint, on February 4, 2022, Amplify served informal discovery on the *Danit* Parties seeking the "MSC Danit's crew list in effect on January 25, 2021." Ex. 01, February 4, 2022 Discovery Requests. The *Danit* Parties, however, refused to provide this information, and Amplify proceeded against the unknown captain and crew as *Roe* defendants. Finally, on June 7, 2022, after months of delay in producing discovery, the *Danit* Parties

---

[5] *See, e.g., Doe v. Tapang,* 2019 WL 3576995, at *4 (N.D. Cal. Aug. 6, 2019); *Stafford v. Hernandez,* 2008 WL 4836523, at *1 (S.D. Cal. Aug. 4, 2008); *Noel v. Unknown,* 2018 WL 3013385, at *1 (E.D. Cal. June 14, 2018).

provided a list identifying 21 crew members aboard the *Danit* on January 1, 2021—three weeks prior to when the *Danit* arrived in Long Beach. While Amplify now has a crew list from *weeks* before the January 25 incident, it still does not know which of these crew members was on board or on shift during the anchor drag, or which of those crew members were responsible for the movement, operation, and conduct of the *Danit* when it struck the pipeline. The *Danit* Parties should not be able to benefit from their own delay.

Instead, the appropriate course here is that Amplify "**should be given an opportunity through discovery to identify the unknown defendants**[.]" *Gillespie*, 629 F.2d at 642 (emphasis added); *see also Crowley v. Bannister*, 734 F.3d 967 (9th Cir. 2013) (same); *Ticketmaster L.L.C. v. Prestige Entmt West, Inc.*, 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018) (same). There is no doubt that discovery can and will uncover the crewmembers responsible for damaging the San Pedro Bay Pipeline because their identities and role in the misconduct can be readily discovered through interrogatories, requests for production, and depositions. Therefore, the Court should permit discovery to proceed against the *Danit* Parties so that Amplify may have the opportunity to identify the unknown defendants. After Amplify has had sufficient time to review the *Danit* Parties' productions and investigate the responsible crew members, Amplify will seek leave to amend its complaint to replace the name of the *Roe* defendants with the names of the specific captain and/or crew members from the MSC *Danit*.[6]

### III. AMPLIFY REQUESTS, AND SHOULD BE GRANTED, LEAVE TO AMEND ITS THIRD-PARTY COMPLAINT IN THE EVENT THE COURT FINDS DEFICIENCIES.

To the extent that the Court finds deficiencies in Amplify's third-party complaint—and it should not—Amplify requests that the Court grant it leave to amend its complaint to address such deficiencies.

---

[6] Amplify acknowledges that Local Rule 19-1 limits parties to pleading ten *Roe* defendants and does not contest the dismissal of *Roes* 11-100.

The Ninth Circuit instructs that courts should freely grant leave to amend when justice so requires pursuant to Federal Rule of Civil Procedure 15(a), and that this "policy of favoring amendments to pleadings should be granted with "extreme liberality."" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)); *see also Autodesk, Inc. v. Zwcad Software Co.*, 2015 WL 2265479, at *3, *6 (N.D. Cal. May 13, 2015) (finding that "even if a court should find that an operative complaint is lacking in specificity, leave to amend to cure any such deficiencies should be freely granted" and denying defendants' 12(b)(6) motion to dismiss). "Leave to amend is thus ordinarily permitted unless the amendment is futile, untimely, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive." *United States v. Cathcart*, 2008 WL 1787881, at *1 (N.D. Cal. Apr. 18, 2008).

Under the present circumstances, Amplify should be granted leave to amend its third-party complaint in the event that the Court finds any deficiencies. Only four months have passed since Amplify first filed its third-party complaint, Amplify has not yet requested leave to amend its complaint, and the *Danit* Parties themselves have requested that Amplify amend its complaint by virtue of filing a Rule 12(e) motion for a more definitive statement. ECF No. 195. Against this background, Amplify's amendment of its complaint would not be futile, untimely, cause undue prejudice, or be motivated by bad faith or a dilatory motive.

## CONCLUSION

For the reasons set forth above, the Court should deny the *Danit* Parties' Motion to Dismiss Third Party Complaint Pursuant to Federal Rule 12(b)(6) as it relates to Count One of the complaint and Amplify's claims against the *Roe* Defendants.

DATED: June 13, 2022

Respectfully submitted,

*s/ Christopher W. Keegan*

Christopher W. Keegan (SBN 232045)
chris.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California St., Suite 2900
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500

Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower St., Suite 3700
Los Angeles, CA 90071
Tel: (213) 680-8400 / Fax: (213) 680-8500

Daniel T. Donovan (admitted *pro hac vice*)
ddonovan@kirkland.com
Matthew Owen (admitted *pro hac vice*)
matt.owen@kirkland.com
Holly Trogdon (admitted *pro hac vice*)
holly.trogdon@kirkland.com
McClain Thompson (admitted *pro hac vice*)
mcclain.thompson@kirkland.com
Ross Powell (admitted *pro hac vice*)
ross.powell@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200

Anna Rotman (admitted *pro hac vice*)
anna.rotman@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Tel: (713) 836-3600 / Fax: (713) 836-3601

*Counsel for the Amplify Defendants*

11
AMPLIFY'S OPPO. TO DORDELLAS FINANCE CORP., MSC MEDITERRANEAN SHIPPING CO. S.A., AND MSC DANIT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)