# EXHIBIT 1

Christopher W. Keegan (SBN 232045)
chris.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California St., Suite 2900
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Daniel T. Donovan (Admitted *pro hac vice*)
ddonovan@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

Anna Rotman (Admitted *pro hac vice*)
anna.rotman@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601

*Counsel for Defendants Amplify Energy Corp.,
Beta Operating Company, LLC, and San
Pedro Bay Pipeline Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| PETER MOSES GUTIERREZ, Jr., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY ENERGY CORP. et al.,<br><br>Defendants. | Case No. 8:21-cv-01628-DOC-JDE<br><br>**AMPLIFY DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT MSC MEDITERRANEAN SHIPPING COMPANY**<br><br>Judge:         Hon. David O. Carter<br>Magistrate:   John D. Early |

| | | |
|---|---|---|
| **PROPOUNDING PARTY:** | DEFENDANTS AMPLIFY ENERGY CORP., BETA OPERATING COMPANY, LLC, AND SAN PEDRO BAY PIPELINE COMPANY |
| **RESPONDING PARTIES:** | MSC MEDITERRANEAN SHIPPING COMPANY |
| **SET NO.:** | ONE (1) |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Amplify Energy Corp., Beta Operating Company, LLC, and San Pedro Bay Pipeline Company (collectively, "Amplify") request that MSC Mediterranean Shipping Company ("Mediterranean Shipping") produce for inspection and copying each of the Documents described below within 30 days of the commencement of discovery ("Requests").

# DEFINITIONS

Unless otherwise indicated, the following definitions apply:

1. "You" or "Your" refers to MSC Mediterranean Shipping Company ("Mediterranean Shipping").

2. "Action" refers to this consolidated litigation, *Peter Moses Gutierrez, Jr., et al. v. Amplify Energy Corp. et al.*, No. 8:21-cv-01628-DOC-JDE (C.D. Cal.). *See id.*, ECF No. 44, at 2 (consolidating pending class actions into 8:21-cv-01628-DOC-JDE).

3. "Communication(s)" means the transmittal of information of any kind in any form. "Communications" also includes all Documents reflecting Communications.

4. "Document" or "Documents" as used herein includes any medium upon which information is or can be recorded, including without limitation the following items, whether printed or reproduced or stored or recorded by any process, or written, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, books, periodicals, printed publications, Communications, telexes, telegrams, memoranda, summaries or records of telephone conversations, electronic or SMS text messages, social media or Internet posts or messages, emails, chat logs, summaries and research reports and notebooks, charts, lists, schedules, plans, drawings, photographs, diaries, studies, evaluations, worksheets, minutes or records of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, opinions of counsel, agreements, contracts, reports or summaries of negotiations, court papers, administrative agency papers, transcripts, brochures, pamphlets, advertisements, circulars, promotions material, trade letters, press releases, videotapes, radio tapes, electronic mail, story boards, recordings, drafts of Documents and revisions of drafts of Documents.

5. "Governmental Body," whether capitalized or not, means any federal, state, regulatory, or administrative body, including but not limited to the United States

Coast Guard, the United States Department of Justice, and the National Transportation Safety Board.

6. "Including," whether capitalized or not, means including without limitation.

7. "Oil Spill" refers to the discharge of oil that occurred off the coast of Orange County, California, in October 2021 and that is a subject of this Action.

8. "OPA" means the federal Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*.

9. "Person" and its plural shall mean any natural persons, corporations, professional corporations, limited liability partnerships, firms, partnerships, associations, joint ventures, trusts, trustees, proprietorships, entities, government or governmental entities, and all other forms of organizations, associations or entities, and any past or present officer, director, partner, principal, agent, trustee, beneficiary, or representative of such person.

10. "Present" means through and including the date of Your response to these Requests.

11. "Regarding" means anything directly or indirectly pertaining to, concerning, alluding to, responding to, connected with, commenting on, in respect of, about, discussing, showing, describing, mentioning, analyzing, studying, reflecting, evidencing, containing, or constituting, in whole or in part.

12. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

13. The terms "any" and "all" shall each be construed to mean "any and all."

14. The term "each" includes the word "every" and "every" includes the word "each."

15. The masculine form of any noun or pronoun includes the feminine and the neuter form and the feminine or neuter form includes the masculine form.

