Christopher W. Keegan (SBN 232045)
chris.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California St., Suite 2900
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500

Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower St., Suite 3700
Los Angeles, CA 90071
Tel: (213) 680-8400 / Fax: (213) 680-8500

Daniel T. Donovan (admitted *pro hac vice*)    Anna Rotman (admitted *pro hac vice*)
ddonovan@kirkland.com                          anna.rotman@kirkland.com
KIRKLAND & ELLIS LLP                           KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.                 609 Main Street
Washington, D.C. 20004                         Houston, TX 77002
Tel: (202) 389-5000 / Fax: (202) 389-5200      Tel: (713) 836-3600 / Fax: (713) 836-3601

[*additional counsel on signature page*]

*Counsel for the Amplify Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, Jr.; CHANDRALEKHA WICKRAMASEKARAN and RAJASEKARAN WICKRAMASEKARAN, as Trustees of THE WICKRAMASEKARAN FAMILY TRUST established March 12, 1993; et al. individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br>      v.<br><br>AMPLIFY ENERGY CORP.; BETA OPERATING COMPANY, LLC; and SAN PEDRO BAY PIPELINE COMPANY,<br><br>              Defendants/Third-Party Plaintiffs,<br>      v. | CASE NO. 8:21-cv-01628-DOC-JDE<br><br>**DEFENDANTS/THIRD-PARTY PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED THIRD-PARTY COMPLAINT**<br><br>Judge:            Hon. David O. Carter<br>Hearing Date:   July 18, 2022<br>Time:            8:30 a.m.<br>Courtroom:       10 A |

1
2
3
4
5
6
7
8
9

MEDITERRANEAN SHIPPING COMPANY, S.A.; DORDELLAS FINANCE CORPORATION; MSC DANIT; ROES 1-100; COSTAMARE SHIPPING CO., S.A.; CAPETANISSA MARITIME CORPORATION; V.SHIPS GREECE LTD.; COSCO BEIJING; ROES 101-200; and MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR d/b/a MARINE EXCHANGE OF SOUTHERN CALIFORNIA,

Defendants/Third-Party Defendants.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................... 1

BACKGROUND ............................................................................................. 3

    A.   Amplify's Third-Party Complaint. ..................................................... 3

    B.   The Shipping Defendants' Rule 12 Motions. ..................................... 4

LEGAL STANDARD...................................................................................... 5

ARGUMENT .................................................................................................. 6

I.    GRANTING AMPLIFY LEAVE TO AMEND WILL STREAMLINE THIS ACTION............................................................................................ 6

    A.   Amplify's Amended Complaint Addresses Issues Raised By The Shipping Defendants' Rule 12 Motions. ......................................... 6

    B.   Amplify's Amended Complaint Includes Information From Discovery. ........ 10

    C.   Amplify's Amended Complaint Adds A New Claim....................................... 12

II.   NO REASON EXISTS TO DENY LEAVE TO FILE AN AMENDED COMPLAINT. ................................................................................. 13

III.  AMPLIFY'S AMENDED COMPLAINT WILL NOT INTERFERE WITH THE STAY. .................................................................................. 14

CONCLUSION.............................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Castillo-Antonio v. Mejia*,
  2014 WL 6735523 (N.D. Cal. Nov. 26, 2014) .................................................. 12

*Chudacoff v. Univ. Med. Ctr. of S. Nevada*,
  649 F.3d 1143 (9th Cir. 2011) ............................................................................. 9

*Discus Dental LLC v. Uluru, Inc.*,
  2014 WL 10987002 (C.D. Cal. Oct. 7, 2014) .................................................... 10

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ..................................................................... 1, 5, 6

*Finance Exp. LLC v. Nowcom Corp.*,
  564 F. Supp. 2d 1160 (C.D. Cal. 2008) ........................................................ 10, 12

*Foman v. Davis*,
  371 U.S. 178 (1962).................................................................................... 5, 13

*Gillespie v. Civiletti*,
  629 F.2d 637 (9th Cir. 1980) ............................................................................... 8

*Karim v. Finch Shipping Co.*,
  265 F.3d 258 (5th Cir. 2001) ............................................................................... 7

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) ............................................................................... 5

*Peter Moses Gutierrez, Jr., et al. v. Amplify Energy Corp., et al.*,
  No. 8:21-cv-01628-DOC-JDE (C.D. Cal. Dec. 20, 2021), ECF No. 44 ............. 3

*Powell v. Unum Life Ins. Co. of Am.*,
  2016 WL 8731383 (E.D. Cal. Sept. 30, 2016) .................................................. 13

