JOSEPH A. WALSH II, State Bar No. 143694
joe.walsh@cwn-law.com
ELLEN E. McGLYNN, State Bar No. 270367
ellen.mcglynn@cwn-law.com
COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

JONATHAN W. HUGHES, State Bar No. 186829
jonathan.hughes@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, Tenth Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3156
Facsimile: (415) 471-3400

Attorneys for Specially Appearing Third-Party
Defendants DORDELLAS FINANCE CORP.,
MSC MEDITERRANEAN SHIPPING
COMPANY S.A. and Third-Party Defendant
MSC DANIT, *in rem*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY ENERGY CORPORATION, *et al.*,<br><br>Defendants/Third-Party Plaintiffs.<br><br>MEDITERRANEAN SHIPPING COMPANY S.A., *et al.*,<br><br>Defendants/Third-Party Defendants.<br><br>AND ALL RELATED CASES. | Case No. 8:21-cv-01628-DOC-JDE<br>Judge David O. Carter<br>Magistrate Judge John D. Early<br><br>**DORDELLAS FINANCE CORP., MSC MEDITERRANEAN SHIPPING COMPANY S.A. AND MSC DANIT (IN REM)'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT PURSUANT TO FRCP, RULE 12(b)(6)**<br><br>**[Federal Rules of Civil Procedure, Rule 12(b)(6)]**<br><br>**Judge: Hon. David O. Carter**<br>**Date: August 25, 2022**<br>**Time: 8:30 a.m.**<br>**Location: Courtroom 10A** |

# INTRODUCTION

Nothing in the opposition saves Claim 1 of the First Amended Third-party Complaint. Purportedly made under the Oil Pollution Action ("OPA"), Claim 1 fails to state a claim for which the moving parties could be liable. Amplify's statutory interpretation is wrong. To the extent Claim 1 seeks recovery for a proportionate share of liability for alleged maritime negligence, it is preempted by the Limitation Act, Rule F(3) of the Supplemental Rules, and the Limitation Act Order.

# ARGUMENT

## A. Claim 1 Fails to State An Independent Claim for Contribution

Contrary to Amplify's opposition, the purported OPA contribution claim is not an independent claim for contribution, but rather an identical claim for contribution specifically drafted to avoid or otherwise exploit the Court's May 25 order. (DKT #245)

The original Third-Party Complaint filed by Amplify Energy Corporation, Beta Operating Company, LLC, and San Pedro Bay Pipeline Company (collectively "Amplify") alleged four causes of action:

1. Contribution under 33 U.S.C. § 2709 (Oil Pollution Act),
2. Negligence Per Se (In Admiralty),
3. Negligence (In Admiralty), and
4. Trespass (In Admiralty).

Defendants/Third-Party Plaintiffs' Third-Party Verified Complaint. DKT 123.

On May 25, 2022, the Court ordered Claims 2 – 4 to be stayed pursuant to the Limitation of Liability Act. *Dordellas* DKT 19. On June 21, 2022, Amplify then filed a first amended third party complaint ("ATPC") with five causes of action:

1. Contribution under 33 U.S.C. § 2709 (Oil Pollution Act),
2. Contribution (In Admiralty),
3. Negligence Per Se (In Admiralty),
4. Negligence (In Admiralty), and
5. Trespass (In Admiralty).

Defendants/Third-Party Plaintiffs' Amended Third-Party Verified Complaint. DKT

2

DORDELLAS FINANCE CORP., MSC MEDITERRANEAN SHIPPING COMPANY S.A. AND MSC DANIT (IN REM)'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT PURSUANT TO FRCP, RULE 12(b)(6)

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone (562) 317-3300

#277. On July 6, 2022, Amplify stipulated that Claims 2 – 5 were stayed following the Court's May 25 order. (DKTs 294, 297) As Amended, Amplify's Claim 1 is identical to Claim 2. (MTD 3:23-4:4) Amplify does not dispute or deny this but deflects its significance in various pivoted arguments. (Opposition 8-9)[1]

