CONTE C. CICALA, State Bar No. 173554
conte.cicala@clydeco.us
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Third-Party Defendant, Cross-Claimant and Defendant-In-Intervention
MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR dba MARINE EXCHANGE OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

-SOUTHERN DIVISION-

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., et al., <br><br>Plaintiffs, <br><br>v. <br><br>AMPLIFY ENERGY CORP., et al, <br><br>Defendants/Third-Party Plaintiffs. <br><br>AND RELATED ACTIONS | Case No.  8:21-cv-01628-DOC-JDE <br>Judge David O. Carter <br><br>**CROSS-CLAIMANT MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR dba MARINE EXCHANGE OF SOUTHERN CALIFORNIA'S CROSS-CLAIM AGAINST VESSEL INTERESTS FOR MONEY DAMAGES AND DECLARATORY JUDGMENT** |
| MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR dba MARINE EXCHANGE OF SOUTHERN CALIFORNIA, <br><br>Cross-Claimant, <br><br>v. <br><br>MEDITERRANEAN SHIPPING COMPANY S.A., DORDELLAS FINANCE CORPORATION, MSC | |

DANIT (*IN REM*), CAPETANISSA MARITIME CORPORATION, COSTAMARE, INC., COSTAMARE SHIPPING CO., S.A., V.SHIPS GREECE LTD., and COSCO BEIJING,

Cross-Defendants,

AND RELATED ACTIONS.

COMES NOW Cross-Claimant/Third-Party Defendant Marine Exchange of Los Angeles-Long Beach Harbor dba Marine Exchange of Southern California ("Marine Exchange"), by and through its undersigned attorneys, and for its Cross-Complaint against Cross-Defendants Mediterranean Shipping Company S.A., Dordellas Finance Corporation, MSC DANIT (*in rem*), Capetanissa Maritime Corporation, Costamare, Inc., Costamare Shipping Co., S.A., V.Ships Greece Ltd., and COSCO Beijing (*in rem*) (collectively, "Cross-Defendants" or "Vessel Interests") seeks money damages according to proof and declaratory relief as set forth herein.

**PARTIES**

1. Cross-Claimant Marine Exchange of Los Angeles-Long Beach Harbor dba Marine Exchange of Southern California is a California 501(c)(6) non-profit with its principal place of business in San Pedro, California. Marine Exchange provides vessel traffic services in the Ports of Los Angeles and Long Beach under the supervision of United States Coast Guard ("USCG").

2. Cross-Defendant Mediterranean Shipping Company S.A. is incorporated under the laws of Switzerland with its headquarters in Geneva, Switzerland. At relevant times, MSC operated, and continues to operate, MSC DANIT. Mediterranean Shipping Company S.A. is the majority owner of Dordellas Finance Corporation, which owns the MSC DANIT.

3. Cross-Defendant Dordellas Finance Corporation is a Panamanian corporation. Dordellas Finance Corporation owns MSC DANIT.

4. Cross-Defendant MSC DANIT is a Panama-flagged vessel being sued *in rem*. MSC DANIT's International Maritime Organization ("IMO") number is 9404649.

5. Cross-Defendant Capetanissa Maritime Corporation is a Liberian corporation and a subsidiary of Costamare, Inc. Capetanissa Maritime Corporation owns COSCO Beijing.

6. Cross-Defendant Costamare Shipping Co., S.A., is incorporated under the laws of Panama with its headquarters in Greece. Costamare Shipping Co., S.A. is the shipping manager for Costamare, Inc., and operates COSCO Beijing.

7. Cross-Defendant V.Ships Greece Ltd. is incorporated under the laws of Bermuda with its headquarters in Greece. V.Ships Greece Ltd. also operates COSCO Beijing.

8. Cross-Defendant COSCO Beijing is a Malta-flagged vessel being sued *in rem*. COSCO Beijing's IMO number is 9308508.

## JURISDICTION AND VENUE

9. This Cross-Claim relates to the same transactions and/or occurrences alleged in the underlying actions brought against Marine Exchange and is therefore ancillary to the claims asserted herein.

