Wylie A. Aitken, Sate Bar No. 37770
*wylie@aitkenlaw.com*
**AITKEN✦AITKEN✦COHN**
3 MacArthur Place, Suite 800
Santa Ana, CA 92808
Telephone: (714) 434-1424
Facsimile: (714) 434-3600

Lexi J. Hazam, State Bar No. 224457
*lhazam@lchb.com*
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-100

Stephen G. Larson, State Bar No. 145225
*slarson@larsonllp.com*
**LARSON, LLP**
600 Anton Blvd., Suite 1270
Costa Mesa, CA 92626
Telephone: (949) 516-7250
Facsimile: (949) 516-7251

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Classes*

*[Additional Counsel Appear on Signature Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMPLIFY ENERGY CORP., *et al.*, <br><br> Defendants. | Case No. 8:21-CV-01628-DOC(JDEx) <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS UNDER RULE 23(H)** <br><br> Date: April 24, 2023 <br> Time: 8:30 a.m. <br> Judge: David O. Carter <br> Room: 10A |

TO ALL THE PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 24, 2023, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter in Courtroom 10A of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California, 92701, Plaintiffs, for themselves and on behalf of all others similarly situated, will and hereby do move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order:

A.  Approving the request for attorneys' fees to Interim Settlement Class Counsel in the amount of $12,500,000, or 25% of the Settlement Funds;

B.  Approve reimbursement of litigation expenses of $1,291,067.91; and

C.  Approve service awards of $10,000 to each of the seventeen Class Representatives (*see* Settlement Agreement (Dkt. 476-4, ¶¶ 2-4) for the time and effort they spent pursuing this matter on behalf of the Settlement Classes, for a total of $170,000.

This motion is based on the attached supporting memorandum; the accompanying declarations and exhibits; the pleadings, papers, and records on file in this action, including those submitted in support of Plaintiffs' Motion for Final Approval; any further papers filed in support of this motion; and arguments of counsel.

Dated: January 25, 2023          Respectfully submitted,

/s/ Lexi J. Hazam
Lexi J. Hazam

/s/ Wylie A. Aitken
Wylie A. Aitken

/s/ Stephen G. Larson
Stephen G. Larson

Wylie A. Aitken, Sate Bar No. 37770
Darren O. Aitken, State Bar No. 145251
Michael A. Penn, State Bar No. 233817
Megan G. Demshki, State Bar No. 306881
**AITKEN✦AITKEN✦COHN**
3 MacArthur Place, Suite 800
Santa Ana, CA 92808
Telephone: (714) 434-1424
Facsimile: (714) 434-3600

Lexi J. Hazam, State Bar No. 224457
Elizabeth J. Cabraser, State Bar No. 083151
Robert J. Nelson, State Bar No. 132797
Wilson M. Dunlavey, State Bar No. 307719
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Kelly K. McNabb, *admitted pro hac vice*
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Stephen G. Larson, State Bar No. 145225
*slarson@larsonllp.com*
Steven E. Bledsoe, State Bar No. 157811
*sbledsoe@larsonllp.com*
**LARSON, LLP**
600 Anton Blvd., Suite 1270
Costa Mesa, CA 92626
Telephone: (949) 516-7250
Facsimile: (949) 516-7251

*Interim Settlement Class Counsel*

1  Wylie A. Aitken, Sate Bar No. 37770
   *wylie@aitkenlaw.com*
2  **AITKEN✦AITKEN✦COHN**
   3 MacArthur Place, Suite 800
3  Santa Ana, CA 92808
   Telephone: (714) 434-1424
4  Facsimile: (714) 434-3600

5  Lexi J. Hazam, State Bar No. 224457
   *lhazam@lchb.com*
6  **LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP**
7  275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
8  Telephone: (415) 956-1000
   Facsimile: (415) 956-100

9
   Stephen G. Larson, State Bar No. 145225
10 *slarson@larsonllp.com*
   **LARSON, LLP**
11 600 Anton Blvd., Suite 1270
   Costa Mesa, CA 92626
12 Telephone: (949) 516-7250
   Facsimile: (949) 516-7251
13
   *Interim Settlement Class Counsel*
14
   *[Additional Counsel Appear on Signature Page]*
15

16                **UNITED STATES DISTRICT COURT**

17                **CENTRAL DISTRICT OF CALIFORNIA**

18                     **SOUTHERN DIVISION**

19

20 PETER MOSES GUTIERREZ, JR.,        Case No. 8:21-CV-01628-DOC(JDEx)
   *et al.*,
21                                     **PLAINTIFFS' MEMORANDUM OF
              Plaintiffs,              POINTS AND AUTHORITIES IN
22                                     SUPPORT OF MOTION FOR
   v.                                  ATTORNEYS' FEES, EXPENSES,
23                                     AND SERVICE AWARDS UNDER
   AMPLIFY ENERGY CORP., *et al.*,     RULE 23(H)**
24
              Defendants.             Date:    April 24, 2023
25                                    Time:    8:30 a.m.
                                      Judge:   David O. Carter
26                                    Room:    10A

27

28

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 2

ARGUMENT ........................................................................................................ 2

I.    The requested attorneys' fees are reasonable and appropriate under THE applicable standards. .................................................................... 2

