Wylie A. Aitken, State Bar No. 37770
*wylie@aitkenlaw.com*
**AITKEN♦AITKEN♦COHN**
3 MacArthur Place, Suite 800
Santa Ana, CA 92808
Telephone: (714) 434-1424
Facsimile: (714) 434-3600

Lexi J. Hazam, State Bar No. 224457
*lhazam@lchb.com*
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-100

Stephen G. Larson, State Bar No. 145225
*slarson@larsonllp.com*
**LARSON, LLP**
600 Anton Blvd., Suite 1270
Costa Mesa, CA 92626
Telephone: (949) 516-7250
Facsimile: (949) 516-7251

*Interim Settlement Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY ENERGY CORP., *et al.*,<br><br>Defendants. | Case No. 8:21-CV-01628-DOC(JDEx)<br><br>**DECLARATION OF STEPHEN G. LARSON IN SUPPORT OF MOTIONS FOR FINAL SETTLEMENT APPROVAL, PLANS OF DISTRIBUTION, AND ATTORNEYS' FEES AND COSTS**<br><br>Date:       April 24, 2023<br>Time:       8:30 a.m.<br>Judge:      David O. Carter<br>Courtroom:  10A |

I, Stephen G. Larson, declare:

1. I am a founding partner of the law firm of Larson LLP ("Larson") and serve as Court-appointed Interim Settlement Class Counsel ("Class Counsel") for the Plaintiffs in this action. I have personal knowledge of the facts set forth in this Declaration based on my day-to-day participation in the prosecution and settlement of this case, and, if called as a witness, could and would testify competently to them.

2. I submit this declaration in support of Plaintiffs' motions for final approval of the proposed Settlement and for approval of the Plans of Distribution, as well as Interim Settlement Class Counsel's motion for an award of attorneys' fees, expenses, and class representative service awards.

**A.  Settlement Approval**

3. Since being appointed Interim Co-Lead Class Counsel (Dkt. 38), my co-counsel and I have personally supervised and directed every aspect of the prosecution and resolution of this litigation on behalf of the Plaintiffs and the Settlement Classes.

4. In my judgment, Class Counsel have the skill and experience to judge the strengths and weaknesses of the case based on the significant discovery conducted to date, and as a result of a complex mediation session that involved detailed mediation statements and supporting exhibits addressing liability and damages, including expert reports, rebuttal declarations, and rebuttal expert reports. As the mediator reported, "[t]he work that went into the mediation statements and competing presentations and arguments was substantial." Dkt. 476-2 (Declaration of Layn Phillips in Support of Plaintiffs' Motion for Preliminary Approval) ¶ 5.

5. It is my judgment and the judgment of all Class Counsel that the proposed Settlement is an excellent result, readily meets the Rule 23 "fair, reasonable, and adequate" standard, and is in the best interests of the Classes. Further, the Plans of Distribution represent a fair and equitable allocation of the

settlement proceeds grounded in the classwide damages models Plaintiffs' experts developed over the course of many years, and that Class Counsel were prepared to present at trial.

### B. Lodestar and Expenses

6. My firm and our fellow Class Counsel litigated this case on a purely contingent basis, foregoing other work in order to handle this complex matter with no guarantee of recovery. While Class Counsel request attorneys' fees as a percentage of each common fund, for the Court's reference, I report Larson's and associated Class Counsel's summary time, lodestar, and costs incurred in this litigation and for the benefit of the settling Classes.

7. Plaintiffs seek fees and expenses at this time only for work that was performed in furtherance of litigation against Amplify and settlement thereof. Class Counsel seek fees and expenses for work that they performed or authorized to be performed that pre-dates the Settlement with Amplify, in addition to work after that date that specifically relates to the Amplify settlement, such as briefing regarding the settlement. Accordingly, the lion's share of Plaintiffs' time and expenses date from December 20, 2021 (the date the Court appointed Interim Co-Lead Counsel, see Dkt. 38) through October 17, 2022, the date the Parties settled. See Dkt. 476.

8. All Larson time-keepers are required to contemporaneously record their time in 6-minute increments. Attorneys working under my supervision audited my firm's time records to confirm their accuracy. This included removing any time post-dating and not relating the settlement with Amplify; hours from timekeepers with fewer than 10 hours in the case; and certain hours as a matter of billing judgment.

9. Larson allocated work to maximize efficiency. To the extent practicable, senior attorneys did not perform work that could be accomplished by more junior attorneys, and attorneys did not perform work that could be completed by paralegals.

10.     The hourly rates charged by Larson fall within the range of market rates charged by attorneys of equivalent experience, skill, and expertise. Larson's rates reflect the market rates in the markets within which Larson's primary offices are located and from which this matter has been handled—namely, Los Angeles and Orange County.

11.     Federal courts have approved rates comparable to the rates requested here. *See, e.g.*, *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (rates from $650 to $1,250 for partners or senior counsel, $400 to $650 for associates); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (billing rates ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals found to be reasonable).

12.     Attached as Exhibit 1 is a true and correct summary lodestar chart which lists: (1) the name of each Larson timekeeper who recorded time in this case; (2) their title or position; (3) the total number of hours they worked on the case; (4) their current hourly rate; and (5) their lodestar.

13.     Attorneys with McCune Law Group also performed work on my direction on behalf of the Classes. Attached as Exhibit 2 is, for McCune, (1) the name of each timekeeper who recorded time in this case; (2) their title or position; (3) the total number of hours they worked on the case; (4) their current hourly rate; and (5) their lodestar.

