CONTE C. CICALA, State Bar No. 173554
*conte.cicala@clydeco.us*
THOMAS M. FEDELI, State Bar No. 314647
*thomas.fedeli@clydeco.us*
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys for Third-Party Defendant and
Defendant-In-Intervention
MARINE EXCHANGE OF LOS
ANGELES-LONG BEACH HARBOR
dba MARINE EXCHANGE OF
SOUTHERN CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### -SOUTHERN DIVISION-

| | |
|---|---|
| PETER MOSES GUTIERREZ, Jr.; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMPLIFY ENERGY CORP.; BETA OPERATING COMPANY, LLC; and SAN PEDRO BAY PIPELINE COMPANY, <br><br> Defendants/Third-Party Plaintiffs. <br><br> v. <br><br> MEDITERRANEAN SHIPPING COMPANY, S.A., *et al.*, <br><br> Defendants/Third-Party Defendants. <br><br> AND RELATED CASES | Case No. 8:21-cv-01628-DOC-JDE <br> Judge David O. Carter <br><br> **MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR D/B/A MARINE EXCHANGE OF SOUTHERN CALIFORNIA'S ANSWER TO SECOND AMENDED THRID PARTY COMPLAINT** <br><br> **JURY TRIAL RESERVED** |

7452004

Case No. 8:21-cv-01628-DOC-JDE

MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR'S
ANSWER TO SECOND AMENDED THRID PARTY COMPLAINT AND AFFIRMATIVE DEFENSES

Third Party Defendant Marine Exchange of Los Angeles-Long Beach Harbor d/b/a Marine Exchange of Southern California (collectively referred to as "Answering Defendant" or "Marine Exchange") hereby answers Defendants/Third Party Plaintiffs Amplify Energy Corp., Beta Operating Company, LLC and San Pedro Bay Pipeline Company's ("Plaintiffs") Second Amended Third Party Complaint ("Third Party Complaint") in this matter, on behalf of itself and no other party.

## ANSWER TO SECOND AMENDED THIRD PARTY COMPLAINT

Answering Defendant responds to the Third Party Complaint as follows:

1. In response to the "Introduction," Answering Defendant objects that it is an argumentative narrative and not part of the pleading per se, and thus no response is required. To the extent that, contained within its narrative, there are specific allegations as against Answering Defendant, they are denied except to the extent expressly admitted elsewhere herein.

2. Answering Defendant denies the allegations contained in Paragraphs 133, 149, 151, 153, 154, 162, 180-187, 249-64, 277-283, 342-357, 368-384, 386-392, 394-399 and 476 of the Third Party Complaint.

3. Answering Defendant admits those allegations contained in Paragraphs 106, 107, 109, 114, 115, 116, 120, 121, 137, 139 of the Third Party Complaint.

4. Answering Defendant has insufficient information to respond to those allegations contained in Paragraphs 1-20, 23, 103-104, 134, 145-148, 155, 157, 158, and 163-176 of the Third Party Complaint, and therefore based upon lack of information and belief, denies the allegations contained therein in their entirety.

5. To the extent that the Plaintiffs incorporate by reference allegations in Paragraphs 179, 188, 265, 273, 276, 284, 315, 358, 367, 385, 393, 400, 403, 460, and 468 of the Third Party Complaint and directs them against Answering Defendant, Answering Defendant incorporates herein its responses thereto.

/ / /

/ / /

7452004

2

Case No. 8:21-cv-01628-DOC-JDE

MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR'S
ANSWER TO SECOND AMENDED THRID PARTY COMPLAINT AND AFFIRMATIVE DEFENSES

6. In response to Paragraphs 33-98, 128-132, 138, 142, 152, 156, 159, 160, 161, 177, 178, 189-248, 266-272, 274-275, 285-314, 316-341, 359-366, 401-402, 404-459, 461-467 and 469-475 of the Third Party Complaint, Answering Defendant states that the allegations contained are not directed to Answering Defendant and therefore which require no answer. To the extent an answer is required, Answering Defendant denies the allegations based upon lack of information and belief.

7. In response to Paragraph 21 of the Third Party Complaint, Answering Defendant that it is a 501(c)(6) corporation organized under the laws of California with offices in San Pedro.  Answering Defendant admits that it operates the Vessel Traffic Service Los Angeles/Long Beach ("VTS") with the United States Coast Guard ("USCG"), pursuant to federal and state law and regulation, and in accordance with procedures developed with and under supervision of the USCG.  All other allegations contained therein are denied.

