1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY ENERGY CORP., *et al.*,<br><br>Defendants. | Case No. 8:21-CV-01628-DOC(JDEx)<br><br>**ORDER GRANTING FINAL APPROVAL OF PROPOSED SETTLEMENT**<br><br>Date:     April 24, 2023<br>Time:    8:30 a.m.<br>Judge:   David O. Carter<br>Room:   10A |

1    WHEREAS, Plaintiffs Donald C. Brockman, individually and as trustee of
2 the Donald C. Brockman Trust, Heidi M. Jacques, individually and as trustee of the
3 Heidi M. Jacques Trust, John Crow, Josh Hernandez, LBC Seafood, Inc., Quality
4 Sea Food Inc. ("Fisher Class Representatives"), and Amplify Energy Corp., Beta
5 Operating Company, LLC and San Pedro Bay Pipeline Company (collectively,
6 "Defendants" or "Amplify") have reached a proposed settlement of the Fisher Class
7 claims, which is embodied in the Settlement Agreement filed with the Court;

8    WHEREAS, plaintiffs John Pedicini, individually and as trustee of the T & G
9 Trust, Mary Pedicini, individually and as trustee of the T & G Trust, Rajasekaran
10 Wickramasekaran, Chandralekha Wickramasekaran ("Property Class
11 Representatives"), and Amplify have reached a proposed settlement of the Property
12 Class claims, which is embodied in the Settlement Agreement filed with the Court;

13    WHEREAS, plaintiffs Banzai Surf Company, LLC, Beyond Business
14 Incorporated, Bongos Sportfishing LLC, Bongos III Sportfishing LLC, Davey's
15 Locker Sportfishing, Inc., East Meets West Excursions, and Tyler Wayman
16 ("Waterfront Tourism Class Representatives"), and Amplify have reached a
17 proposed settlement of the Property Class claims, which is embodied in the
18 Settlement Agreement filed with the Court;

19    WHEREAS, on December 7, 2022, an Order Granting Preliminary Approval
20 of Proposed Settlement ("Preliminary Approval Order") was entered by this Court,
21 preliminarily approving the proposed Settlement of this Action pursuant to the
22 terms of the Settlement Agreement and directing that Notice be given to the
23 members of the Settlement Classes;

24    WHEREAS, pursuant to the Settlement Agreement, Class Members have
25 been provided with Notice informing them of the terms of the proposed Settlement
26 and of a Final Approval Hearing to, *inter alia*: (a) determine whether the proposed
27 Settlement should be finally approved as fair, reasonable, and adequate so that the
28 Final Approval Order and Judgment should be entered; (b) consider any timely

objections to this Settlement and the Parties' responses to such objections; (c) rule on any application for attorneys' fees and expenses; (d) rule on any application for service awards; and (e) determine whether the Plans of Distribution that will be submitted by Class Counsel should be approved;

WHEREAS, a Final Approval Hearing was held on April 24, 2023. Prior to the Final Approval Hearing, proof of completion of Notice was filed with the Court, along with declarations of compliance as prescribed in the Preliminary Approval Order. Class Members were adequately notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement, any application for attorneys' fees and expenses, any application for incentive awards, and/or the Plans of Distribution submitted by Class Counsel;

WHEREAS, no Class Members have filed objections challenging the fairness of the Settlement, indicating a positive reaction from the Classes and further supporting the reasonableness of the Settlement;

WHEREAS, the Fisher Class Representatives, Property Class Representatives, and Waterfront Tourism Class Representatives have applied to the Court for final approval of the proposed Settlement of the Action, the terms and conditions of which are set forth in the Settlement Agreement;

NOW, THEREFORE, the Court having read and considered the Settlement Agreement and accompanying exhibits and the Motion For Final Settlement Approval, having heard any objectors or their counsel appearing at the Final Approval Hearing, having reviewed all of the submissions presented with respect to the proposed Settlement, and having determined that the Settlement is fair, adequate, and reasonable and in the best interests of the Class Members, it is hereby ORDERED, ADJUDGED and DECREED THAT:

1. The capitalized terms used in this Order Granting Final Approval of Proposed Settlement have the same meaning as defined in the Settlement Agreement.

