|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |
| 8   |     |
| 9   |     |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| PETER MOSES GUTIERREZ, JR., *et al.*, | Case No. 8:21-CV-01628-DOC(JDEx) |
| --- | --- |
| Plaintiffs, | **ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT  [739]** |
| v. | Hon. David O. Carter |
| AMPLIFY ENERGY CORP., *et al.*, | |
| Defendants. | |

Before the Court is the Motion for Preliminary Approval of Class Settlement and Direction of Notice Under Fed. R. Civ. P. 23(e) ("Motion for Preliminary Settlement Approval"), filed by Plaintiffs Peter Moses Gutierrez, Jr.; John Pedicini and Marysue Pedicini, individually and as Trustees of the T & G Trust; Rajasekaran Wickramasekaran and Chandralekha Wickramasekaran, individually and as Trustees of the Wickramasekaran Family Trust; Donald C. Brockman, individually and as Trustee of the Donald C. Brockman Trust; Heidi M. Jacques, individually and as Trustee of the Heidi M. Brockman Trust; LBC Seafood, Inc.; Quality Sea Food Inc.; Beyond Business Incorporated, d/b/a Big Fish Bait & Tackle; Josh Hernandez; John

Crowe; Banzai Surf Company, LLC; Davey's Locker Sportfishing, Inc.; East Meets West Excursions; Bongos Sportfishing LLC; Bongos III Sportfishing LLC; and Tyler Wayman ("Plaintiffs"). Plaintiffs and Defendants Capetanissa Maritime Corporation, Costamare Shipping Co., S.A., V.Ships Greece Ltd., *M/V Beijing* (collectively, the "Beijing Defendants"), Dordellas Finance Corp., MSC Mediterranean Shipping Co. SA, Mediterranean Shipping Co. S.r.l., MSC Shipmanagement Ltd., and *MSC Danit* (collectively, the "Dordellas Defendants") (all together, the "Shipping Defendants") have entered into a Class Settlement Agreement and Release, dated May 3, 2023 ("Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto; the Motion for Preliminary Settlement Approval, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby **ORDERS** as follows:

1. The capitalized terms used in this Order Granting Preliminary Approval of Proposed Settlement have the same meaning as defined in the Settlement Agreement.

2. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein. The Court finds that the proposed Settlement Classes, as defined in the Settlement Agreement, likely meet the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) as follows:

   a. The Settlement Classes are so numerous that joinder of all members in a single proceeding would be impracticable;

   b. The members of the Settlement Classes share common questions of law and fact;

   c. The Plaintiffs' claims are typical of those of the Settlement Class Members;

    d.    The Plaintiffs and Interim Co-Lead Counsel have fairly and adequately represented the interests of the Settlement Classes and will continue to do so; and

    e.    Questions of law and fact common to the Settlement Classes predominate over the questions affecting only individual Settlement Class Members, and certification of the Settlement Classes is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The Court finds, pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i), that the proposed Settlement Agreement is likely fair, reasonable, and adequate, entered into in good faith, and free from collusion. The Court furthermore finds that Interim Co-lead Counsel have ably represented the proposed Settlement Classes. They conducted a thorough investigation of the facts and law prior to filing suit, engaged in and reviewed substantial discovery, and are knowledgeable of the strengths and weaknesses of the case. The involvement of Judge Layn Phillips (Ret.) and Judge Sally Shushan (Ret.), highly qualified mediators, in the settlement process supports this Court's finding that the Settlement Agreement was reached at arm's length and is free from collusion. The relief provided for in the Settlement Agreement outweighs the substantial costs, delay, and risks presented by further prosecution of issues during pre-trial, trial, and possible appeal. Based on these factors, the Court concludes that the Settlement Agreement meets the criteria for preliminary settlement approval and is deemed fair, reasonable, and adequate, such that notice to the Settlement Classes is appropriate.

4. Having considered the factors set forth in Fed. R. Civ. P. 23(g), the Court appoints Interim Co-Lead Counsel Wylie A. Aitken, Lexi J. Hazam, and Stephen Larson as Interim Settlement Class Counsel.

5. A Final Approval Hearing shall be held before this Court on _____, 2023 to: (a) determine whether the proposed Settlement should

be finally approved as fair, reasonable, and adequate so that the Final Approval Order and Judgment should be entered; (b) consider any timely objections to this Settlement and the Parties' responses to such objections; (c) rule on any application for attorneys' fees and expenses; (d) rule on any application for incentive awards; and (e) determine whether the Plans of Distribution that will be submitted by Interim Settlement Class Counsel should be approved.

6. Consideration of the Plans of Distribution, any application for attorneys' fees and expenses and any objections thereto, and any application for service awards and any objections thereto, shall be separate from consideration of whether the proposed Settlement should be approved, and the Court's rulings on each motion or application shall be embodied in a separate order.

7. Plaintiffs shall file their motion for final settlement approval no later than _____, 2023.

8. The Court appoints JND Legal Administration as the Settlement Administrator in this Action. In accordance with the Parties' Settlement Agreement and the Orders of this Court, the Settlement Administrator shall effectuate the provision of notice to Settlement Class Members and shall administer the Settlement Agreement and distribution process.

9. The Court finds that the Parties' plan for providing Notice to the Classes (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

10. The Court approves, as to form and content, the Direct Notices, Long Form Notices, and Email notices substantially in the forms attached as Exhibits B-J to the Declaration of Gina Intrepido-Bowden Regarding Proposed Shipping Defendants Settlement Notice Plan ("Intrepido-Bowden Declaration").

