UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| PETER MOSES GUTIERREZ, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY ENERGY CORP., *et al.*,<br><br>Defendants. | Case No. 8:21-CV-01628-DOC(JDEx)<br><br>**ORDER GRANTING FINAL APPROVAL OF PROPOSED SETTLEMENT**<br><br>Hon. David O. Carter |

WHEREAS, Plaintiffs John Pedicini And Marysue Pedicini, individually and as Trustees of the T & G Trust; Rajasekaran Wickramasekaran and Chandralekha Wickramasekaran, individually and as Trustees of the Wickramasekaran Family Trust; Donald C. Brockman, individually and as Trustee of the Donald C. Brockman Trust; Heidi M. Jacques, individually and as Trustee of the Heidi M. Brockman Trust; LBC Seafood, Inc.; Quality Sea Food Inc.; Beyond Business Incorporated, d/b/a Big Fish Bait & Tackle; Josh Hernandez; John Crowe; Banzai Surf Company, LLC; Davey's Locker Sportfishing, Inc.; East Meets West Excursions; Bongos Sportfishing LLC; Bongos III Sportfishing LLC; and Tyler Wayman ("Plaintiffs") and Defendants Capetanissa Maritime Corporation, Costamare Shipping Co., S.A., V.Ships Greece Ltd., *M/V Beijing* (collectively, the "Beijing Defendants"), Dordellas Finance Corp., MSC Mediterranean Shipping Co.

- 1 -

SA, Mediterranean Shipping Co. S.r.l., MSC Shipmanagement Ltd., and *MSC Danit* (collectively, the "Dordellas Defendants") (all together, the "Shipping Defendants") have entered into a Proposed Class Settlement Agreement and Release, filed with the Court on May 15, 2023 ("Settlement Agreement");

WHEREAS, on June 15, 2023, an Order Granting Preliminary Approval of Proposed Settlement was entered by this Court, and on June 16, 2023, an Amended Order Granting Preliminary Approval of Proposed Settlement ("Preliminary Approval Order") was entered by this Court, preliminarily approving the proposed Settlement of this Action pursuant to the terms of the Settlement Agreement and directing that Notice be given to the members of the Settlement Classes;

WHEREAS, pursuant to the Settlement Agreement, Settlement Class Members have been provided with Notice informing them of the terms of the proposed Settlement and of a Final Approval Hearing to, *inter alia*: (a) determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate so that the Final Approval Order and Judgment should be entered; (b) consider any timely objections to this Settlement and the Parties' responses to such objections; (c) rule on any application for attorneys' fees and expenses; (d) rule on any application for service awards; and (e) determine whether the Plans of Distribution submitted by Class Counsel should be approved;

WHEREAS, a Final Approval Hearing was held on September 14, 2023. Prior to the Final Approval Hearing, proof of completion of Notice was filed with the Court. Settlement Class Members were adequately notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement, any application for attorneys' fees and expenses, any application for service awards, and/or the Plans of Distribution submitted by Class Counsel;

WHEREAS, Plaintiffs as representatives of the Settlement Classes have applied to the Court for final approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement;

NOW, THEREFORE, the Court having read and considered the Settlement Agreement and accompanying exhibits and the Motion For Final Settlement Approval, having heard any objectors or their counsel appearing at the Final Approval Hearing, having reviewed all of the submissions presented with respect to the proposed Settlement, and having determined that the Settlement is fair, adequate, and reasonable and in the best interests of the Class Members; it is hereby ORDERED, ADJUDGED and DECREED THAT:

The capitalized terms used in this Order Granting Final Approval of Proposed Settlement have the same meaning as defined in the Settlement Agreement.

The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Classes.

The Court finds that the Notice set forth in the Settlement Agreement, detailed in the Notice Plan attached to the Declaration of Gina Intrepido-Bowden of JND Legal Administration, and effectuated pursuant to the Preliminary Approval Order: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) fully complies with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, including the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval. *See, e.g.*, Fed. R. Civ. P. 23(e); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004); *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935 (9th Cir. 2011).

Among the factors supporting the Court's determination are: the significant relief provided to Settlement Class Members; the risks of ongoing litigation, trial, and appeal; the risk of maintaining class action status through trial and appeal; the extensive discovery to date; and the positive reaction of Settlement Class Members.

Class certification remains appropriate for the reasons set out in the Court's Order Preliminarily Approving the Settlement. Further, the Settlement Class Representatives have adequately represented the Settlement Classes.

The Settlement was negotiated at arm's length and was free of collusion, as particularly evidenced by the involvement of Judge Layn Phillips (Ret.) and Judge Sally Shushan (Ret.), highly qualified mediators. It was negotiated with experienced, adversarial counsel after extensive discovery, and with the aid of neutral, qualified mediators. Further, the attorneys' fees and costs award was the subject of a separate application to the Court.

No parties have raised any objections to the Settlement Agreement.

The Settlement Agreement and every term and provision thereof are deemed incorporated in this Order and have the full force of an order of this Court.

Upon the Effective Date, all Settlement Class Members have, by operation of this Order, fully, finally and forever released, relinquished, and discharged the Released Parties pursuant to the Settlement Agreement.

Upon the Effective Date, Settlement Class Members, and their successors, assigns, parents, subsidiaries, affiliates or agents of any of them, are permanently barred and enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement.

This Final Approval Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and must not be construed as, or used as, an admission by or against the Shipping Defendants of any fault, wrongdoing, or liability on their part,

or of the validity of any claim or of the existence or amount of damages.

Plaintiffs' and the Settlement Classes' Claims against the Shipping Defendants are hereby dismissed with prejudice. Plaintiffs' Claims against any other Released Parties are also hereby dismissed with prejudice, including COSCO Shipping Lines Co., Ltd., COSCO (Cayman) Mercury Co., Ltd. and Marine Exchange of Los Angeles-Long Beach Harbor dba Marine Exchange of Southern California. Except as otherwise provided in orders separately entered by this Court on any application for attorneys' fees and expenses, any application for service awards, and the Plans of Distribution submitted by Class Counsel, the parties will bear their own expenses and attorneys' fees.

Without affecting the finality of this Order and the accompanying Judgment, the Court reserves jurisdiction over the implementation of the Settlement, and over enforcement and administration of the Settlement Agreement, including any releases in connection therewith, and any other matters related or ancillary to the foregoing.

IT IS SO ORDERED.

DATED: September 14, 2023

_____
Hon. David O. Carter