16. The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

## INSTRUCTIONS

1. You shall respond individually and independently to each Request.

2. For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

3. If You object to any part of the Request, You shall set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

4. If You withhold any Document responsive to the Request under a claim of privilege, You shall, for each such withheld Document, provide a description of the Document and a statement of the basis upon which the privilege asserted is claimed. Such description(s) shall be sufficiently detailed to permit the parties and the Court to evaluate the claim(s) of privilege.

5. You shall produce each Document in its entirety.

6. Documents provided in response hereto shall be produced as they are kept in the ordinary course.

7. You shall produce as a separate document any Document that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document without such marks.

8. In the event that any Document called for hereby was formerly in Your possession, custody, or control and has been lost or destroyed, that Document is to be identified in writing as follows: (1) addressor, addressee, or Person who prepared or authorized the Document, indicated or blind copies; (2) date of preparation or transmittal; (3) subject matter; (4) number of pages, attachments, or appendices; (5) all Persons to whom distributed; (6) date of loss or destruction; and (7) if destroyed, the manner of destruction, reason for destruction, Persons authorizing destruction, and Persons who destroyed the Document.

9. These discovery Requests are deemed continuing so as to require further and supplemental production if additional Documents are received, generated, or discovered after the time of the original production. If, after responding to these Requests, You obtain or become aware of any additional Documents that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents.

10. The information and Documents requested include not only those personally known or available to Mediterranean Shipping, but also those known or available to all of Mediterranean Shipping's attorneys, agents, employees, representatives, private investigators, and others who are in possession of or who may have obtained information for or on behalf of Mediterranean Shipping.

11. Unless otherwise indicated, the Time Period for these requests is December 1, 2020 to Present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications produced by You to any Governmental Body, and all Communications with any Governmental Body, regarding the Oil Spill, or any collisions, allisions, anchor-dragging incidents, anchor strikes, or heavy weather events involving the MSC Danit that have occurred since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications regarding the Oil Spill, or any collisions, allisions, anchor-dragging incidents, anchor strikes, or heavy weather events involving the MSC Danit since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 3:**

Minutes of all meetings regarding the MSC Danit since January 1, 2021 in which collisions, allisions, anchor dragging incidents, anchor strikes, or heavy weather events were discussed.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications since December 1, 2020 with (a) the United States Coast Guard, (b) the Marine Exchange of Los Angeles-Long Beach Harbor or the Marine Exchange of Southern California, (c) the Vessel Traffic Service at the Ports of Los Angeles-Long Beach, or (d) the National Transportation Safety Board.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications with any vessels—including but not limited to the COSCO Beijing—that were anchored or located within the San Pedro Bay, the Ports of Los Angeles-Long Beach, and the immediately surrounding area from December 1, 2020 to February 28, 2021.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents regarding or reflecting Communications to or from the MSC Danit between January 24, 2021 and January 26, 2021.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications regarding the MSC Danit's movements—including but not limited to Automatic Identification System ("AIS") data—since December 1, 2020.

**REQUEST FOR PRODUCTION NO. 8:**

All of the following records:

- MSC Danit's vessel logs, deck logs, engine logs, smooth logs, and rough logs from December 1, 2020 to February 28, 2021;
- MSC Danit's engine room bell log from January 24, 2021 to January 26, 2021;
- MSC Danit's voyage data recorder or vessel data recorder, and all data contained therein, from January 24, 2021 to January 26, 2021;
- Any depth recorder graph for the MSC Danit from January 25, 2021 or record of depth soundings for the MSC Danit taken on January 25, 2021;
- All stability records for the MSC Danit in effect on January 25, 2021;
- MSC Danit's crew list in effect on January 25, 2021.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and Communications sufficient to show MSC Danit's scheduled or actual travel to and/or from California's ports, including but not limited to the Port of Los Angeles-Long Beach, since December 1, 2018.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show Your insurance coverage, including but not limited to all insurance agreements, liability indemnification agreements, and documents evidencing the allocation of liability associated with Your operations.

| | | |
|---|---|---|
| DATED: February 4, 2022 | | Respectfully submitted, |

*/s/ Christopher W. Keegan*

Christopher W. Keegan (SBN 232045)
chris.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California St., Suite 2900
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Daniel T. Donovan (Admitted *pro hac vice*)
ddonovan@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

Anna Rotman (Admitted *pro hac vice*)
anna.rotman@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601

*Counsel for Defendants Amplify Energy Corp., Beta Operating Company, LLC, and San Pedro Bay Pipeline Company*