*Rosales v. Scottsdale Ins. Co.*,
  2021 WL 3511198 (C.D. Cal. Aug. 5, 2021) ...................................................... 4

*Ruben v. Marina City Club Condo. Owners Ass'n*,
  2013 WL 6072998 (C.D. Cal. Nov. 18, 2013) .............................................. 1, 13

*United States v. Gila Valley Irrigation Dist.*,
  859 F.3d 789 (9th Cir. 2017) ............................................................................ 13

*Williamson v. Sacramento Mortg., Inc.*,
  2011 WL 4591098 (E.D. Cal. Sept. 30, 2011) ................................................... 14

**Statutes**

33 U.S.C. § 2709 ................................................................................................. 9

**Rules**

Fed. R. Civ. P. 15(a)(2) ...................................................................................... 5

Fed. R. Civ. P. 15(a)(3) ...................................................................................... 14

L.R. 19-1 ............................................................................................................ 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

**INTRODUCTION**

Defendants and Third-Party Plaintiffs Amplify Energy Corp. ("Amplify Energy"), Beta Operating Company, LLC ("Beta"), and San Pedro Bay Pipeline Company (collectively, "Amplify" or the "Amplify Defendants") move for leave to file an amended complaint (the "Amended Complaint," attached as Exhibit 1).[1]  Amplify's Amended Complaint will: (1) address and resolve issues raised in the Shipping Defendants' various Rule 12 motions; (2) add allegations and parties based on information Amplify has learned through discovery; and (3) add an additional claim for maritime contribution.

This motion should be granted.  "Rule 15 advises the court that leave [to amend] shall be freely given when justice so requires," and the Ninth Circuit has been clear that the Rule's "policy is to be applied with extreme liberality."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). Here, the Rule and its animating policy counsel in favor of granting Amplify's request for leave to amend, especially as this is Amplify's first such request.  *See Ruben v. Marina City Club Condo. Owners Ass'n*, 2013 WL 6072998, at *1 (C.D. Cal. Nov. 18, 2013) (granting motion for leave to amend because it was the plaintiff's first amended complaint and "in light of the policy favoring amendment") (citation omitted).

Amplify's proposed amendment should be granted for at least three reasons. ***First***, Amplify's proposed amendments will streamline proceedings.  It will do so by (1) addressing arguments raised in pending Rule 12 motions, including a motion for a more definite statement; (2) adding factual allegations and parties based on information learned in discovery; and (3) adding a common law contribution claim that will alleviate the need for Amplify to amend its complaint if the Court denies Amplify's motion to dismiss the class-action plaintiffs' non-OPA claims.  But even though the Shipping Defendants' have argued in their Rule 12 motions that Amplify's original complaint

---

[1] A redline comparing the proposed Amended Complaint and the complaint on file is attached as Exhibit 2.

requires clarification, the same Shipping Defendants have indicated they nevertheless *oppose* this motion.  To put it mildly, that makes no sense.  Having formally asked the Court to require Amplify to clarify its pleadings, the Shipping Defendants have no basis to then object to Amplify complying with their own request.  That tactic is not only illogical, it is wasteful of the Court's and the parties' resources—since if the Shipping Defendants had their way, the Court would have to expend time ruling on Rule 12 motions that could be addressed and mooted by amendment.  Beyond that, Amplify's amendment will streamline matters by adding factual allegations and parties to ensure that all relevant parties can litigate and resolve in one action all the relevant issues in an efficient manner.  Finally, although Amplify believes that the Oil Pollution Act of 1990 ("OPA") provides the sole cause of action for the class-action plaintiffs, the class-action plaintiffs have brought claims against Amplify under other laws.  In the event the Court denies Amplify's motion to dismiss the class-action plaintiffs' non-OPA claims, Amplify is adding a common law contribution claim to protect its interests against the Shipping Defendants who caused the spill.

**Second**, the motion should be granted because the Shipping Defendants cannot identify any prejudice to them (or the to-be-added parties) from granting Amplify's motion for leave to amend.  The Shipping Defendants will be able to file renewed motions to dismiss, if any good-faith basis remains, addressing any purported issues in the Amended Complaint.  The new parties surely have had notice of this action: One is in the same corporate family as the *Danit* owner and operator, and the other two are an operator and a charterer of the *M/V Beijing*.  And in any case, the Shipping Defendants have just now begun participating in discovery and even then in a very limited fashion. It will not delay or otherwise impede the case to add the new defendants.