It is well established that federal courts retain broad powers to prevent duplicative and unnecessary litigation to comprehensively control and manage litigation dockets. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In the Ninth Circuit, courts have consistently held that dismissal of duplicative claims promotes judicial economy, protects parties from vexatious litigation, and serves societal interests in bringing an end to an action without prejudice to any party. *Franken v. McCarthy* (E.D.Cal. May 22, 2020, No. 2:19-CV-2172 AWI EPG) 2020 U.S.Dist.LEXIS 90541, at *5; see also *White v. Neven* (D.Nev. June 3, 2010, No. 2:09-cv-00400-KJD-LRL) 2010 U.S.Dist.LEXIS 55680, at *5-6; *Ayala v. City of Hayward* (N.D.Cal. Sep. 13, 2010, No. C 10-02709 LB) 2010 U.S.Dist.LEXIS 95317, at *8-10; *Lewis v. City of Fairfield* (E.D.Cal. Feb. 15, 2017, No. 2:16-cv-01053-JAM-AC) 2017 U.S.Dist.LEXIS 21573, at *5, 10, 14.

In this case, dismissing Claim 1 narrows the issues the Court will need to ultimately adjudicate, while simultaneously allowing Amplify to retain its *identical* contribution claim (Claim 2) and otherwise protect the interests of all parties in both the *Gutierrez* and related *Dordellas* matters. Even more, dismissing Claim 1 protects and preserves the concursus in the related matter, *In the Matter of the Complaint of Dordellas Finance Company*,[2] and upholds strong federal interests expressed by Congress in adopting and maintaining the Limitation of Liability Act and as provided in Supplemental Admiralty Rule F. Furthermore, dismissing Claim 1 properly

---

[1] The Moving Parties are not seeking to relitigate the May 25 Order in this motion. This issue is addressed *infra,* within this Part A.

[2] *In the Matter of the Complaint of Dordellas Finance Company et al.,* Case No. 2:22-cv-02153-DOC-JDE

focusses all parties on prioritizing the exoneration and/or limitation proceeding as required by the Limitation of Liability Act. The alternative approach promoted by Amplify permits it to proceed with a duplicative claim, for the sole purpose of proceeding *pari passu* outside of the Court's May 25 Order, leading to irreparable prejudice in that proceeding. *See* further, Dordellas' Reply in Support of Motion to Stay, filed concurrently with this Reply.

Amplify cites to *Gabarick v. Laurin Mar. (Am.) Inc.*, 623 F. Supp. 2d 741 (E.D. La. 2009), but it is distinguishable and to the extent relevant, it is helpful to Dordellas. *Gabarick* itself states that section 2702 "mandates the strict liability of the responsible party for the damages" and not partial contribution claims by highlighting the importance of the "[n]otwithstanding any other provision or rule of law" clause. Id. at 745. *Gabarick* also emphasized Congress' intent to minimize piecemeal lawsuits an advised claimants to pursue OPA claims "only against the responsible party." While Amplify pays lip service to following *Gabarick*,[3] it violates its teaching by itself seeking to piecemeal a claim for contribution under the auspice of OPA, while simultaneously pursuing a *second* claim for contribution in this action. And only the day before the filing of this reply, added a *further* piecemeal action, through a *third* claim for contribution in the Limitation Action (*Dordellas* DKT# 80). There is simply no legal basis to support Amplify proceeding with three identical contribution claims for a single event. The Court should dismiss Claim 1 as duplicative and preempted by the Limitation Act.

Amplify fares no better in its citation to *In re Settoon Towing, L.L.C.,* 859 F.3d 340 (5th Cir. 2017). To be sure, *Settoon* held that "limiting Section 2709 liability to

---

[3] Amplify cites *Gabarick* as part of a giant and unsupported leap that simply having a statute of limitations (*Gabarick* at 744) necessarily means that § 2709 is a stand-alone independent cause of action which can be brought without any contextual considerations including limitations as to one's requisite standing for brining such a claim and what types of claims might be recoverable. (Opposition 6:12-22)

contribution under general maritime law is inconsistent with OPA's savings clause," but it did so under circumstances entirely different from this case. *Settoon*, as well as section 2709, *also* require that the claimant (in this case Amplify) must establish that the contributing party is either: (a) liable under OPA (i.e., the responsible party), or (b) was (or ever could be) found to be potentially liable under OPA (meaning a sole cause third party) in order to further a claim for contribution under OPA. Amplify can show neither here. That these additional requirements would need to be met to adopt Amplify's reading is further supported by section 2702(d)(1), which contemplates that direct third-party liability may exist, but for those who are deemed to have "solely caused" the discharge of oil. Put simply, separate and apart from the general maritime law savings clause of section 2709, Amplify's Claim 1 fails to satisfy the remaining requirements of section 2709 because it fails to establish that Dordellas, or the Capetanissa entities, could ever be potentially liable under OPA.