10. To the extent venue hereunder is proper as to the underlying claim, it is proper also as to this ancillary cross-claim.

## INTRODUCTION AND FACTUAL BACKGROUND

11. In response to the EXXON VALDEZ and other oil spill incidents, Congress enacted the Oil Pollution Act of 1990 ("OPA 90") which included several provisions resulting in development of vessel traffic service ("VTS") systems in port areas nationwide.

12. Congress gave USCG the authority to "construct, operate, maintain, improve, or expand vessel traffic services" (46 U.S.C. §70001(a)(1)) and imposes an obligation to "require appropriate vessels that operate in an area of a vessel traffic service to utilize or comply with that service" (46 U.S.C. §70001(a)(1)).

13. Also in response to EXXON VALDEZ and other oil spill incidents, the California Legislature enacted the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act ("OSPRA").

14. Part of that legislation authorized the Marine Exchange to support VTS for the Los Angeles/Long Beach Harbor Area ("LA/LB Harbor Area") in cooperation with and under the supervision of the USCG. The work performed by Marine Exchange in support of the LA/LB Harbor Area VTS is referred to herein as "VTS Support."

15. Marine Exchange is permitted, but not obligated, by statute or otherwise to provide VTS Support.

16. These sections of the California Government Code and California Harbors and Navigation Code authorizing Marine Exchange to perform VTS Support and granting it a right to defense and indemnity were enacted as part of the OSPRA legislation.

17. The California Harbor and Navigation Code sets forth the following statutory obligation to defend and indemnify Marine Exchange in this lawsuit:

> ***Each vessel subject to the requirements of this article shall defend, indemnify, and hold harmless the marine exchange*** and its officers, directors, employees, and representatives ***from any and all claims, suits, or actions of any nature by whomsoever asserted***, even though resulting or alleged to have resulted from negligent acts or omissions of the marine exchange or an officer, director, employee, or representative of the marine exchange.

Cal. Harb. & Nav. Code § 448.5 (emphasis added). It further provides that, for specified and limited purposes related to VTS, Marine Exchange is agent for the vessels.

18. Marine Terminal Operator Schedules (commonly referred to as "tariffs") for the Ports of Long Beach and Los Angeles, which are published and listed with the Federal Maritime Commission ("FMC"), reference the Marine Exchange's role in connection with VTS. *See* The Port of Long Beach – Tariff No. 4 ("LB Tariff"), Item 842(a); The Port of Los Angeles – Tariff No. 4 ("LA Tariff"), Item 345(A).

19. These tariffs state that Marine Exchange's services are subject to the California Harbors and Navigation Code sections where the above-cited indemnity provisions appear. *Id.*

20. As published tariffs, these provisions are enforceable as implied contracts (between the port authorities and the vessel operator), to which Marine Exchange is a beneficiary.

21. By accepting VTS Support, vessels, their owners, operators and managers become legally obligated pursuant to statute to defend and indemnify Marine Exchange.

22. By accepting VTS Support, vessels, their owners, operators and managers agree and consent to the terms set forth in statute and tariff, including the aforementioned obligations to defend and indemnify Marine Exchange.

23. Cross-Defendants' duty to defend and indemnify Marine Exchange also is enforceable as a tariff-based implied contract to which Marine Exchange is the beneficiary.

24. OPA and OSPRA require vessel operators to have and to provide proof of financial responsibility (in the form of insurance, surety bonds, or similar) in the event of an oil spill incident, with no such similar requirement imposed on Marine Exchange, demonstrating a clear legislative intent to channel liability, defense, indemnity and financial responsibility for same to the vessel operators.

25. Marine Exchange's claims for defense, indemnity and contribution against Cross-Defendants derived from and/or arising under 33 U.S.C. § 2709 and

California's Harbor and Navigation Code § 448.5(c) are not required to proceed in a LOLA action.