    A.    The requested 25% fee is equal to the Ninth Circuit's "benchmark" and is reasonable under the circumstances. ................... 3

        1.    The benefits to the Class, which include monetary and injunctive relief, supports the requested fees. ........................... 4

        2.    The risk of continued litigation supports the requested fees. ................................................................................................ 6

        3.    Interim Co-Lead Counsel's skill and expertise supports the requested fees. ........................................................................ 7

        4.    Settlement Class Counsel's undertaking of this case on a contingency-fee basis supports the requested fees. .................. 8

        5.    The requested fee percentage is in line with percentages approved in other cases. ........................................................... 9

    B.    A lodestar cross-check further confirms the reasonableness of the fees requested. ........................................................................ 10

II.    Class Counsel's expenses are reasonable and appropriate. .......................... 12

III.    The requested Class Representative service awards are reasonable and well-deserved. ............................................................................................ 12

CONCLUSION ..................................................................................................... 14

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Andrews v. Plains All American Pipeline, L.P.*,
  No. 2:15-cv-04113-PSG (C.D. Cal.) ................................................................8, 9

*Baker v. SeaWorld Ent., Inc.*,
  No. 14-CV-02129-MMA-AGS, 2020 WL 4260712 (S.D. Cal. July 24, 2020).....6

*Beaver v. Tarsadia Hotels*,
  No. 11-CV-01842-GPC-KSC, 2017 WL 4310707 (S.D. Cal. Sept. 28, 2017)......9

*Bebchick v. Wash. Metro. Area Transit Comm'n*,
  805 F.2d 396 (D.C. Cir. 1986)........................................................................4, 5

*Beesley v. Int'l Paper Co.*,
  No. 3:06-CV-703-DRH-CJP, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014) ...........12

*Blum v. Stenson*,
  465 U.S. 886 (1984)............................................................................................10

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980)..............................................................................................2

*Boyd v. Bank of Am. Corp.*,
  No. SACV 13-0561-DOC, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) .........13

*Brown v. CVS Pharmacy, Inc.*,
  2017 WL 3494297 (C.D. Cal. Apr. 24, 2017)......................................................12

*Calhoun v. Celadon Trucking Servs.*, No. 16-CV-1351 PSG (FFM),
  2017 U.S. Dist. LEXIS 234899 (C.D. Cal. Nov. 13, 2017) .................................11

*Dickey v. Advanced Micro Devices, Inc.*,
  2020 WL 870928 (N.D. Cal. Feb. 21, 2020)........................................................11

*Dyer v. Wells Fargo Bank, N.A.*,
  303 F.R.D. 326 (N.D. Cal. 2014) ..................................................................10, 11

*Fischel v. Equitable Life Assur. Soc'y of U.S.*,
  307 F.3d 997 (9th Cir. 2002)..................................................................................1

*Garner v. State Farm Mut. Auto. Ins. Co.*,
  2010 WL 1687832 (N.D. Cal. Apr. 22, 2010)......................................................13

*In re Am. Apparel, Inc. S'holder Litig.*,
  2014 WL 10212865 (C.D. Cal. July 28, 2014) ......................................................8

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) .................................................................................3

*In re Capacitors Antitrust Litig.*,
  2018 WL 4790575 (N.D. Cal. Sept. 21, 2018).....................................................10

*In re Korean Air Lines Co., Ltd. Antitrust Litig.*,
  2013 WL 7985367 (C.D. Cal. Dec. 23, 2013)........................................................4

*In re Lidoderm Antitrust Litig.*,
  2018 WL 4620695 (N.D. Cal. Sept. 20, 2018)......................................................11

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
  2017 WL 6040065 (N.D. Cal. Dec. 6, 2017), *aff'd,* 768 F. App'x 651 (9th Cir.
  2019) ....................................................................................................................13

*In re Omnivision Techs.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2007)........................................................3, 4, 6, 7

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) .......................................................9

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ............................................................................4, 9

*In re Wells Fargo & Co. S'holder Derivative Litig.*,
  445 F. Supp. 3d 508, 534 (N.D. Cal. 2020)..........................................................13

*Laffitte v. Robert Half Int'l Inc.*,
  1 Cal. 5th 480 (2016)............................................................................................4

*Rodriguez v. W. Pub. Corp.*,
   563 F.3d 948 (9th Cir. 2009) ...................................................................................... 13
*Rolex Watch USA Inc. v. Zeotec Diamonds Inc.*,
   2021 WL 4786889 (C.D. Cal. Aug. 24, 2021) .......................................................... 11
*Schwarz v. Sec'y of Health & Human Servs.*,
   73 F.3d 895 (9th Cir. 1995) ...................................................................................... 11
*Spencer-Ruper v. Scientiae, LLC*,
   No. 819CV01709DOCADS, 2021 WL 4895740 (C.D. Cal. Sept. 24, 2021)...3, 6, 7, 9
*Staton v. Boeing*,
   327 F.3d 938 (9th Cir. 2003) ............................................................................... 12, 14
*Tait v. BSH Home Appliances Corp.*,
   2015 WL 4537463 (C.D. Cal. July 27, 2015) ............................................................ 4
*Van Vraken v. Atl. Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995) ........................................................................... 13
*Vinh Nguyen v. Radient Pharms. Corp.*,
   No. SACV 11-00406 DOC, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ........... 9
*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ........................................................................... passim
*Willner v. Manpower Inc.*,
   No. 11-cv-02846-JST, 2015 WL 3863625 (N.D. Cal. June 22, 2015) ................ 12