14.     As reflected in Exhibit 1, the total number of hours expended on this matter by Larson on behalf of the Classes through the date of settlement is 1194. The total lodestar for my firm for that period is $1,255,145.

15.     As reflected in Exhibit 2, the total number of hours expended on this matter by McCune at the direction of Larson on behalf of the Classes through the date of settlement is 2,254.40. The total lodestar for McCune for that period is

1  $1,451,940.88. Altogether, Larson and McCune expended 3,448.40 hours for
2  $2,707,085.88 in total lodestar on behalf of the Classes during that period.

3       16.    Class Counsel maintained a Common Fund for expenses incurred
4  during the course of this litigation, which was managed by Lieff Cabraser Heimann
5  & Bernstein, LLP. The three Interim Co-Lead Counsel firms all made contributions
6  to the Common Fund at periodic intervals as costs were incurred. Lieff Cabraser
7  maintained the books and records for the Common Fund and disbursed monies to
8  cover case expenses as needed.

9       17.    Larson separately spent $67,136.06 in connection with the prosecution
10 and settlement of this case. The expenses are presented in summary form in Exhibit
11 3, which was generated from my firm's books and records. These expenses
12 primarily consist of charges for the third-party document hosting and review
13 platform used by Class Counsel. Other expenses include filing fees, delivery costs,
14 research costs, copying costs, and travel costs. These expenses were reasonably and
15 necessarily incurred in Class Counsel's efforts to prosecute this case. The expenses
16 here are in line with expenses Larson has incurred in other large, complex class
17 action lawsuits it has successfully prosecuted over the years, and are the type
18 typically billed by attorneys to clients.

19      18.    McCune separately spent $9,697.74 in connection with the prosecution
20 and settlement of this case. Those expenses primarily consist of expert consultant
21 fees, as well as filing fees, delivery costs, and research costs. Those expenses are
22 presented in summary form in Exhibit 4.

23      19.    These expenses were advanced by Larson and McCune with no
24 guarantee of recovery. As a result, Class Counsel had a strong incentive to keep
25 costs to a reasonable level and did so.

26      20.    I expect each of these numbers will increase through final settlement
27 approval and settlement administration, meaning that any multiplier that Class
28 Counsel receive on their lodestar will continue to decrease over time.

1  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 25, 2023, in Upland, California.

*/s/ Stephen G. Larson*

# EXHIBIT 1

*Gutierrez v. Amplify Energy Corp.*, No. 8:21-CV-01628-DOC(JDEx)
**Larson LLP Time and Lodestar Summary**

| Timekeeper | Title | Hours Worked | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Stephen G. Larson | Partner | 265.10 | $1,450.00 | $384,395.00 |
| Steven E. Bledsoe | Partner | 532.40 | $1,150.00 | $612,260.00 |
| Paul A. Rigali | Partner | 20.10 | $925.00 | $18,592.50 |
| Andrew J. Bedigian | Counsel | 338.30 | $650.00 | $219,895.00 |
| Jina J. Yoon | Associate | 38.10 | $525.00 | $20,002.50 |
| **Totals** | | 1194 | | $1,255,145.00 |

# EXHIBIT 2

*Gutierrez v. Amplify Energy Corp.*, No. 8:21-CV-01628-DOC(JDEx)
McCune Wright Arevalo, LLP Time and Lodestar Summary

| Timekeeper | Title | Hours Worked | Hourly Rate | Lodestar |
|---|---|---|---|---|
| David Wright | Attorney\|Partner\|Practice Group Leader | 383.8 | $900.00 | $345,420.00 |
| Elaine Kusel | Attorney\|Partner\|Practice Group Leader | 627.8 | $750.00 | $470,850.00 |
| Sherief Morsy | Attorney | 503.5 | $600.00 | $302,100.00 |
| James Perry | Attorney | 311.5 | $650.00 | $202,475.00 |
| Addison Alvarado | Attorney | 107.7 | $400.00 | $43,086.80 |
| Tracey Threbbits | Paralegal | 294.7 | $275.00 | $81,051.58 |
| Ann Smith | Paralegal | 13.1 | $275.00 | $3,602.50 |
| Cynthia Soria | Paralegal | 12.2 | $275.00 | $3,355.00 |
| **Totals** | | 2254.4 | | $1,451,940.88 |

# EXHIBIT 3

**<u>Larson LLP</u>**

**Costs**

| Category | Amount |
|---|---|
| Legal Professional Services | $331.60 |
| Printing & Scanning | $278.95 |
| Legal Research Services | $253.81 |
| Discovery Database Services | $64,153.83 |
| Travel Costs | $912.19 |
| Court Fees | $1,000 |
| FedEx | $205.68 |
| **TOTAL** | **$67,136.06** |

2743059.1

# EXHIBIT 4

# McCune Wright Arevalo, LLP

## Cost Report - Gutierrez, Peter Moses Jr., et al. v. Amplify Energy Corp., et al. 522131
**through 10/17/2022**

| Costs Incurred by Category | Amount |
|---|---:|
| Expert Witness Fees | $ 6,000.00 |
| Federal Express/Messenger | $ 108.65 |
| Filing Fees | $ 402.00 |
| Other Charges | $ 190.25 |
| Other Research | $ 174.81 |
| Postage | $ 150.95 |
| Supplies | $ 250.92 |
| Telephone Conference | $ 17.68 |
| Travel | $ 2,402.48 |
| **Total** | **$ 9,697.74** |