8. In response to Paragraph 22 of the Third Party Complaint, Answering Defendant admits that the quotes from the statute are accurate, but denies that it is agent of each vessel for all purposes, and instead admits and alleges that it is agent for only those purposes specified in the Harbors & Navigation Code.

9. In response to Paragraphs 24-32 of the Third Party Complaint, Answering Defendant admits that Amplify alleges those bases for jurisdiction but denies that California state law applies to its claims which are subject to this Court's Admiralty jurisdiction, and affirmatively alleges that where federal and admiralty law govern the claims, defenses and immunities they preempt any inconsistent state law. Except as otherwise set forth herein, those paragraphs are denied.

10. In response to paragraphs 99-102 of the Third Party Complaint, Answering Defendant admits that it is incorporated and headquartered in California and does not dispute this Court's exercise of *in personam* jurisdiction over it nor does it challenge venue.  Answering Defendant states that the remaining allegations contained therein state issues of law therefore which require no answer.  To the extent

an answer is required, Answering Defendant denies the allegations based upon lack of information and belief.

11. In response to paragraph 105 of the Third Party Complaint, Answering Defendant admits that it knew the location of the Pipeline as depicted on NOAA charts. All other allegations contained therein are denied based on lack of information or belief.

12. In response to Paragraph 108 of Third Party Complaint, Answering Defendant admits that the VTS service area for Los Angeles/Long Beach covers a 25 mile radius from Point Fermin, and that the VTS (which Answering Defendant jointly operates with USCG under the supervision of USCG under a legal regime which has been the subject of multiple filings in this Court) is one of multiple entities with responsibilities which include assisting with the safe passage of vessels in the VTS area including, but not limited to, all users of the waterways and those engaged in operations therein, the USCG, NOAA, OSPR, various other federal, state and local agencies, port pilots in Los Angeles and Long Beach, and the public. The VTS operates under federal and state statute and regulation. All other Allegations therein are denied.

13. In response to Paragraph 110 of Third Party Complaint, Answering Defendant incorporates its response to Paragraph 108 and further responds as follows. On information and belief, anchorages are defined and charted by USCG with input from NOAA but in any event are not defined or charted by Answering Defendant. Based on data provided by vessel VTS users, VTS advises regarding available anchorage location(s) which the vessel may act upon. All other Allegations therein are denied.

14. In response to Paragraph 111 of Third Party Complaint, Answering Defendant incorporates its response to Paragraph 110 and further responds as follows. The language quoted is an accurate excerpt from Answering Defendant's website,

7452004

4

Case No. 8:21-cv-01628-DOC-JDE

MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR'S
ANSWER TO SECOND AMENDED THRID PARTY COMPLAINT AND AFFIRMATIVE DEFENSES

which speaks for itself, and is a true statement. All other Allegations therein are denied.

15. In response to Paragraph 112, AIS is one method by which vessel users of the VTS system relay information periodically regarding their location and movement; radar and audio communications are other methods by which VTS monitors vessel location and movement. All other Allegations therein are denied.

16. In response to Paragraph 113, Answering Defendant notes that AIS for vessels underway transmit every 2-10 seconds and vessels reported at anchor transmit every 3 minutes. Except as clarified by this response, Answering Defendant admits the allegations.

17. In response to Paragraph 117, Answering Defendant admits AIS may be used for the purposes alleged including identification of potential problems. Depending on what is observed, in specific circumstances as set forth on law and regulation (e.g. loss of propulsion, loss of steering, other enumerated circumstances), it may be necessary and/or proper to report to USCG. In addition, USCG has access to the same AIS data at all times as Answering Defendant. All other Allegations therein are denied.

18. In response to Paragraph 118, Answering Defendant admits that VTS maintains an incident report database pursuant to procedures set forth in the USCG VTS National Standard Operating Procedures and in the Internal Operating Procedures. Except as clarified by this response, Answering Defendant admits the allegations.

19. In response to Paragraph 119, Answering Defendant admits that it uses PORTS, among other services, to monitor information on tides, visibility, winds, currents and sea swell, and PORTS is a system of environmental sensors and supporting telemetry equipment that gathers and disseminates this information in real time. All other allegations therein are denied.

20. In response to Paragraphs 122-123, Answering Defendant admits that MSC DANIT was anchored in a charted federal anchorage – SF3 – and was waiting to unload. All other allegations therein are denied on lack of information and belief.

21. In response to Paragraphs 124-125, Answering Defendant admits that COSCO BEIJING was anchored in a USCG-approved contingency anchorage (SF-12) and was waiting to unload. All other allegations therein are denied on lack of information and belief.