2.  The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Classes.

3.  The Court finds that the Notice set forth in Article VI of the Settlement Agreement, detailed in the Notice Plan attached to the Declaration of Jennifer Keough of JND Legal Administration, and effectuated pursuant to the Preliminary Approval Order: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) fully complied with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, including the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

4.  Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval. *See*, *e.g.*, Fed. R. Civ. P. 23(e); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).

   a.  Among the factors supporting the Court's determination are: the significant relief provided to Class Members; the risks of ongoing litigation, trial, and appeal; the risk of maintaining class action status through trial and appeal; the substantial discovery to date; and the positive reaction of Class Members.

   b.  The Court certifies the Classes for Settlement. Each Class satisfies all factors of Rule 23(a). Each Class is sufficiently numerous (Rule 23(a)(1)) because each Class likely contains over 1000 members. *See* Dkt. 476 at 22. Commonality is satisfied (Rule 23(a)(2)), because this case raises multiple common questions, including whether Amplify acted negligently in

operating and maintaining its Pipeline, and whether Amplify utilized adequate training, staffing and safety measures and systems. Typically is satisfied (Rule 23(a)(3)), because Plaintiffs' claims and those of the Settlement Classes each represents are based on the same course of conduct and the same legal theories. Moreover, the Plaintiffs representing each Settlement Class suffered the same types of alleged harm as the Class Members they seek to represent. Adequacy is satisfied (Rule 23(a)(4)), because Interim Settlement Class Counsel have vigorously prosecuted this action on behalf of the Settlement Classes and Plaintiffs have demonstrated their commitment to the Settlement Classes, including by providing pertinent information about their losses, searching for and providing documents and information in response to Amplify's discovery requests, regularly communicating with their counsel about the case, and reviewing and approving the proposed Settlement. Additionally, the Court finds that Plaintiffs and Interim Settlement Class Counsel's interest are aligned with and not antagonistic to the interest of the Classes, with whom they share an interest in obtaining relief from Amplify for the alleged violations. The Court also finds that each Class satisfies the relevant requirements of Rule 23(b)(3). Common issues of fact and law predominate, because the Settlement Class Members' claims all arise out of the same laws and the same alleged conduct. Class treatment is superior to other methods for the resolution of this case, particularly given the relatively small amounts of alleged damages for each individual Class Member.

      c.      The Settlement was negotiated at arm's length and was free of collusion. It was negotiated with experienced, adversarial counsel after extensive discovery, and with the aid of neutral, qualified mediators. Further, the attorneys' fees and costs award was the subject of a separate application to the Court.

      d.    The Court has considered and hereby overrules any and all objections to the Settlement.

5. The Settlement Agreement and every term and provision thereof are deemed incorporated in this Order and have the full force of an order of this Court.

6. Upon the Effective Date, all Class Members have, by operation of this Order, fully, finally and forever released, relinquished, and discharged the Released Parties pursuant to Article VIII of the Settlement Agreement.

7. Upon the Effective Date, Class Members, and their successors, assigns, parents, subsidiaries, affiliates or agents of any of them, are permanently barred and enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement.

8. This Final Approval Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and must not be construed as, or used as, an admission by or against Defendants of any fault, wrongdoing, or liability on their part, or of the validity of any claim or of the existence or amount of damages.

9. The above-captioned Action is dismissed in its entirety with prejudice. Except as otherwise provided in orders separately entered by this Court on any application for attorneys' fees and expenses, any application for incentive awards, and the Plans of Distribution submitted by Class Counsel, the parties will bear their own expenses and attorneys' fees.

10. Without affecting the finality of this Order and the accompanying Judgment, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith, and any other matters related or ancillary to the foregoing.

IT IS SO ORDERED.

Dated: <u>April 24, 2023</u>

_____
Hon. David O. Carter