11. By _____, 2023, the Settlement Administrator shall complete direct notice substantially in the form attached to the Intrepido-Bowden Declaration as Exhibits E-J.

12. By _____, 2023, the Settlement Administrator shall cause the Long Form Notice to be published on the website created for this settlement, www.OCOilSpillSettlement.com. The Long Form Notice shall be substantially in the form attached to the Intrepido-Bowden Declaration as Exhibits B-D.

13. By _____, 2023, the Settlement Administrator shall file with the Court declarations attesting to compliance with this paragraph.

14. Each and every member of the Settlement Classes shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such person requests exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

15. A member of the Settlement Classes wishing to request exclusion (or "opt-out") from the Settlement shall mail a request for exclusion to the Settlement Administrator. The request for exclusion must be in writing, must be mailed to the Settlement Administrator at the address specified in the Notice, must be postmarked no later than _____, 2023, and must clearly state the Settlement Class Member's desire to be excluded from the Settlement Classes, as well as the Settlement Class Member's name, address, and signature. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. No member of the Settlement Classes, or any person acting on behalf of or in concert or in participation with a member of the Settlement Classes, may request exclusion of any other member of a Settlement Class from the Settlement.

16. Members of the proposed Settlement Classes who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Shipping Defendants.

17. All members of the proposed Settlement Classes who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation against the Shipping Defendants or filed claims against the Shipping Defendants in the Limitation Action known as *In the Matter of the Complaint of Dordellas Finance Corp., Owner, and MSC Mediterranean Shipping Company S.A., Owner pro hac vice, and Capetanissa Maritime Corporation, Owner*, No. 2:22-cv-02153-DOC-JDE (C.D. Cal.) and/or in *In re Claim Forms In the Matter of the Complaint of Dordellas Finance Corp, Owner and MSC Mediterranean Shipping Company*, No. 2:22-mc-00213-DOC (C.D. Cal.).

18. The Settlement Administrator will provide promptly, and no later than _____, 2023, Plaintiffs and the Shipping Defendants with copies of any exclusion requests, and Plaintiffs shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

19. Any Settlement Class Member may object to the Settlement Agreement, any application for attorneys' fees and expenses, any application for incentive awards, and/or the Plans of Distribution submitted by Interim Settlement Class Counsel. Any Settlement Class Member who wishes to object must file with the Court and serve on all counsel listed in paragraph 22, below, no later than _____, 2023, a detailed statement of the specific objections being made and the basis for those objections.

20. In addition to the statement, the objecting Settlement Class Member must include the objecting Settlement Class Member's name, address, and telephone number. Any objecting Settlement Class Member shall have the right to appear and

be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's expense. Any Settlement Class Member who intends to appear at the Final Approval Hearing either in person or through counsel must file with the Court and serve on all counsel listed in paragraph 22, no later than _____, 2023, a written notice of intention to appear. Failure to file a notice of intention to appear will result in the Court declining to hear the objecting Settlement Class Member or the Settlement Class Member's counsel at the Final Approval Hearing.

21. Interim Settlement Class Counsel shall file a supplemental brief in support of Final Settlement Approval and a supplemental brief in support of the Plans of Distribution that responds to any objections by _____, 2023.

22. Service of all papers on counsel for the Parties shall be made as follows: for Interim Settlement Class Counsel, to: Lexi J. Hazam, Esq. at Lieff, Cabraser, Heimann & Bernstein LLP, 275 Battery Street, Suite 2900, San Francisco, CA 94111, Wylie A. Aitken at Aitken Aitken Cohn, 3 MacArthur Place, Suite 800, Santa Ana, CA 92808, and Stephen G. Larson at Larson, LLP, 600 Anton Blvd., Suite 1270 Costa Mesa, CA 92626; for the Beijing Defendants' counsel, to: Kevin J. Orsini, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019 and Albert E. Peacock III, Peacock Piper Tong & Voss LLP, 100 W. Broadway, Suite 610, Long Beach, CA 90802; and for the Dordellas Defendants' counsel, to: Jonathan W. Hughes, Arnold & Porter Kaye Scholer LLP, Three Embarcadero Center, Tenth Floor, San Francisco, CA 94111 and Joseph A. Walsh II, Collier Walsh Nakazawa LLP, One World Trade Center, Suite 2370, Long Beach, CA 90831.

23. Any Settlement Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of

the proposed Settlement, the payment of attorneys' fees and expenses and incentive awards, the Plans of Distribution, the Final Approval Order, and the Judgment.

24. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all Orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy. In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

25. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.

26. The following schedule is hereby ordered:

| | |
|---|---|
| Last Day for the Plaintiffs to file Plan of Distribution | **10 days after Preliminary Approval** |
| Notice to be Completed | **40 days after Preliminary Approval** |
| Last day for Plaintiffs to file motion for Final Approval of Settlement and Approval of Plans of Distribution, and for Interim Settlement Class Counsel to file Application for Fees and Expenses and for Service Awards | **50 days after Preliminary Approval** |
| Last day to file Objections or Opt-Out Requests | **70 days after Preliminary Approval** |
| Last day to file replies in support of Final Approval, Plans of Distribution, Attorneys' Fees and Expenses, and Service Awards | **80 days after Preliminary Approval** |
| Final Approval Hearing | **90 days after Preliminary Approval** |

IT IS SO ORDERED.

DATED:   June 12, 2023

*David O. Carter*

Hon. David O Carter