**Third**, Amplify's amendments will not interfere with the stay ordered by the Court.  The Court has not stayed the Amplify Defendants' contribution claims under the OPA.  The Amplify Defendants' amendments address arguments in pending

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

motions related to their un-stayed OPA contribution claims, supplement allegations in support of the OPA claims, and involve claims against new parties.[2]

For these reasons and those that follow, Amplify respectfully requests that the Court grant it leave to file the Amended Complaint.

## BACKGROUND

### A.     Amplify's Third-Party Complaint.

In late January 2021, the MSC *Danit* and *M/V Beijing*[3] dragged their anchors while crossing over Amplify's subsea pipeline, Pipeline P00547 (the "Pipeline"). ECF No. 123 ¶¶ 82-93; *id.* at 4.  The anchor-dragging incidents damaged and displaced the Pipeline. *See id.* ¶¶ 27, 36, 91.  After the October 2021 oil spill, 15 different actions were filed against Amplify.  Those actions were consolidated into this action in December 2021.  *See Peter Moses Gutierrez, Jr., et al. v. Amplify Energy Corp., et al.*, No. 8:21-cv-01628-DOC-JDE (C.D. Cal. Dec. 20, 2021), ECF No. 44 at 2.

On February 28, 2022, Amplify filed its Third-Party Complaint, which alleged that the containerships' anchor-dragging damaged the Pipeline and caused the Pipeline's failure and subsequent spill.  The Third-Party Complaint asserts four claims against MSC Mediterranean Shipping Company S.A. ("MSC"), Dordellas Finance Corp. ("Dordellas"), the MSC *Danit* (*in rem*), the MSC *Danit*'s captain and crew, *Roes* 1-100 (collectively, the "*Danit* Entities"), Costamare Shipping Co., S.A. ("Costamare Shipping"), Capetanissa Maritime Corporation ("Capetanissa"), V.Ships Greece Ltd.

---

[2]  Amplify seeks to add a maritime contribution claim against the Shipping Defendants, Marine Exchange, and the new third-party defendants.  Amplify acknowledges that the contribution claim may be immediately stayed.  However, rather than seek leave to amend again at a later date, in the interest of efficiency Amplify includes those amendments now.

[3]  The *M/V Beijing* has also been identified by some sources as the "*COSCO Beijing*," and in its initial complaint Amplify referred to the ship as such.  As Amplify understands it, the vessel is currently known as the "*M/V Beijing*" and Amplify has used this name in its Amended Complaint.  In both the initial and amended complaint the identity of the vessel is unambiguous because Amplify refers to its International Maritime Organization ("IMO") number, 9308508.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

("V.Ships"), the *M/V Beijing* (*in rem*), the *M/V Beijing*'s captain and crew, *Roes* 101-200 (collectively, the "*Beijing* Entities," and with the *Danit* Entities, the "Shipping Defendants"), and the Marine Exchange of Los Angeles-Long Beach Harbor ("Marine Exchange"). *See* ECF No. 123. On March 21, 2022, the class-action plaintiffs filed their First Amended Consolidated Complaint, which also included claims against the two vessels and some of their related entities. *See* ECF No. 148.

### B.     The Shipping Defendants' Rule 12 Motions.

The Shipping Defendants responded to Amplify's Third-Party Complaint with seven Rule 12 motions that raised purported deficiencies in Amplify's complaint, requested a more definite statement on certain issues, and moved to strike certain allegations. The parties are currently briefing all these motions—to the extent they are not subject to the Court's stay order—with a hearing date set for July 11, 2022. Should the Court grant leave to amend, all of these motions will be mooted once Amplify's Amended Complaint is on file. *See Rosales v. Scottsdale Ins. Co.*, 2021 WL 3511198, at *2 (C.D. Cal. Aug. 5, 2021) ("Amended complaints moot motions to dismiss.").

**The *Beijing* Entities' Motions.**     Although Capetanissa has since filed a Limitation Action and in spite of their extensive contacts with California and the Ports of Los Angeles and Long Beach, all three of the *in personam Beijing* Entities filed motions to dismiss for lack of personal jurisdiction, including Capetanissa (ECF No. 169), V. Ships (ECF No. 226), and Costamare Shipping (ECF No. 227). Amplify will file its oppositions to those motions on Friday, June 17, and a hearing is currently set for July 11, 2022.