Contrary to Amplify's opposition, Dordellas' motion is not an attempt to relitigate the Court's order. *First*, the sufficiency of the asserted claims asserted by each of the opposing parties was not before the Court as part of its May 25th order. While it is acknowledged that the Moving Parties have since appealed that order, whether the Amplify entities stated a viable OPA claim was not briefed, tested, or adjudicated for purposes of a motion to dismiss. *Second*, at the time of the May 25th order was issued, Amplify's First Amended Third Party Complaint did not exist. It was only after the May 25th order, which Amplify on its own added a new, identical cause of action rendering Claim 1 as superfluous and subjecting it to the instant motion. The Court should grant the motion to dismiss Claim 1.[4]

---

[4] Alternatively, if the Court does not dismiss the claim, it should stay it. First, unlike in *Complaint of Metlife Capital Corp.*, 132 F.3d 818, 822 (1st Cir. 1997) ("*Metlife*"), Amplify does not bring Claim 1 against a responsible party within the meaning of OPA. Second, as explained in the accompanying motion to stay, Amplify cannot argue that OPA's contribution provision takes precedence over the Limitation Act,

## B. Short of Dismissal, The Court Should Stay Amplify's Claim 1 For Contribution

Even if the Court somehow finds that Claims 1 and 2 are not identical, the Court should find that Claim 1, and in particular the basis upon which it is asserted, is subject to the Limitation of Liability Act's mandatory stay. As stated in the motion to dismiss, the statutory text is dispositive both textually and within the context of OPA's legislative framework. (See also, Stay Mot. 15-17)

Courts have found that certain claims (i.e., those that fit within the scope of § 2702) are not subject to the Limitation Act's mandatory stay provision, 46 U.S.C. § 30511(c). *Complaint of Metlife Capital Corp.*, 132 F.3d 818, 822 (1st Cir. 1997) ("*Metlife*"). In that case, the court held that OPA repealed the Limitation Act but only "as to oil spill pollution claims arising under the OPA <u>in the instant case</u>." *Id.* (emphasis added). Thus, the Court in *Metlife* specifically limited its OPA exclusion to the case before it. *Metlife*, 132 F.3d at 822. The claims to which the *Metlife* court referred were classic OPA damage claims against the polluter, i.e. the responsible party, brought by the Commonwealth of Puerto Rico, the United States Government, and three hotel, tourism, and hotel development interests. *Id.* at 819-820. These claims, individually and collectively, were direct OPA claims (meaning strict liability claims for oil spill removal costs or enumerated damages) brought under 33 U.S.C. § 2702(a)) against a responsible party ("RP"). *Id.* at 819-820. Amplify does not take issue with *Metlife*. Amplify's Claim 1, however, is materially dissimilar from *Metlife's* direct OPA claims and must be considered and treated differently by this Court.

---

because whereas Section 2702 uses the language "notwithstanding any other provision of law," Section 2709, under which Amplify brings its Claim 1, does not have that language. The Court should dismiss the Claim outright as duplicative and unnecessary and, at a minimum, the Court should stay Amplify's Claim 1 to preserve and maintain the required concursus under Supplemental Admiralty Rule F.

### C. Beta Offshore And San Pedro Bay Are Not Entitled To Seek Contribution Under OPA

Amplify's ATPC alleges that "Amplify Energy" is the responsible party. ATPC ¶¶ 151, 162. Amplify does not contest this point in its opposition. As the responsible party for the oil pollution, it is only Amplify Energy that has suffered damages or will be liable for OPA claims for cleanup costs and damages. It is therefore Amplify, and *only Amplify*, who has standing to seek recovery for *OPA claims*. (See, Dordellas' Motion to Dismiss pp. 7-12.) Amplify's original Third-party Complaint admitted and conceded this very point. Therein, para. 117 stated that "[] OPA allows '**responsible parties**' to seek 'contribution against any other person who is liable or potentially liable under this Act or another law.' 33 U.S.C. § 2709." (emphasis added) While Beta and San Pedro may assert *other* damages (which Dordellas presumes they will later attempt to prove in Claims 2-5), as non-responsible parties, they are not and cannot be exposed to claims for *OPA removal costs or damages*. Without liability or exposure for such damages, each lack standing to sue, and therefore each fail to state a claim upon which relief may be granted.