26. On or about October 2, 2021, an oil spill incident occurred off the coast of Huntington Beach, California.

27. Soon thereafter, multiple cases were filed on behalf of various plaintiffs complaining of damages as result of the oil spill. On or about December 20, 2021, the Court consolidated these plaintiffs' cases under the captioned case number. Dkt. 44.

28. The oil spill incident at issue in this matter is alleged to result, in whole or in part, from anchor drags on or about January 25, 2021, involving MSC DANIT and COSCO BEIJING.

29. The claims against Marine Exchange herein are alleged to arise out of VTS Support provided to MSC DANIT and COSCO BEIJING during those vessels' calls to the LA/LB Harbor Area encompassing the January 25, 2021 incident.

30. On or about February 28, 2022, Amplify filed a Third-Party Complaint against, *inter alia*, Marine Exchange. Dkt. 123.

31. On or about June 21, 2022, Amplify filed its First Amended Third-Party Complaint which, as against Marine Exchange, asserts contribution claims under OPA, and contribution, negligence, and negligence per se claims arising under federal admiralty law. Dkt. 277. Marine Exchange has moved to dismiss that claim for lack of subject matter jurisdiction and failure to state a claim.

32. On or about October 5, 2022, Amplify filed a Second Amended Third-Party Complaint pursuant to order and subject to certain conditions in that order. On or about that same date, pursuant to order and subject to certain conditions which led to entry of that order, Amplify's subrogated insurers filed a complaint-in-intervention seeking recovery of proceeds paid to Amplify from various parties including Marine Exchange.

33. Marine Exchange filed a further Motion to Dismiss Amplify's Second Amended Third-Party Complaint based on Rule 19, Federal Rules of Civil Procedure, which is set to be heard on November 16, 2022, and requested dismissal of the Complaint-in-Intervention on the same grounds as set forth in its pending motion to dismiss the First Amended Third-Party Complaint.

34. Marine Exchange denies liability for the allegations asserted in Amplify's Second Amended Third-Party Complaint and the Complaint-in-Intervention. By bringing this Cross-Claim, Marine Exchange does not admit liability nor any facts or contentions in the Second Amended Third Party Complaint or the Complaint-in-Intervention.

35. On or about March 31, 2022, the MSC DANIT vessel interests filed a LOLA action seeking exoneration from or limitation of liability. On May 20, 2022, the COSCO Beijing vessel interests also filed a LOLA action. On or about May 25, 2022, the Court consolidated these LOLA actions under the captioned case number. Dkt. 245.

36. Marine Exchange has properly and duly tendered its defense and indemnity of the claims brought by Amplify and its insurers to Cross-Defendants. It does so again by this pleading.

37. Cross-Defendants have refused to accept Marine Exchange's defense and indemnity in direct contravention of their statutory obligations, leaving this small non-profit to fend for itself while the vessel interests have assembled large teams of lawyers and experts in their own defense.

38. Cross-Defendants' unjustified refusal to accept Marine Exchange's tender contravenes the clear intent of the legislators to channel liability, defense, indemnity and financial responsibility for marine casualty incidents, such as oil spills, to the vessel operators.

39. Cross-Defendants' unjustified refusal to fulfill their obligations to defend and indemnity Marine Exchange against the allegations in Amplify's third-party claim has prejudiced and continues to prejudice Marine Exchange.

40. Marine Exchange has been forced to incur costs and attorneys' fees defending this lawsuit, notwithstanding the statutory and regulatory framework that is designed to have Cross-Defendants bear these costs and fees of defense.

## FIRST CLAIM FOR DECLARATORY RELIEF

*(Marine Exchange Has No Legal Obligation to Perform VTS Support)*

41. Marine Exchange repeats and realleges each allegation set forth the preceding paragraphs, in their entirety, as if set forth fully herein.