**Rules**

Federal Rule of Civil Procedure 23(h) ............................................................... 2, 12

**Treatises**

William B. Rubenstein,
   *Newberg on Class Actions* (5th ed. 2020) .............................................................. 4

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES,
EXPENSES AND SERVICE AWARDS
CASE NO. 8:21-CV-01628-DOC(JDEX)

# **INTRODUCTION**

Following vigorous litigation that begin in October 2021, Plaintiffs, through Court-appointed Interim Settlement Class Counsel, reached a proposed Settlement with the Amplify Defendants that will create a $50 million dollar non-reversionary cash fund (the "Settlement Fund") to compensate Settlement Class Members, along with meaningful injunctive relief to help prevent future oil spills. *See generally* Dkt. 599 (Preliminary Approval Order). In recognition of their work achieving this excellent result, Plaintiffs and Settlement Class Counsel respectfully move the Court to award attorneys' fees in the amount of 25 percent of the Settlement Fund ($12,500,000), grant reimbursement of $1,291,067.91 in litigation expenses, and award each of the seventeen Class Representatives a service award of $10,000 for the time they spent prosecuting this action on behalf of the Settlement Classes.[1]

Interim Settlement Class Counsel's request for 25 percent of the Settlement Fund, equivalent to the Ninth Circuit's "benchmark" rate, is presumptively reasonable. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). An analysis of the other factors considered by courts in this Circuit in assessing fee requests confirms the reasonableness of the request. *First*, the recovery provides significant monetary *and* injunctive relief to the Settlement Classes. *Second*, the Settlement Classes would have faced serious litigation risks had they continued to litigate against Amplify, which mounted a spirited defense, is represented by sophisticated and experienced counsel, and relief now avoids further deterioration of Amplify's rapidly decreasing insurance funds to pay for its Oil Spill costs. *Third*, Interim Settlement Class Counsel applied their considerable experience and skill in litigating this case on behalf of the Settlement Classes against Amplify. *Fourth*, Interim Settlement Class Counsel pursued this case purely on a contingency basis. *Fifth*, the requested 25 percent fee request is a modest

---

[1] All capitalized terms used herein have the meaning set forth in the Class Action Settlement Agreement ("Settlement Agreement" or "Settlement") (Dkt. 476-4 (Ex. 1 to the Hazam Decl.), unless otherwise indicated.

request in comparison with similar settlements. *Finally*, the requested 25 percent fee results in a multiplier of approximately 1.3, which is at the lower end of the range considered presumptively reasonable in this Circuit. In sum, given the quality of the Settlement and the risks undertaken by Interim Settlement Class Counsel, an award of 25 percent of the Settlement Funds is appropriate.

In addition to attorneys' fees, Interim Settlement Class Counsel also respectfully requests that the Court award reimbursement of $1,291,067.91 in litigation expenses, all of which were reasonably incurred and necessary for the prosecution of the case. *See* Argument, § II, *infra*. Finally, the Class Representatives each seek $10,000 service awards in recognition of their time and effort litigating this action on behalf of the Settlement Classes, for a total of $170,000. *See* Argument, § III, *infra*.

## **BACKGROUND**

Plaintiffs have detailed the extensive history of this litigation in their accompanying motion for final approval and the concurrently-filed Hazam Declaration. In the interest of efficiency, Interim Settlement Class Counsel will not repeat that history here, but rather incorporate it by reference. In sum, this litigation was hotly contested for over a year, involved numerous complex and highly technical factual disputes as well as cutting-edge legal arguments, and settled with extraordinary quickness.

## **ARGUMENT**

## **I.    THE REQUESTED ATTORNEYS' FEES ARE REASONABLE AND APPROPRIATE UNDER THE APPLICABLE STANDARDS.**

Pursuant to Federal Rule of Civil Procedure 23(h), courts may award reasonable attorneys' fees to class counsel. *See also Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").

"Courts consider several factors to determine the appropriate percentage of the fund to award as attorneys' fees in a common fund case including (a) the results achieved; (b) the risk of litigation; (c) the skill required and the quality of work; (d) the contingent nature of the fee; and (e) awards made in similar cases." *Spencer-Ruper v. Scientiae, LLC*, No. 819CV01709DOCADS, 2021 WL 4895740, at *1 (C.D. Cal. Sept. 24, 2021) (Carter, J.) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047, 1048-50 (9th Cir. 2002).

As detailed below, each of these factors strongly supports Class Counsel's 25 percent fee request. Additionally, and as demonstrated by the lodestar cross-check, the requested award would not constitute a windfall to Settlement Class Counsel. The requested fee would constitute an extremely modest lodestar-multiplier of 1.3, and that modest multiplier will continue to decrease during the administration of the Settlement.