22. In response to Paragraph 126, Answering Defendant admits that MSC DANIT had been anchored in that location since January 18, 2021 and that other containerships were anchored in various other federally charted or USCG-approved anchorages. All other allegations therein are denied on lack of information and belief.

23. In response to Paragraph 127, Answering Defendant admits that the quote is accurate but dated from December 2021 when there were almost 50% more vessels at anchor than in January 2021. All other allegations therein are denied on lack of information and belief.

24. In response to paragraph 135, Answering Defendant admits that heavy weather protocols were put in place at 2:00 a.m. on January 25, 2021. On information and belief, few if any vessels departed anchorage in anticipation of the storm, but many did so after the effects of the storm began to be felt. All other allegations therein are denied on lack of information and belief.

25. In response to Paragraph 136, Answering Defendant admits neither the MSC DANIT nor the COSCO BEIJING departed anchorage before the storm, and that both vessels remained in their federally charted and/or USCG approved anchorages at the onset of the storm. All other allegations are denied on lack of information and belief.

26. In response to Paragraph 140 of the Third Party Complaint, Answering Defendant admits that MSC DANIT exited the permissible anchorage zone and its

AIS transponder moved over the location of the San Pedro Bay Pipeline as depicted on charts. All other allegations therein are denied on lack of information and belief.

27. In response to Paragraph 141 of the Third Party Complaint, Answering Defendant admits that BEIJING exited the permissible anchorage zone and its AIS transponder moved over the location of the San Pedro Bay Pipeline as depicted on charts. All other allegations therein are denied on lack of information and belief.

28. In response to Paragraphs 143 and 144 of the Third Party Complaint, Answering Defendant incorporates its response to Paragraph 140.

29. In response to Paragraph 150, Answering Defendant admits that the image is an accurate excerpt/screenshot of a video generated after-the-fact from saved data from the morning of January 25, 2021, and that such videos indicate that both vessels crossed the pipeline on that morning. All other allegations therein are denied on lack of information and belief.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

There is no subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE
### (Third Party Liability)

The damages, if any, for which Third Party Plaintiffs seek recovery, were caused in whole or in part by the tortious or otherwise wrongful actions or failures to act of third parties, and to the extent so caused, Answering Defendant has no liability therefor.

/ / /

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Third Party Plaintiffs failed to take measures which would have prevented, or diminished, the damages complained of by its Complaint. Therefore, Plaintiffs' recovery, if any, should be diminished to the extent that such damages were proximately caused or contributed to by the negligence or other legal fault of the Plaintiffs, and/or to the extent that Plaintiffs' continued maintenance and use of the pipeline constitutes a public and/or private nuisance.

## FIFTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

This Answering Defendant's conduct was not the cause in fact or the proximate cause of any of the losses alleged in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Apportionment of Damages)

Answering Defendant denies that it is legally responsible or liable in any way for any of the injuries, damages or losses alleged in the Complaint but states that if found liable or responsible for any of these alleged injuries, damages, losses, then his liability and responsibility, if any, is not the sole proximate cause of the injuries and/or damages and that the damages awarded to Third Party Plaintiffs, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities who contributed to and/or caused the alleged injuries, damages or losses.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutory Immunity)

Pursuant to the California Harbors and Navigation Code Section 449 and California Corporations Code Section 5057.5, no action may be brought against this Answering Defendant nor is it subject to any award of monetary damages.

7452004

8

Case No. 8:21-cv-01628-DOC-JDE

MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR'S
ANSWER TO SECOND AMENDED THRID PARTY COMPLAINT AND AFFIRMATIVE DEFENSES

## EIGHTH AFFIRMATIVE DEFENSE

### (Suits in Admiralty Act/PWSA Sovereign Immunity)

At all times relevant, Answering Defendant was an agent for and acting at the direction of the United States Coast Guard, which retained sole and exclusive control over VTS Functions pursuant to the Ports & Waterways Safety Act (*see e.g.* 46 USC 70001(d)) and therefore the exclusive remedy is the Suits in Admiralty Act, 46 U.S.C. Sections 30901, 30904 et al.  In addition and/or the alternative, Answering Defendant is not liable for damages caused by or related to information, advice or communication assistance pursuant to 46 U.S.C. Section 70001(k)(1).

## NINTH AFFIRMATIVE DEFENSE

### (Derivative Sovereign Immunity/*Yearsley* Immunity)

At all times relevant to the allegations herein, Answering Defendant was performing acts pursuant to a valid act of Congress including but not limited to the Ports and Waterways Safety Act, 46 USC Section 70000 et seq. and acting at all times within the scope of its authority, and on that basis is immune to third party liability pursuant to *Yearsley v. W.A. Ross Const. Co.,* 309 U.S. 18 (1940) and its progeny.