Separately, the *M/V Beijing* moved to dismiss: (1) Beta and San Pedro Bay Pipeline Company's claims for contribution under the OPA, arguing that since neither was designated a "responsible party" for purposes of the OPA, they could not bring claims for contribution under it; (2) Amplify Energy's supposed claim for its own economic damages under the OPA, contending that such relief is statutorily unavailable; (3) Amplify Energy and Beta's non-OPA claims, asserting that they suffered purely

economic losses; and (4) dismissing all claims against the fictitiously named "*Roe* Defendants." *See* ECF No. 228 at 12-18. The *M/V Beijing* also filed a motion to strike certain allegations in the complaint related to economic damages. *See* ECF No. 229 at 1-2.

**The *Danit* Entities' Motions.** MSC, Dordellas, and the MSC *Danit* moved to dismiss (1) all non-OPA claims by Amplify Energy on the theory that it was a "non-owner of the pipeline"; (2) the OPA contribution claims by Beta and San Pedro Bay Pipeline Company on the grounds that they were not designated "responsible parties" under the OPA; (3) the non-OPA claims from Beta because it allegedly suffered economic loss without physical damage; and (4) all claims against the *Roe* Defendants "because the Federal Rules of Civil Procedure do not provide for suing defendants under fictitious names." *See* ECF No. 194 at 2; *see also* ECF No. 235 (MSC *Danit*'s motion for joinder). Amplify filed its response to that motion on Monday, June 13, *see* ECF No. 258, and a hearing is set for July 11, 2022.

Separately, the *Danit* Entities **moved for a more definite statement** alleging purported confusion about which of the Amplify Defendants is a "responsible party" under the OPA and which entity owned or operated the Pipeline and which entity owns the oil within. *See* ECF No. 195 at 12-14; *see also* ECF No. 235 (MSC *Danit*'s motion for joinder).

## LEGAL STANDARD

When a party seeks a court's leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's "policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Although leave to amend may be denied if a court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962), "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend," *Eminence Cap.*, 316 F.3d at 1052.

## ARGUMENT

Amplify seeks leave to file the Amended Complaint to move these proceedings forward efficiently and effectively.  Because the Shipping Defendants have declined to consent to Amplify's amendments—which, again, address alleged issues complained of in the Shipping Defendants' various Rule 12 motions—Amplify seeks this Court's leave to file the Amended Complaint.  The proposed Amended Complaint will streamline the pending disputes before this Court and ensure a more efficient resolution among all relevant parties, not prejudice the existing defendants, and not violate the Limitation Act stay.  The Court should grant Amplify leave to amend.

## I.   GRANTING AMPLIFY LEAVE TO AMEND WILL STREAMLINE THIS ACTION.

Amplify seeks leave to file an amended complaint to address issues raised by the Shipping Defendants' Rule 12 motions, include information obtained through discovery, and add an additional claim for contribution.  These additional allegations, parties, and claim will streamline the proceedings and allow for a more efficient resolution of the complex issues presented by the San Pedro Bay oil spill.

### A.   Amplify's Amended Complaint Addresses Issues Raised By The Shipping Defendants' Rule 12 Motions.

Amplify's Amended Complaint addresses issues raised in the Shipping Defendants' pending motions to dismiss, motion for a more definite statement, and motion to strike.  *See* ECF Nos. 169, 226, 227, 228, 229, 194, 195.  Amplify has or will oppose those motions and maintains that the claims in its current complaint are well-pleaded.  In the interest of moving this litigation forward, however, Amplify's Amended Complaint includes new or revised allegations that will eliminate or, at the very least narrow, the issues raised by the Shipping Defendants' motions.  The Shipping Defendants should welcome these amendments addressing their concerns.  Instead, in

6

what can only be described as a delaying tactic, the Shipping Defendants oppose Amplify's motion to amend.[4]  Consistent with Rule 15, the Court should grant leave to amend anyway.

***Personal Jurisdiction Over The* Beijing *Entities.***  Capetanissa, V.Ships, and Costamare Shipping have moved to dismiss on the basis that the Court has no personal jurisdiction over them.  *See* ECF No. 169 at 9-15 (Capetanissa); ECF No. 226 at 1 (V.Ships); ECF No. 227 at 1 (Costamare Shipping).  Whatever the merits of these motions initially, they are untenable now.  Capetanissa filed a limitation action in this Court and sought and obtained the protection of a stay in this action on behalf of *all* the *Beijing* Entities.  *See Karim v. Finch Shipping Co.*, 265 F.3d 258, 265 (5th Cir. 2001) (explaining that "if the shipowner wishes to avail itself of the benefits offered by this forum (here, a limitation of liability action), then it cannot complain that the court had no power over it").  This is noted in the proposed Amended Complaint.  But in addition, and again in the interest of relieving this Court of the burden of motions practice, the Amended Complaint includes additional allegations based on information learned in discovery regarding the contacts between the *in personam Beijing* Entities and the forum that provide additional bases for finding jurisdiction.  *See, e.g.*, Am. Compl. ¶¶ 42-79.