Nevertheless, Beta and San Pedro invoke 33 U.S.C. § 2701(27) in conjunction with 33 U.S.C. § 2709 to evade OPA's constraints characterizing these corporations as "persons" under OPA. Read only in a vacuum, and without consideration for standing and satisfaction of the basic elements of contribution, perhaps Amplify's argument appears superficially plausible. Yet, when tested against the overwhelming plethora of case law on the issue, Amplify's theory is revealed to be nonsensical. Amplify is unable to point to any case that suggests, let alone supports, that a non-responsible party may recover contribution for OPA claims. The reason is of course simple: OPA imposes direct liability on responsible parties, and responsible parties alone. Section 2702 provides the elements of liability under OPA, and states that: "**each responsible party** for a vessel or a facility from which oil is discharged . . . into or upon the navigable waters . . . is liable for the removal costs and damages." (emphasis added)

Thus, being a responsible party is a threshold element to establishing liability under OPA and therefore establishes a prima facie limitation as to who can pursue a contribution claim under § 2709.

Absent legal support for its position, Beta and San Pedro pivot to a new argument. They assert that as non-RPs, they are entitled to proceed with an *OPA* contribution claim merely because Class Plaintiffs asserted an OPA claim against them. (Opposition 3:1-2, 10:20-22.)[5] It is readily apparent that in response to Class's claims, Beta and San Pedro should have filed Federal Rule 12(b) motions to dismiss Class's OPA claims. As non-RPs, they are not liable, as a matter of law, for OPA removal costs or damages. It is just that simple; and its pure legal fictional to suggest they might be. By way of Dordellas' prior motion to dismiss and motion for more definitive statement before the ATPC was filed, Beta and San Pedro were on notice of this glaring deficiency. Nevertheless, Beta and San Pedro apparently chose to forgo any efforts to correct or mitigate their self-inflicted conundrum and instead, now ask this Court to further compound their error by permitting them to pursue a baseless claim against Dordellas and Capetanissa for which they have absolutely no legal standing. This Court should not perpetuate their ongoing fiction, dismiss the purported OPA claims made by both parties, and thereby narrow the case to considering actual controversies.

## CONCLUSION

Based on the foregoing, this Court should dismiss Amplify, Beta and San Pedro's Claim 1 for OPA Contribution. Alternatively, the Court should dismiss Beta and San Pedro's Claim 1 with prejudice and stay Amplify Energy's Claim 1.

---

[5] Beta and San Pedro are not asserting that they have standing to assert a general or general maritime contribution claim in Claim 1, but rather that they have standing to assert an OPA contribution claim.

8

DORDELLAS FINANCE CORP., MSC MEDITERRANEAN SHIPPING COMPANY S.A. AND MSC DANIT (IN REM)'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT PURSUANT TO FRCP, RULE 12(b)(6)

| | |
|---|---|
| Dated: August 11, 2022 | COLLIER WALSH NAKAZAWA LLP |
| | By: /s/ Joseph A. Walsh II |
| | Joseph A. Walsh II |
| | Ellen E. McGlynn |
| | |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| | Jonathan W. Hughes |
| | Angel Tang Nakamura |
| | Lauren Daniel |
| | Katie J.L. Scott |
| | |
| | Attorneys for Specially Appearing Third-Party Defendants DORDELLAS FINANCE CORP., MSC MEDITERRANEAN SHIPPING COMPANY S.A., and Third-Party Defendant MSC DANIT, *in rem* |

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone (562) 317-3300

9

DORDELLAS FINANCE CORP., MSC MEDITERRANEAN SHIPPING COMPANY S.A. AND MSC DANIT (IN REM)'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT PURSUANT TO FRCP, RULE 12(b)(6)