42. There is no federal or California statutory law that requires Marine Exchange to perform VTS Support. Similarly, the LB Tariff and LA Tariff do not require Marine Exchange to perform VTS Support. Marine Exchange does not have a contractual obligation to perform VTS Support for the benefit of any vessel operator, including Cross-Defendants.

43. Marine Exchange has no statutory or contractual obligation to perform VTS Support for the benefit of Cross-Defendants, and may freely decline to perform such services, particularly when Cross-Defendants have failed to perform their statutory obligations to defend and indemnify Marine Exchange against the allegations asserted by Amplify in this lawsuit, which has both caused damage and which signals an intent to refuse to honor legal obligations in connection with potential future incidents.

44. As a result of the aforesaid failure to defend and indemnify Marine Exchange as required by statute, Marine Exchange has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding Marine Exchange's right to decline to provide VTS Support to Cross-Defendants. Until such time as Marine Exchange is able to have its rights and responsibilities in this regard construed by the Court, Marine Exchange will suffer uncertainty and continued prejudice.

45. As result of Marine Exchange's tender to Cross-Defendants of its defense and indemnity against Amplify's allegations in this lawsuit, and Cross-Defendants' failure to accept, a real and justiciable issue exists with respect to the statutory rights and obligations under the law, and a *bona fide* actual and present dispute exists, calling for this Court's Declaratory Judgment.

## SECOND CLAIM FOR DECLARATORY RELIEF

*(Cross-Defendants are Obligated by Statute to Defend and Indemnify Marine Exchange against Amplify's Third-Party Claim)*

46. Marine Exchange repeats and realleges each allegation set forth all preceding paragraphs, in their entirety, as if set forth fully herein.

47. California Harbors and Navigation Code § 448.5 requires vessel operators to defend and indemnify Marine Exchange for all claims, suits, and actions.

48. The vessel interests are further obligated to defend and indemnify Marine Exchange as their limited statutory agent acting within the course and scope of its duties.

49. The Port of Long Beach and Port of Los Angeles published tariffs with the FMC that cite the provisions of the California Harbor and Navigation Code related to Marine Exchange's performance of the VTS Support, including the indemnity provision cited above. The LB Tariff, Item 842(a); LA Tariff, Item 345(A).

50. Cross-Defendants' obligation to defend and indemnify Marine Exchange in this action does not contravene public policy.

51. Cross-Defendants' failure to accept Marine Exchange's tender of defense and indemnity constitutes a breach of Cross-Defendants' statutory and contractual and legal obligations.

52. As a result of Cross-Defendants' failure to defend and indemnify Marine Exchange as required by statute, Marine Exchange has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding Cross-Defendants' legal obligation to defend and indemnify Marine Exchange against the allegations in

Amplify's third-party claim. Until such time as Marine Exchange is able to have its rights and responsibilities in this regard construed by the Court, Marine Exchange will suffer uncertainty and continued prejudice.

### THIRD CLAIM FOR DECLARATORY RELIEF

*(Marine Exchange's Right to Indemnity and Contribution is not Subject to Shipowner's Limitation of Liability)*

53. Marine Exchange repeats and realleges each allegation set forth in the preceding paragraphs, in their entirety, as if set forth fully herein.

54. Marine Exchange's claims against Cross-Defendants for defense, indemnity and contribution derived from and/or arising under 33 U.S.C. § 2709 and/or California's Harbor and Navigation Code § 448.5(c) and pursuant to contract are not subject to limitation under LOLA.

55. Marine Exchange is not required to assert those claims against Cross-Defendants in the pending LOLA proceedings.

56. Marine Exchange's claims are not subject to the Court's stay as ordered with respect to the LOLA proceedings. Dkt. 245.

57. Marine Exchange may enforce its right to defense and indemnity as set forth herein outside the LOLA proceedings consolidated under the captioned matter.

58. A real and justiciable issue exists with respect to the statutory rights and legal obligations of the parties, and a *bona fide* actual and present dispute exists, calling for this Court's Declaratory Judgment.