A.    **The requested 25% fee is equal to the Ninth Circuit's "benchmark" and is reasonable under the circumstances.**

"The 'benchmark' percentage for attorney's fees in the Ninth Circuit is 25% of the common fund with costs and expenses awarded in addition to this amount." *Id.* (citing *Vizcaino*, 290 F.3d at 1047). "However, in most common fund cases, the award *exceeds* that [25%] benchmark." *Id.* (citing *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2007) (emphasis added). "Absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%." *Id.* (citing *Omnivision*, 559 F. Supp. 2d at 1048).

"Because the benefit to the class is easily quantified in common-fund settlements," courts may "award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). "The use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees and permits the Court to focus on

showing that a fund conferring benefits on a class was created through the efforts of plaintiffs' counsel." *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, 2013 WL 7985367, at *1 (C.D. Cal. Dec. 23, 2013). The percentage-of-the-fund method confers "significant benefits…including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving the highest award for the class members, and reducing the burden on the courts that a complex lodestar calculation requires." *Tait v. BSH Home Appliances Corp.*, 2015 WL 4537463, at *11 (C.D. Cal. July 27, 2015); *see* 5 William B. Rubenstein, *Newberg on Class Actions* §§ 15:62, 15:65 (5th ed. 2020).[2] The key purpose of the common fund doctrine is to share the burden of a party's litigation expenses among those who benefit from them. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

### 1. The benefits to the Class, which include monetary and injunctive relief, supports the requested fees.

The benefits Interim Settlement Class Counsel secured for the Classes are the most important factor in evaluating the reasonableness of a requested fee. *Bluetooth*, 654 F.3d at 942; *Omnivision Techs.*, 559 F. Supp. 2d at 1046. "Incidental or non-monetary benefits conferred by the litigation are a relevant" consideration (*Vizcaino*, 290 F.3d at 1049), and courts may "consider the public benefits of counsel's efforts in determining the level of reasonable compensation." *Bebchick v. Wash. Metro. Area Transit Comm'n*, 805 F.2d 396, 408 (D.C. Cir. 1986).

*First*, the monetary relief here is a strong result for the Class in light of the costs and risks of delay of litigation, particularly given Amplify's available funds. As detailed in Plaintiffs' Motion for Preliminary Approval, the Settlement represents a large portion of the insurance funds that remain available to Amplify to

---

[2] The common fund approach is also endorsed by California law, a relevant consideration given that many of the Settlement Classes' claims are brought under this state's law. *See Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 503 (2016) (endorsing percentage of the fund approach and affirming an award equal to one-third of the common fund); *see also Vizcaino*, 290 F.3d at 1047.

pay claims—an amount that will only decrease with time as Amplify pays ongoing clean-up, litigation and other costs. Dkt. 476 at 12-13. *See also* Dkt. 476-2, ¶ 11 (Decl. of Layn R. Phillips) ("Phillips Decl.") ("Based on my experience as a litigator, a former U.S. District Judge and a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for the settlement classes …. I further believe it was in the best interests of the parties that they avoid the burdens and risks associated with taking a case of this size and complexity to trial, particularly given Amplify's available insurance and financial position. I strongly support the Court's approval of the Settlement in all respects.").

*Second*, this Settlement also delivers important injunctive relief to help prevent and address future spills. Some of these measures mirror the relief included in its criminal plea, which were spurred in significant part by Plaintiffs' pursuit of civil litigation, and originally sought in Plaintiffs' Complaint. *See* Dkt. 476 at 6 (comparing complaint and plea). These include the installation of a new leak detection system, the use of ROVs to detect pipeline movement and rapid reporting of such to authorities, an increase from one to four of the number of biannual ROV pipeline inspections, revision of oil spill contingency plans and procedures, and employee training on new plans, procedures, and spill reporting. Settlement § IV. On top of those measures, Amplify has agreed with Plaintiffs to injunctive relief beyond that included in the criminal plea, including increased staffing on the offshore platform and control room involved with this Oil Spill, and establishment of a one-call alert system to report any threatened release of hazardous or pollutant substances. *Id*. These public benefits provide further support for the requested benchmark 25 percent fee award. *See, e.g.*, *Bebchick*, 805 F.2d at 408 (placing significant weight on the public benefit of persuading the court that defendant had set transit fares unreasonably high).

The outstanding result of the Settlement supports the requested fees.

**2.    The risk of continued litigation supports the requested fees.**

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly [in] a case involving complicated legal issues, is a significant factor in the award of fees." *Spencer-Ruper*, 2021 WL 4895740, at *2 (C.D. Cal. Sept. 24, 2021) (Carter J.) (citing *Omnivision*, 559 F. Supp. 2d at 1046-47).

From the outset, Amplify demonstrated its willingness to mount a vigorous defense. Amplify moved to dismiss Plaintiffs' claims on multiple bases, including on preemption grounds and failure to state claims. Dkts. 151 (motion), 250 (reply). Amplify also served voluminous discovery requests on all Plaintiffs.