## TENTH AFFIRMATIVE DEFENSE

### (Statutory Indemnity)

Pursuant to California Harbors and Navigation Code Section 448.5, Answering Defendant is not a proper party to this action and any liability, which is denied, is the sole, full and complete obligation of the vessels using VTS services and their owners, operators and others as defined in that section.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non Justiciable Controversy)

Third Party Plaintiffs seek injunctive relief which exceeds the authority of this Answering Defendant to perform, e.g. to rewrite operating procedures and perform acts which are governed by federal and state statute and regulation.

7452004

9

Case No. 8:21-cv-01628-DOC-JDE

MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR'S
ANSWER TO SECOND AMENDED THRID PARTY COMPLAINT AND AFFIRMATIVE DEFENSES

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate its damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Agency/Double Recovery Barred)

At all times relevant Answering Defendant acted as agent for disclosed principals. To the extent that Plaintiffs seek to recover any damages from Answering Defendant for conduct imputed/imputable to its principles, any recovery from Answering Defendant would consist of an impermissible double recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Illegality)

Third Party Plaintiffs come to this Court with unclean hands including but now limited to their own admitted criminal negligence. In addition/in the alternative, if Third Party Plaintiffs are correct in their contentions that they cannot safely maintain a pipeline and/or ship oil through that pipeline in proximity to federally designated anchorages and/or in times of high vessel traffic or otherwise, and/or if they have failed to maintain the mandatory distance between the pipeline and lawfully designated anchorage areas or other maritime commerce that is lawful under International Convention, United States and California law, then it is their conduct, and not that of others, that is wrongful, illegal and/or a nuisance, and that should be enjoined and/or which should not give rise to damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Third Party Plaintiffs are estopped from seeking the relief herein, in particular in alleging any breach of care specifically enumerated in federal or state statute, regulation or guidance.

/ / /

/ / /

7452004

10

Case No. 8:21-cv-01628-DOC-JDE

MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR'S
ANSWER TO SECOND AMENDED THRID PARTY COMPLAINT AND AFFIRMATIVE DEFENSES

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Economic Loss Doctrine/Robins Dry Dock)

Third Party Plaintiffs are barred from recovery of economic loss pursuant to the economic loss doctrine and/or the holding of Robins Dry Dock and its progeny.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (No Right to Jury Trial in Admiralty)

Third Party Plaintiffs have no right to jury in admiralty and their demand must be stricken. In the event that it is determined that they are entitled to a jury, which is denied, a jury is in turn reserved by this answering defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Necessary/Indispensable Parties)

Third Party Plaintiffs have failed to join necessary and/or indispensable parties to this action.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Privilege/Good Faith)

At all times relevant, Answering Defendant acted in good faith and its conduct was legally privileged.

## TWENTIETH AFFIRMATIVE DEFENSE
## (Other Defenses Reserved)

Answering Defendant reserves all other defenses not enumerated herein.

## PRAYER

Third Party Defendant Marine Exchange of Los Angeles-Long Beach Harbor d/b/a Marine Exchange of Southern California hereby prays of this Court as follows:

1. The claims against it be dismissed against with prejudice;

2. That the Court deny injunctive relief and/or enjoin Third Party Plaintiffs' conduct that creates or contributes to unsafe and hazardous conditions in the public waterways and on public submerged lands of the United States and California;

7452004

11

Case No. 8:21-cv-01628-DOC-JDE

MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR'S
ANSWER TO SECOND AMENDED THRID PARTY COMPLAINT AND AFFIRMATIVE DEFENSES

3.     That the Court enter judgment in its favor and against Third Party Plaintiffs;

4.     For an award of costs and attorney's fees incurred by them in this matter; and

5.     For all other relief to which they may be entitled at law or in equity.

Dated:   February 24, 2023         CLYDE & CO LLP

By:  /s/ *Conte C. Cicala*
Conte C. Cicala
Attorneys for Third-Party Defendant and Defendant-In-Intervention
MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR dba MARINE EXCHANGE OF SOUTHERN CALIFORNIA

## **RESERVATION OF JURY TRIAL**

A right to jury on all matters to which this Answering Defendant is entitled is reserved.

Dated:   February 24, 2023         CLYDE & CO LLP

By:  /s/ *Conte C. Cicala*
Conte C. Cicala
Attorneys for Third-Party Defendant and Defendant-In-Intervention
MARINE EXCHANGE OF LOS ANGELES-LONG BEACH HARBOR dba MARINE EXCHANGE OF SOUTHERN CALIFORNIA