**Roe *Defendants.***  In their motions to dismiss, MSC, Dordellas, the MSC *Danit*, and the *M/V Beijing* seek to dismiss the claims against the *Roe* Defendants on various grounds.  *See* ECF No. 194 at 13; ECF No. 228 at 10.  The *Roe* Defendants here are the captain and crew of each vessel.  *See, e.g.*, ECF No. 123 ¶¶ 7, 12.  Amplify requested the identities of these individuals before filing its complaint, but the Shipping Defendants refused to provide it.  *See, e.g.*, Ex. 3, Feb. 4, 2022 First Set of Requests for Production to Capetanissa; Feb. 4, 2022 First Set of Requests for Production to Dordellas; *see also* ECF No. 258 at 8 (Amplify's Opposition to Dordellas, MSC, and

---

[4] In stark contrast to the Shipping Defendants, Marine Exchange has stated that it consents to amendment without prejudice to any rights or defenses.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO
FILE AMENDED THIRD-PARTY COMPLAINT

*Danit*'s Motion to Dismiss).  Indeed, the Shipping Defendants **still have not provided** the names of the captain and crew aboard their vessels on the day of the anchor-dragging incidents.[5]  As such, Amplify maintains that it is proper to use fictitious names for these defendants until their identities have been learned through discovery.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (explaining that fictitious names for defendants may be used "where the identity of alleged defendants will not be known prior to the filing of a complaint," and that "[i]n such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants").  Recognizing that the Local Rules limit the number of such defendants to 10, however, Amplify seeks leave to amend its complaint to drop excess *Roe* Defendants, which eliminates part of the *Danit* Entities' and *M/V Beijing*'s Rule 12(b)(6) motions.  *See* L.R. 19-1; Am. Compl. ¶¶ 10, 17.

> ***Relationship Between Amplify Parties.***  Amplify also seeks leave to amend in order to clarify the nature of the relationships between Amplify Energy and its wholly-owned subsidiaries, Beta and San Pedro Bay Pipeline Company.  The motions to dismiss filed by MSC, Dordellas, the MSC *Danit*, and the *M/V Beijing*—as well as the motion for more definite statement from MSC, Dordellas, and the MSC *Danit*—all criticize the operative complaint for purportedly failing to sufficiently distinguish between and describe relations among Amplify Energy, Beta, and San Pedro Bay Pipeline Company.  *See, e.g.*, ECF No. 194 at 5 (MSC, Dordellas, and MSC *Danit*'s Motion to Dismiss); ECF No. 195 at 5-6 (MSC, Dordellas, and MSC *Danit*'s Motion for More Definite Statement); ECF No. 228 at 4-5 (*M/V Beijing* Motion to Dismiss).

> Remarkably, MSC, Dordellas, and the MSC *Danit* **both** demand a more definite statement **and** oppose the amendments that would give them what they asked for.  There

---

[5] Although MSC and Dordellas have provided Amplify with a list identifying 21 crewmembers who were onboard the MSC *Danit* on January 1, 2021, they have yet to provide information on which of those crewmembers were onboard during the anchor-dragging incident that occurred nearly a month later on January 25, 2021.  *See* ECF No. 258 at 8-9.

is no reason to indulge the *Danit* Entities in that gambit, which serves only to wastefully multiply briefs and proceedings in this case.  In any event, Amplify's amendments will provide additional information to the other parties and the Court.  *See, e.g.*, Am. Compl. ¶¶ 2-5.  That result serves Rule 15's purpose of "facilitat[ing] decision on the merits, rather than on the pleadings or technicalities."  *See Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) (internal quotation marks omitted).

   ***OPA Contribution Claim.***  The motions to dismiss filed by MSC, Dordellas, the MSC *Danit*, and the *M/V Beijing* all seek to dismiss the OPA contribution claims as related to San Pedro Bay Pipeline Company and Beta Operating, LLC on the grounds that those entities are not designated as a "responsible party" under the OPA.  *See, e.g.*, ECF No. 194 at 9-11; ECF No. 228 at 5-7.  As the text of the OPA makes clear, however, the statute allows "person[s]," and not merely responsible parties, to bring claims for contribution.  *See* 33 U.S.C. § 2709 ("A ***person*** may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." (emphasis added)); *see also* ECF No. 258 at 5-7.  Amplify seeks leave to amend its complaint in this respect to emphasize what the plain language of the statute says.  *See* Am. Compl. ¶ 168.