### FOURTH CLAIM FOR RELIEF

*(Money Damages for Breach of Statutory Duty to Defend and Indemnity)*

59. Marine Exchange repeats and realleges each allegation set forth in the preceding paragraphs in their entirety, as if set forth fully herein.

60. As a direct consequence of Cross-Defendants' breach of duty to defend and indemnify derived from statute and statutory agency, Marine Exchange has

incurred, and continues to incur, damages including but not limited attorney fees and costs in defending this action.

61. The refusal to honor the legal obligation to defend and indemnify Marine Exchange is further causing substantial harm, damage and legal prejudice by preventing Marine Exchange from mounting a defense comparable to that which the Vessel interests are providing themselves.

62. It further jeopardizes the Marine Exchange's continued existence and/or ability to continue to provide vessel traffic services to others.

63. This is despicable conduct carried on with willful and conscious disregards for the rights of Marine Exchange and the safety of others.

## **FIFTH CLAIM FOR RELIEF**

*(Money Damages for Breach of Contractual Duty to Defend and Indemnity)*

64. Marine Exchange repeats and realleges each allegation set forth in the preceding paragraphs in their entirety, as if set forth fully herein.

65. As a direct consequence of Defendants' breach of duty to defend and indemnify which it accepted by virtue of contract and by accepting services from Marine Exchange with knowledge of the defense and indemnity obligations established by statute, Marine Exchange has incurred, and continues to incur, damages including but not limited attorney fees and costs in defending this action.

66. The refusal to honor the legal obligation to defend and indemnify Marine Exchange is further causing substantial harm, damage and legal prejudice by preventing Marine Exchange from mounting a defense comparable to that which the Vessel interests are providing themselves.

67. It further jeopardizes the Marine Exchange's continued existence and/or ability to continue to provide vessel traffic services to others.

68. This is despicable conduct carried on with willful and conscious disregards for the rights of Marine Exchange and the safety of others.

## SIXTH CLAIM FOR RELIEF

*(CONTRIBUTION – OPA 90 – 33 U.S.C. § 2709 & 2718)*

69. Marine Exchange repeats and realleges each allegation set forth in the preceding paragraphs in their entirety, as if set forth fully herein.

70. As a direct consequence of Defendants' breach of duty to defend and indemnify which it accepted by operation of law and by virtue of contract and by accepting services from Marine Exchange, Marine Exchange has incurred, and continues to incur, damages including but not limited attorney fees and costs in defending this action.

71. The refusal to honor the legal obligation to defend and indemnify Marine Exchange is further causing substantial harm, damage and legal prejudice by preventing Marine Exchange from mounting a defense comparable to that which the Vessel interests are providing themselves.

72. Marine Exchange has a right to contribution from Cross-Defendants under OPA 90, accordingly.

**WHEREFORE**, Cross-Claimant Marine Exchange demands a temporary restraining order, a preliminary injunction, a permanent injunction, and further a judgment from this Honorable Court:

1. Declaring that Marine Exchange has no legal obligation to perform VTS Support for the benefit of Cross-Defendants or other vessels;

2. Declaring that the Cross-Defendants may not seek to utilize services from the Marine Exchange for any vessel owned, operated or managed by them so long as they are failing to provide the defense and indemnity required by law;

3. Declaring Cross-Defendants have a legally enforceable duty to defend and indemnify Marine Exchange against the allegations in Amplify's Third-Party Claim and the Complaint-in-Intervention;

4. Declaring Marine Exchange's right to defense and indemnity is not subject to liability limitations under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*;

5. For money damages according to proof;

6. For exemplary damages;

7. Any and all such other and further relief that this Court deems appropriate under the circumstances.

Dated: October 19. 2022    CLYDE & CO LLP

By: /s/ *Conte C. Cicala*
Conte C. Cicala
Third-Party Defendant, Cross- Claimant and Defendant-In-Intervention
MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR dba MARINE EXCHANGE OF SOUTHERN CALIFORNIA