Although Plaintiffs strongly believe in the merits of their case, if Plaintiffs were to continue litigating their claims against Amplify, they would face the gauntlet of prevailing on class certification, *Daubert*, summary judgment, liability and damages at trial, and an inevitable appeal. Each of these would be hotly contested. Amplify would also likely seek to shift liability onto the other defendants in this case. And even if Plaintiffs secured a complete victory at trial on both liability and damages, it is a near certainty that Amplify would engage in "vigorous post-trial motion practices . . . and likely appeals to the Ninth Circuit—delaying any recovery for years." *Baker v. SeaWorld Ent., Inc.*, No. 14-CV-02129-MMA-AGS, 2020 WL 4260712, at *7 (S.D. Cal. July 24, 2020).

In considering the Settlement, Plaintiffs and Interim Settlement Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation against the benefits to the Settlement Classes, including the significant monetary benefit and injunctive relief. *See* Dkt. 476-3 (Hazam Decl. in support of Preliminary Approval) ("Hazam Prelim. Decl.") ¶¶ 33-34. Furthermore, the Settlement was negotiated with an experienced mediator, who "strongly support(s) the Court's approval of the Settlement in all respects." Dkt. 476-2 ¶ 11 (Phillips Decl.).

For these reasons, "the risks of continued litigation not only support the

Settlement, the result obtained for the Class also supports the reasonableness of the requested fees." *See Spencer-Ruper*, 2021 WL 4895740, at *2 (C.D. Cal. Sept. 24, 2021) (Carter, J.).

### 3. Interim Co-Lead Counsel's skill and expertise supports the requested fees.

"The 'prosecution and management of a complex [ ] class action requires unique legal skills and abilities' that are to be considered when evaluating fees.'" *See Spencer-Ruper*, 2021 WL 4895740, at *2 (C.D. Cal. Sept. 24, 2021) (Carter, J.) (citing *Omnivision*, 559 F. Supp. 2d at 1047).

This case required a high degree of skill and experience to prosecute and manage. As this Court recognized in appointing Interim Settlement Class Counsel as Interim Co-Lead Counsel at the beginning of this hard-fought litigation, Interim Settlement Class Counsel has a depth of experience handling class actions and other complex litigation, including "litigation involving similar facts and issues to those in th[is] case," they engaged in significant work "investigating potential claims in this action," and they have knowledge of the laws at issue in this case, including environmental law. *See* Dkt. 38 at 3 (appointing Interim Co-Lead Counsel).

Following their appointment, Interim Co-Lead Counsel and Amplify negotiated search protocols that involved lengthy negotiations on ESI parameters, including custodians, search terms, and non-custodial data sources. Through this process the Parties exchanged dozens of hit reports and sought guidance regarding multiple disputes from the Special Masters Panel. Plaintiffs collected 8 GB of data for search and review in response to Amplify's three sets of requests for production of documents. Dkt. 476-3 (Hazam Prelim. Decl.) ¶ 24.

Written discovery was extensive. The case involved the production of over 362,000 documents. Interim Settlement Class Counsel was charged with comprehensively reviewing and understanding Amplify's documents, which required substantial time by counsel and consultation with experts and consultants.

1   *Id.* ¶¶ 14, 25-26. These documents included technical topics such as Shoreline

2   Cleanup Assessment Technique data relating to oil fate and data sets related to

3   pipeline integrity. *Id*. ¶ 25.

4   In advance of the mediation, Plaintiffs and Amplify prioritized discovery

5   related to damages. Plaintiffs engaged some of the same experts that survived

6   *Daubert* challenges in similar litigation, *Andrews v. Plains All American Pipeline*,

7   *L.P.*, No. 2:15-cv-04113-PSG (C.D. Cal.), a similar class action lawsuit on behalf

8   of businesses and property owners harmed by a Southern California oil spill. These

9   experts include a renowned oil fate and transport expert, an expert in the field of

10  real estate damages, an economist, and a marine scientist, who submitted

11  confidential preliminary reports for purposes of the mediation to support Plaintiffs'

12  claims and damages. *See* Dkt. 476-3 (Hazam Prelim. Decl.) ¶ 26. The Parties

13  exchanged and submitted detailed mediation statements addressing liability and

14  damages, including expert reports and rebuttal reports. *See* Dkt. 476-2 (Phillips

15  Decl.) ¶ 5. As the mediator recognized, substantial work went into mediation

16  preparation, and the mediation involved complex issues that required significant

17  thought. *Id*. ¶¶ 5, 9.

18  Finally, Class Counsel successfully handled this protracted litigation against

19  a company with significant financial and legal resources, represented by a

20  prominent litigation firm. "In addition to the difficulty of the legal and factual

21  issues raised, the court should also consider the quality of opposing counsel as a

22  measure of the skill required to litigate the case successfully." *In re Am. Apparel,*

23  *Inc. S'holder Litig.*, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014).

24  This factor, too, strongly supports Settlement Class Counsel's requested fees.

### 4. Settlement Class Counsel's undertaking of this case on a contingency-fee basis supports the requested fees.

27  "The Ninth Circuit has long recognized that the public interest is served by

28  rewarding attorneys who undertake representation on a contingent basis by

compensating them for the risk that they might never be paid for their work." *Spencer-Ruper*, 2021 WL 4895740, at *3 (C.D. Cal. Sept. 24, 2021) (Carter, J.) (citing *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).