   The *Danit* Entities' motion for a more definite statement also contends that Amplify's complaint does not clearly identify the responsible party.  ECF No. 195 at 11-12.  As Amplify explained in opposing that motion, this is incorrect.  *See* ECF No. 259 at 11.  Nevertheless, in the proposed Amended Complaint, Amplify will remove any confusion and supplement its allegations concerning the Coast Guard's designation of Amplify Energy as the responsible party under the OPA.  Again, the *Danit* Entities have no basis to refuse the more definite statement they have moved for. The Amended Complaint will also note that the United States Coast Guard, in designating Amplify Energy as the responsible party, did not differentiate between Amplify Energy and its wholly owned subsidiaries.  *See* Am. Compl. ¶ 152.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

### B. Amplify's Amended Complaint Includes Information From Discovery.

Amplify's Amended Complaint also contains allegations concerning information learned through the course of discovery.  Such amendments are proper and routinely granted by courts because they promote judicial efficiency by focusing the efforts of the Parties and the Court on the substantive issues at the core of this dispute.  *See Finance Exp. LLC v. Nowcom Corp.*, 564 F. Supp. 2d 1160, 1165 n.1 (C.D. Cal. 2008) ("Courts generally give leave to amend the pleadings based on information obtained through discovery, in keeping with Federal Rule of Civil Procedure 15."); *Discus Dental LLC v. Uluru, Inc.*, 2014 WL 10987002, at *5 (C.D. Cal. Oct. 7, 2014) (same).

***Additional Parties.***  Information learned during discovery has shown that three additional parties—COSCO Shipping, COSCO Mercury, and MSC S.r.l.—should be added to the action.

**COSCO Shipping.**  COSCO Shipping serves as an operator and charterer of the *M/V Beijing*.  Am. Compl. ¶ 45.  The Amended Complaint alleges that COSCO Shipping controlled and/or was aware of the *M/V Beijing*'s travel schedule and had actual authority to conduct the commercial activity of the *M/V Beijing*.  *Id.* ¶¶ 46, 69.  Indeed, discovery produced to date shows that COSCO Shipping's United States subsidiary communicated with the Marine Exchange about the *M/V Beijing*'s travel to the Port of Long Beach and the heavy weather incident on January 2021.  *See* Ex. 4, CMRE000048 (email between COSCO Shipping and the Master of the *M/V Beijing* regarding the "long term schedule" of the ship); Ex. 5, MX_000452 (email between COSCO Shipping employees and the Marine Exchange regarding the *M/V Beijing*'s travels and the heavy weather event on January 25, 2021).  The Amended Complaint alleges that COSCO Shipping and other defendants' negligence when the *M/V Beijing* was in Los Angeles-Long Beach Harbor caused an anchor-dragging incident that damaged Amplify's Pipeline.  *See, e.g.*, Am. Compl. ¶ 166.

**COSCO Mercury.**   As reflected in the *M/V Beijing*'s Charter Party (the term-of-art name given to the contract between a shipowner and charterer), the Amended Complaint alleges that COSCO Mercury serves as the time-charterer of the *M/V Beijing*.   *See* Ex. 6, CAPE 000063 (2020 Charter Party for *M/V Beijing*); Am. Compl. ¶ 16.   The Amended Complaint alleges that COSCO Mercury also controlled and/or was aware of the *M/V Beijing*'s travel schedule and had actual authority to conduct the commercial activity of the *M/V Beijing*.   Am. Compl. ¶ 69.   As the Charter Party states, among other duties and responsibilities, COSCO Mercury was responsible for providing the captain of the *M/V Beijing* with "sailing orders," including "all requisite instructions and sailing directions."   *See* Ex. 6, CAPE 000063, 66 (2020 Charter Party for *M/V Beijing*).   Indeed, other *Beijing*-related parties have repeatedly stated that the *M/V Beijing*'s charterer (*i.e.*, COSCO Mercury) is the entity responsible for bringing the *M/V Beijing* to Los Angeles-Long Beach Harbor.   *See* ECF No. 227 at 7 (Costamare's Motion to Dismiss) ("The charterers of the BEIJING – not Costamare Shipping – decided to send the Vessel to Los Angeles-Long Beach in January 2021"); ECF No. 226 (V.Ships' Motion to Dismiss) (same).   The Amended Complaint alleges that COSCO Mercury and other defendants' negligence when the *M/V Beijing* was in Los Angeles-Long Beach Harbor caused an anchor-dragging incident that damaged Amplify's Pipeline.   Am. Compl. ¶ 54.