Interim Settlement Class Counsel bore not insignificant risks to achieve this result. Interim Settlement Class Counsel took the case purely on contingency, devoting thousands of hours and advancing hundreds of thousands of dollars in litigation expenses, all with no guarantee of reimbursement. Hazam Decl., ¶ 9. In so doing, Interim Settlement Class Counsel "turn[ed] down opportunities to work on other cases to devote the appropriate amount of time, resources, and energy necessary to responsibly handle this complex case." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 1047834, at *3 (N.D. Cal. Mar. 17, 2017).

This factor also strongly supports Interim Settlement Class Counsel's requested fee.

### 5. The requested fee percentage is in line with percentages approved in other cases.

A court should also consider fee awards from similar cases. *Vizcaino*, 290 F.3d at 1049-50. The requested fee is equal to the Ninth Circuit's "benchmark," and in fact is lower than the fees often awarded in similar cases. *See Beaver v. Tarsadia Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at *10 (S.D. Cal. Sept. 28, 2017) (citing several cases awarding 33%). Indeed, in another oil spill case along the California coast, the court awarded a 32% fee. *See Andrews v. Plains All Am. Pipeline L.P*, No. CV154113PSGJEMX, 2022 WL 4453864, at *4 (C.D. Cal. Sept. 20, 2022) (awarding a 32% fee and citing cases awarding up to 42% in fees).

The requested fee is also below a traditional contingency fee, which further supports its reasonableness. *Vinh Nguyen v. Radient Pharms. Corp.*, No. SACV 11-00406 DOC, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) (Carter, J.)

(awarding 28% in fees, noting that 28% is "commensurate with, and even slightly below, a traditional contingency fee) (citing *Blum v. Stenson*, 465 U.S. 886, 904 (1984) ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers.").

Thus, the requested 25 percent award is consistent with fee awards in class action cases generally, and compares favorably with percentages approved in similar cases. Accordingly, this factor clearly supports Interim Settlement Class Counsel's requested fee.

### B.   A lodestar cross-check further confirms the reasonableness of the fees requested.

Courts sometimes employ a "streamlined" lodestar analysis to "cross-check" the reasonableness of a requested award. *Vizcaino*, 290 F.3d at 1050. "[W]hile the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Id.* "The aim is to do rough justice, not to achieve auditing perfection." *In re Apple*, 2021 WL 1022866, at *7 (citation omitted); *see also In re Capacitors Antitrust Litig.*, 2018 WL 4790575, at *6 (N.D. Cal. Sept. 21, 2018) (holding that a lodestar cross-check does not require "mathematical precision [or] bean-counting").

In the Ninth Circuit, a multiplier ranging from 1.0 to 4.0 is considered "presumptively acceptable." *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014); *Vizcaino*, 290 F.3d at 1051 n.6 (finding most multipliers range from 1.0–4.0).

Here, the lodestar cross-check reveals that the requested fee is eminently reasonable: the resulting multiplier is on the low end of the acceptable range. *First*, as detailed in the accompanying Hazam Declaration, Class Counsel devoted a substantial number of hours to this complex class action case. *E.g.,* Hazam Decl., ¶ 9. Class Counsel were careful and thorough, but also tried to coordinate their efforts to gain efficiencies. *Id.* at ¶¶ 21, 25.

Second, Class Counsel's rates are consistent with market rates in their area. Hazam Decl., ¶ 26; Larson Decl., ¶¶ 10; Aitken Decl., ¶ 10; *see also Dickey v. Advanced Micro Devices, Inc.*, 2020 WL 870928, at *8 (N.D. Cal. Feb. 21, 2020) (approving rates between $275 and $1,000 for attorneys); *In re Lidoderm Antitrust Litig.*, 2018 WL 4620695, at *2 (N.D. Cal. Sept. 20, 2018) (approving rates between $300 and $1,050); *Hefler v. Wells Fargo & Co*., No. 16-CV-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (rates from $650 to $1,250 for partners or senior counsel, $400 to $650 for associates); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (billing rates ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals found to be reasonable). Other courts have recently affirmed the rates of Interim Settlement Class Counsel. Hazam Decl., ¶ 27.

The resulting lodestar of $9,554,751.73 yields a modest multiplier of 1.3 for work performed to date. This multiplier is on the low end of the "presumptively acceptable range of 1.0-4.0" in this Circuit. *Dyer*, 303 F.R.D. at 334; *see also Vizcaino*, 290 F.3d at 1051 (approving 3.65 multiplier); *Flo & Eddie Inc., v. Sirius XM Radio, Inc.,* , 2017 WL 4685536, at *9 (C.D. Cal. May 8, 2017) (approving multiplier of up to 2.5); *Calhoun v. Celadon Trucking Servs.*, 2017 WL 11631979, at *8 (C.D. Cal. Nov. 13, 2017) (multiplier of 1.3 is "lower than the accepted range"). And the multiplier will only decrease as Interim Settlement Class Counsel continue two work on the approval and implementation of this proposed Settlement. Hazam Decl., ¶ 38.

This factor strongly supports Interim Settlement Class Counsel's requested 25 percent fee, and demonstrates that such a fee will not result in a "windfall" to Counsel.