**MSC S.r.l.**   MSC S.r.l. is the technical manager of the MSC *Danit*.   Am. Compl. ¶ 8.   The Amended Complaint alleges that as technical manager, MSC S.r.l. had control over the MSC *Danit*'s staffing, training, and some operations.   *Id.* ¶ 32.   Evidence produced to date establishes that MSC S.r.l. authored the Fleet Instruction Manual, which "governs the safe and efficient operation of the ships managed by [MSC S.r.l.]" and "states how [MSC S.r.l.] responds to unplanned events," including by providing rules on arriving at an anchorage and navigation guidelines for a ship at anchor.   Ex. 7, MSCSA0008, 236-37, 260.   This manual also provides for the required procedures for

1   preventing an anchor-dragging incident and the response if a ship drags anchor. *Id.* at

2   MSCSA0260.

3        Adding these entities through the Amended Complaint serves to bring all relevant

4   parties into the same case, which will permit the Court to address issues of liability and

5   damages as part of a single action. Additionally, adding these parties will ensure that

6   all relevant parties are subject to any mediation or settlement efforts. In other words,

7   Amplify's Amended Complaint seeks to ensure that all of the right parties are "at the

8   same table" during the resolution of this case. These amendments fall squarely within

9   Rule 15. *See Castillo-Antonio v. Mejia*, 2014 WL 6735523, at *1 (N.D. Cal. Nov. 26,

10   2014) (explaining that Rule 15's "liberal standard applies even when the proposed

11   amendment seeks to add a new party to the action"); *Finance Exp. LLC*, 564 F. Supp.

12   2d at 1165 n.1 (observing that "[c]ourts generally give leave to amend the pleadings

13   based on information obtained through discovery").

14        ***Additional Allegations In Support Of Its Claims.*** Amplify also seeks leave to

15   amend its allegations concerning the vessels' failure to report their anchor-dragging.

16   Amplify's Amended Complaint alleges that the Shipping Defendants knew they were

17   dragging anchor and communicated as much to Marine Exchange. *See* Am. Compl.

18   ¶ 1334-38. But the Shipping Defendants never notified Marine Exchange that their

19   anchors struck the Pipeline and never submitted to the Marine Exchange any incident

20   reports regarding any collisions, allisions, anchor-dragging incidents, or anchor strikes

21   involving the MSC *Danit*, *M/V Beijing*, or the San Pedro Bay Pipeline. *Id.* ¶¶ 144-45.

22   Further, all Defendants failed to notify Amplify of the anchor-dragging incident or the

23   anchor strike. *See id.* ¶¶ 144-46. These amended allegations reflect information

24   Amplify has learned through discovery.

25      **C.**    **Amplify's Amended Complaint Adds A New Claim.**

26        Finally, Amplify also seeks leave to amend in order to add another cause of action

27   for contribution under maritime law. In their first amended consolidated class-action

28   complaint, the class-action plaintiffs have alleged a variety of non-OPA claims, *see*

*generally* ECF No. 148, which Amplify moved to dismiss, *see* ECF No. 151 at 1. Amplify stands by the arguments in its motion to dismiss, but in light of the possibility that the Court may disagree and those claims proceed, Amplify seeks leave to amend its complaint to include this contribution claim to protect its interests in receiving contribution from all defendants for non-OPA claims. "If a new claim relies upon the existing facts and merely incorporates alternative theories of liability, it falls within Rule 15(a)'s policy of promoting litigation on the merits and leave to allege the new claims should be granted." *Powell v. Unum Life Ins. Co. of Am.*, 2016 WL 8731383, at *3 (E.D. Cal. Sept. 30, 2016). Such is the case here.[6]

## II.   NO REASON EXISTS TO DENY LEAVE TO FILE AN AMENDED COMPLAINT.

There are no grounds to deny Amplify this request—its first—to amend its complaint. "[U]nder Rule 15, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 804 (9th Cir. 2017) (internal quotation marks omitted). None of those "well-established *Foman* factors" are present here. *Ruben*, 2013 WL 6072998, at *1; *see also Foman*, 371 U.S. at 182.