## II. CLASS COUNSEL'S EXPENSES ARE REASONABLE AND APPROPRIATE.

Class Counsel may "recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *Brown v. CVS Pharmacy, Inc.*, 2017 WL 3494297, at *9 (C.D. Cal. Apr. 24, 2017) (citation omitted); *see also Staton v. Boeing*, 327 F.3d 938, 974 (9th Cir. 2003); Fed. R. Civ. P. 23(h). This includes expenses that are reasonable, necessary, and directly related to the litigation. *See Willner v. Manpower Inc.*, 2015 WL 3863625, at *7 (N.D. Cal. June 22, 2015).

Here, Interim Settlement Class Counsel established a joint cost fund to manage the bulk of the hard costs incurred, such as for transcripts, expert fees, and mediation expenses. Hazam Decl., ¶ 32. Combined with each firm's held costs, the total costs for which Class Counsel seek reimbursement is $1,291,067.91 in costs. Hazam Decl., ¶ 38. These costs benefited the Settlement Classes and are commensurate with the stakes, complexity, novelty, and intensity of this particular litigation. As indicated in the accompanying declarations, Interim Settlement Class Counsel expended costs on the typical categories, *e.g.*, experts, depositions, document management systems, mediation fees, and necessary travel, in addition to soft costs attributable to the litigation. *E.g.*, Hazam Decl., ¶¶ 35, 36, Ex. 5. While this highly technical case was expensive to prosecute, "[Interim Settlement] Class Counsel had a strong incentive to keep expenses at a reasonable level due to the high risk of no recovery when the fee is contingent." *Beesley v. Int'l Paper Co.*, 2014 WL 375432, at *3 (S.D. Ill. Jan. 31, 2014).

Interim Settlement Class Counsel expended only that which they believed was necessary to advance the interests of the Classes. The requested costs are reasonable and should be reimbursed.

## III. THE REQUESTED CLASS REPRESENTATIVE SERVICE AWARDS ARE REASONABLE AND WELL-DESERVED.

In addition to any settlement distributions they receive, the Court-appointed

1    Class Representatives request service awards of $10,000 to compensate them for

2    the time and effort they spent pursuing this matter on behalf of their respective

3    Classes. Courts have discretion to approve service awards based on the amount of

4    time and effort spent, the duration of the litigation, and the personal benefit (or lack

5    thereof) as a result of the litigation. *See, e.g.*, *Van Vraken v. Atl. Richfield Co.*, 901

6    F. Supp. 294, 299 (N.D. Cal. 1995). Each of these Class Representatives searched

7    for and provided facts used to compile the Complaints, helped Interim Settlement

8    Class Counsel analyze claims, produced voluminous documents in response to

9    significant document requests, and reviewed and approved the proposed Settlement.

10   They each have submitted declarations further explaining the time and effort they

11   expended to benefit the class. Hazam Decl., Exs. 10-26.

12        Service awards of this size or larger "are fairly typical in class action cases,"

13   and should be approved here. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d

14   948, 958 (9th Cir. 2009); *see In re also Wells Fargo & Co. S'holder Derivative*

15   *Litig.*, 445 F. Supp. 3d 508, at 534 (N.D. Cal. 2020) (granting $25,000 service

16   awards to each institutional investor plaintiff); *In re Nat'l Collegiate Athletic Ass'n*

17   *Athletic Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at *11 (N.D. Cal.

18   Dec. 6, 2017), *aff'd,* 768 F. App'x 651 (9th Cir. 2019) (awarding each of the four

19   class representatives $20,000 service awards); *Garner v. State Farm Mut. Auto. Ins.*

20   *Co.*, 2010 WL 1687832, at *17 n.8 (N.D. Cal. Apr. 22, 2010) (collecting Ninth

21   Circuit cases with service awards of $20,000 or higher); *Boyd v. Bank of Am. Corp.*,

22   No. SACV 13-0561-DOC, 2014 WL 6473804, at *7 (C.D. Cal. Nov. 18, 2014)

23   (Carter, J.) (awarding a service award of $15,000). Moreover, a $10,000 service

24   award to each of the seventeen Class Representatives amounts to a total payment of

25   $170,000, or less than .4 percent of the gross Settlement amount. This is well within

26   the range the Ninth Circuit has found reasonable. *Staton*, 327 F.3d at 976-77.

27        Accordingly, the requested service awards are reasonable.

28

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES,
EXPENSES AND SERVICE AWARDS
CASE NO. 8:21-CV-01628-DOC(JDEX)

## **CONCLUSION**

Interim Settlement Class Counsel have dedicated considerable time, skills, and resources to achieve an excellent result in this complex class action. For the reasons stated above, Interim Settlement Class Counsel respectfully submit that the Court approve their requested fee award of $12.5 million, representing 25 percent of the Settlement Funds and a modest 1.3 lodestar multiplier. Further, Interim Settlement Class Counsel respectfully request that the Court approve reimbursement of $1,291,067.91 in expenses, which were reasonably incurred in the prosecution of this case, and service awards of $10,000 to each Class Representative.