As an initial matter, this is Amplify's first request for leave to amend, and it is still early in the proceedings. Further, the amendments are sought in large part because of information obtained during the course of discovery, so neither undue delay nor bad faith can be attributed to Amplify. That is especially so given the Shipping Defendants' foot-dragging approach to discovery. *See, e.g.*, ECF No. 258 at 3; *cf.* ECF No. 220 (granting Amplify *ex parte* relief on requests for jurisdictional discovery related to Capetanissa).

---

[6] Amplify acknowledges that this claim be subject to the stay as against the current Shipping Defendants. *See infra* Part III.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

Further, the existing Shipping Defendants and the parties Amplify seeks to add cannot show prejudice as a result of the amendment. Again, Amplify has moved quickly to amend its complaint in light of information learned in the course of production, including those made earlier this month. *See, e.g.*, ECF No. 258 at 3 (noting June 7 responses from MSC Entities). Additionally, the newly added parties either belong to the same corporate families as existing defendants or are closely associated with them. These parties should have had actual notice of the anchor dragging incidents, oil spill, and these proceedings for quite some time. Given that discovery has only recently gotten underway, newly added parties will be able to fully participate in the discovery process. Moreover, all defendants will have the opportunity to file new Rule 12 motions following amendment of the complaint. *See Williamson v. Sacramento Mortg., Inc.*, 2011 WL 4591098, at *1 (E.D. Cal. Sept. 30, 2011) ("[W]hen an amended complaint is filed while a motion to dismiss is pending, it generally moots the motion to dismiss."); Fed. R. Civ. P. 15(a)(3). Accordingly, no prejudice can be shown, and none of the *Foman* factors counsel against granting leave to amend.

## III.   AMPLIFY'S AMENDED COMPLAINT WILL NOT INTERFERE WITH THE STAY.

Amplify's Amended Complaint will not interfere with the Court's stay under the Shipping Defendants' Limitation Actions. As such, the Limitation Action stay provides no basis for denying the motion for leave to amend.

***First***, most of the amended or new allegations in the Amended Complaint support Amplify's OPA contribution claim, which is not stayed. This includes Amplify's allegations in support of personal jurisdiction over the *Beijing* Entities, the allegations against the *Roe* Defendants, the additional information about the ownership interests of the Amplify Defendants, and new and revised allegations concerning the wrongdoing of the third-party defendants. The stay presents absolutely no issue to adding these allegations.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO
FILE AMENDED THIRD-PARTY COMPLAINT

**Second**, Amplify's addition of new parties does not present any conflict with the stay.  Amplify is asserting a claim for OPA contribution against each of the new parties, which alone permits adding them notwithstanding the stay.  Further, as non-parties, the new third-party defendants are not protected by the stay.  It may be that the Court will stay some claims against some of the new third-party defendants.  But for efficiency the Court should add all claims against these parties now.

**Third**, Amplify acknowledges that its new maritime contribution claim may be immediately subject to the stay as to some parties.  Amplify is adding that claim now as to all parties in an effort to avoid having to amend again once the stay is lifted.  To the extent leave is permitted to simply add that claim against certain parties, the Court should grant the leave.

**Finally**, because this Court has before it, and has coordinated, both this action and the Limitation Actions, the Court can manage any disputes that arise concerning the stay and Amplify's Amended Complaint, including in an order granting the motion for leave.  The Court should grant the motion for leave to amend now, which will streamline this action, bring all parties to the table, and increase the likelihood that the parties can resolve all claims connected to the San Pedro Bay oil spill through the consolidated actions in an efficient and timely manner.

## CONCLUSION

For the above reasons, Amplify respectfully requests that the Court grant its Motion for Leave to File an Amended Complaint.

DATED:  June 17, 2022

Respectfully submitted,

*s/ Christopher W. Keegan*

Christopher W. Keegan (SBN 232045)
chris.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California St., Suite 2900
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500

Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower St., Suite 3700
Los Angeles, CA 90071
Tel: (213) 680-8400 / Fax: (213) 680-8500

Daniel T. Donovan (admitted *pro hac vice*)
ddonovan@kirkland.com
Matthew Owen (admitted *pro hac vice*)
matt.owen@kirkland.com
Holly Trogdon (admitted *pro hac vice*)
holly.trogdon@kirkland.com
McClain Thompson (admitted *pro hac vice*)
mcclain.thompson@kirkland.com
Ross Powell (admitted *pro hac vice*)
ross.powell@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200

Anna Rotman (admitted *pro hac vice*)
anna.rotman@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Tel: (713) 836-3600 / Fax: (713) 836-3601

*Counsel for the Amplify Defendants*