Dated: January 25, 2023                 Respectfully submitted,

*/s/ Lexi J. Hazam*
Lexi J. Hazam

*/s/ Wylie A. Aitken*
Wylie A. Aitken

*/s/ Stephen G. Larson*
Stephen G. Larson


Wylie A. Aitken, Sate Bar No. 37770
Darren O. Aitken, State Bar No. 145251
Michael A. Penn, State Bar No. 233817
Megan G. Demshki, State Bar No. 306881
**AITKEN✦AITKEN✦COHN**
3 MacArthur Place, Suite 800
Santa Ana, CA 92808
Telephone: (714) 434-1424
Facsimile: (714) 434-3600

1    Lexi J. Hazam, State Bar No. 224457
     Elizabeth J. Cabraser, State Bar No. 083151
2    Robert J. Nelson, State Bar No. 132797
     Wilson M. Dunlavey, State Bar No. 307719
3    **LIEFF CABRASER HEIMANN**
     **& BERNSTEIN, LLP**
4    275 Battery Street, 29th Floor
     San Francisco, CA 94111-3339
5    Telephone: (415) 956-1000
     Facsimile: (415) 956-1008
6
     Kelly K. McNabb, *admitted pro hac vice*
7    **LIEFF CABRASER HEIMANN**
     **& BERNSTEIN, LLP**
8    250 Hudson Street, 8th Floor
     New York, NY 10013-1413
9    Telephone: (212) 355-9500
     Facsimile: (212) 355-9592
10
     Stephen G. Larson, State Bar No. 145225
11   *slarson@larsonllp.com*
     Steven E. Bledsoe, State Bar No. 157811
12   *sbledsoe@larsonllp.com*
     Rick Richmond, State Bar No. 194962
13   *rrichmond@larsonllp.com*
     Paul A. Rigali, State Bar No. 262948
14   *prigali@larsonllp.com*
     **LARSON, LLP**
15   600 Anton Blvd., Suite 1270
     Costa Mesa, CA 92626
16   Telephone: (949) 516-7250
     Facsimile: (949) 516-7251
17
     *Interim Co-Lead Counsel for Plaintiffs and*
18   *the Proposed Classes*
19   Richard D. McCune, State Bar No. 132124
     *rdm@mccunewright.com*
20   David C. Wright, State Bar No. 177468
     *dcw@mccunewright.com*
21   James G. Perry (SBN 281356)
     *jgp@mccunewright.com*
22   **MCCUNE WRIGHT AREVALO, LLP**
     18565 Jamboree Road, Suite 550
23   Irvine, CA 92612
     Telephone: (909) 557-1250
24   Facsimile: (909) 557-1275
25
26
27
28

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES,
EXPENSES AND SERVICE AWARDS
CASE NO. 8:21-CV-01628-DOC(JDEX)

1

2    Elaine S. Kusel, NJ Bar No. 319302020 (*pro hac vice* forthcoming)

3    *esk@mccunewright.com*
     Sherief Morsy, NJ Bar No. 125042015 (*pro hac vice* forthcoming)

4    *sm@mccunewright.com*

5    **MCCUNE WRIGHT AREVALO, LLP**
     One Gateway Center, Suite 1500

6    Newark, NJ 07102
     Telephone: (973) 888-1203
     Facsimile: (909) 557-1275

7

8    *Attorneys for Plaintiff Beyond Business Incorporated*

9    Robert B. Hutchinson, Sate Bar No. 45367
     *rhutchinson@cpmlegal.com*

10   Gary A. Praglin, State Bar No. 101256
     *gpraglin@cpmlegal.com*

11   Kelly W. Weil, State Bar No. 291398
     *kweil@cpmlegal.com*

12   Nanci E. Nishimura, State Bar No. 152621
     *nnishimura@cpmlegal.com*

13   Hannah Brown, State Bar No. 337592
     *hbrown@cpmlegal.com*

14   **COTCHETT, PITRE & McCARTHY, LLP**

15   2716 Ocean Park Blvd., Suite 3088
     Santa Monica, CA 90405

16   Telephone: (310) 392-2008
     Facsimile: (310) 310-0111

17

18   *Attorneys for Plaintiff Banzai Surf Company, LLC*

19   Alexander Robertson,IV,
     State Bar No. 127042

20   **ROBERTSON & ASSOCIATES, LLP**
     32121 Lindero Canyon Rd. Suite 200

21   Westlake Village, CA 91361
     Telephone: (818) 851-3850

22   Facsimile: (818) 851-3851

23   *Attorneys for Plaintiffs Donald Brockman and Heidi M. Jacques, and Davey's Locker*

24   *Sportfishing, Inc.*

25

26

27

28

Matthew C. Maclear, SBN 209228
Jason R. Flanders, SBN 238007
Erica A. Maharg, SBN 279396
J. Thomas Brett, SBN 315820
**AQUA TERRA AERIS LAW GROUP**
4030 Martin Luther King Jr. Way Oakland,
CA 94609
Phone: 415.568.5200
Email: *mcm@atalawgroup.com*

*Attorneys for Plaintiffs LBC Seafood, Inc.,
Quality Sea Food, Inc., and Josh Hernandez*

Alex R. Straus (SBN 321366)
*astraus@milberg.com*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
280 S. Beverley Drive
Beverly Hills, CA 90212
Tel.: (917) 471-1894
Fax: (310) 496-3176

*Attorneys for Plaintiffs Rajasekaran
Wickramasekaran and Chandralekha
Wickramasekaran*

/