**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01628-DOC-JDE                                             Date: October 24, 2023

Title: PETER MOSES GUTIERREZ V. AMPLIFY ENERGY CORPORATION ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PACIFIC AIRSHOW'S MOTION FOR AN ADMINISTRATIVE ORDER ALLOWING IT TO OPT OUT OF THE OC OIL SPILL SETTLEMENTS [806]

**I.      INTRODUCTION**

Before the Court is Pacific Airshow LLC's ("Pacific Airshow" or "Airshow") motion for an administrative order allowing Pacific Airshow to opt out of the Orange County Oil Spill Amplify Settlement[1] ("Amplify Settlement") and the Orange County Oil Spill Shipping Defendants Settlement[2] ("Shipping Defendants Settlement") ("Opt-Out Motion") (Dkt. 806). On September 14, 2023, the Court found Pacific Airshow was a member of the Waterfront Tourism Class and so was included in both settlements. Pacific Airshow now seeks to opt out of both settlements.

---

[1] The Orange County Oil Spill Amplify Settlement pertains to the Settlement with Defendants Amplify Energy Corp., Beta Operating Company, LLC and San Pedro Bay Pipeline Company (collectively, "Amplify Defendants")

[2] The Orange County Oil Spill Shipping Defendants Settlement pertains to the Settlement with Defendants Capetanissa Maritime Corporation, Costamare Shipping Co., S.A., V.Ships Greece Ltd., the M/V Beijing, Dordellas Finance Corp., MSC Mediterranean Shipping Co. SA, Mediterranean Shipping Co. S.r.l., MSC Shipmanagement Ltd., and the MSC Danit (collectively, "Shipping Defendants").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-01628-DOC-JDE　　　　　　　　　　　　　　　Date: October 24, 2023

Page 2

## II. BACKGROUND

The Court discusses briefly the relevant dates for each Settlement as they relate to Pacific Airshow's Opt-Out Motion:

### A. Amplify Settlement:

- December 7, 2022 – Court granted preliminary approval of the Amplify Settlement ("Order Granting Preliminary Approval of Amplify Settlement") (Dkt. 599);
- January 17, 2023 – Deadline for Notice to be Completed. *See* Order Granting Preliminary Approval of Amplify Settlement ¶ 26;
- February 14, 2023 – Deadline to opt out of the Amplify Settlement. *Id.*;
- April 24, 2023 – Court granted final approval of Amplify Settlement ("Order Granting Final Approval of Amplify Settlement") (Dkt. 728), including the Plans of Distribution (Dkt. 621), including for the Waterfront Tourism Class;
- June 9, 2023 – Claim Form Deadline.

### B. Shipping Settlement

- June 16, 2023 – Court granted preliminary approval of the Shipping Defendants Settlement ("Am. Order Granting Preliminary Approval of Shipping Defendants Settlement") (Dkt. 751);
- July 24, 2023 – Deadline for Notice to be Completed. *See id.* ¶ 26;
- August 21, 2023 – Deadline to opt out of the Shipping Defendants Settlement. *See id.*;
- September 14, 2023 – Court granted final approval of Shipping Defendants Settlement ("Order Granting Final Approval of Shipping Defendants Settlement") (Dkt. 805) and the Plans of Distribution (Dkt. 752), including for the Waterfront Tourism Class.

### C. Waterfront Tourism Class

On August 7, 2023, the Settlement Administrator for the Amplify Settlement informed Pacific Airshow it had been determined not to be a member of the Waterfront

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-01628-DOC-JDE                              Date: October 24, 2023

Page 3

Tourism Class. Robinson Decl. ¶ 6, Ex. 3. On September 5, 2023, Amplify Defendants filed a Motion to Enforce Settlement Agreement and Declare the Pacific Airshow a Member of the Waterfront Tourism Class. (Dkt. 779). On September 14, 2023, the Court reversed the Settlement Administrator's decision and found Pacific Airshow was a member of the Waterfront Tourism Class (Dkt. 795).

### III. PROCEDURAL HISTORY

On September 14, 2023, the Court issued an Order calling for simultaneous briefing relating to Pacific Airshow's rights or ability to opt out of the class action settlement (Dkt. 796). On September 20, 2023, Pacific Airshow filed a Motion requesting an Order allowing Pacific Airshow to opt out of the Amplify Settlement and Shipping Defendants Settlement (Dkt. 806) ("Opt-Out Motion"). That same day, Amplify Defendants and Shipping Defendants filed briefs arguing Pacific Airshow should not be allowed to opt out ("Amplify Brief," "Shipping Brief") (Dkts. 807, 808). Plaintiffs filed a statement that they take no position on the issue (Dkt. 809). Amplify Defendants filed a Reply to Pacific Airshow's Motion on September 28, 2023 (Dkt. 810) ("Amplify Reply") and Shipping Defendants filed a Reply on September 29, 2023 (Dkt. 811) ("Shipping Reply"). Pacific Airshow submitted a Response to these Replies on September 29, 2023 (Dkt. 812) ("Airshow Response").

### IV. LEGAL STANDARD

"Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake inadvertence, surprise, or excusable neglect." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). In the context of belated settlement opt outs, courts consider: the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). Courts may also consider the likely prejudice to the opposing party and whether the movant acted in good faith. *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01628-DOC-JDE                                           Date: October 24, 2023

Page 4

## V.     DISCUSSION

### A. Request to Deem Amplify Settlement Judgment Void as to the Airshow Under FRCP 60

Pacific Airshow argues that "[a]t all times before the Court's September 14 reversal of the Settlement Administrator's determinations that Pacific Airshow was not a class member for purposes of the Settlements, Pacific Airshow has been under no duty to comply with deadlines and obligations applicable to class members" and so asks the Court to find that Judgment is void as to Pacific Airshow pursuant to Fed. R. Civ. P. 60. Opt-Out Motion at 2, 7-8. The Airshow asserts its due process rights were violated because it did not receive direct notice that it was a member of the class and had the right to exclude itself from the Settlements. *Id.* at 8-10. Pacific Airshow does not contest that it received publication notice, but instead argues publication notice was inadequate in this instance. Opt-Out Motion at 10. The Court disagrees.

The Ninth Circuit has routinely denied requests to opt out due to lack of direct notice. *See, e.g.*, *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 779 (9th Cir. 2022) ("[N]either Rule 23 nor the Due Process Clause requires actual notice to each individual class member.") (citing *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017)). Here, the Airshow received ample constructive notice through a robust media campaign that the Court recognized was "extraordinarily well-thought-out." Transcript of April 24, 2023 Hearing at 4:14 (Dkt. 735). Moreover, Pacific Airshow sought to recover funds from Amplify through its OPA process before the opt-out deadline, Amplify Brief at 11, and filed a purported opt-out request from the Shipping Defendants Settlement on the opt-out deadline, Opt-Out Motion at 6. Thus, it cannot reasonably argue that it was unaware of either litigation before the opt-out deadline because of the lack of direct notice. Accordingly, the Airshow is not entitled to relief from judgment under Fed. R. Civ. P. 60(b)(4).

### B. Amplify Settlement

Pacific Airshow does not contest that it failed to file an opt-out before the February 14, 2023 deadline to opt out of the Amplify Settlement, but argues that good cause exists to find its June 9, 2023 claim an effective opt-out. Mot. at 13-14. Pacific Airshow filed a claim for the Amplify Settlement prior to the June 9, 2023 claims cutoff.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01628-DOC-JDE                              Date: October 24, 2023

Page 5

The Airshow claimed that "[d]ue to the Orange County Oil Spill, the last day of the airshow (Oct. 3, 2021) was cancelled" and the Airshow "suffered damages as a result." *See* Declaration of Holly Trogdon ("Trogdon Decl.") (Dkt. 779-5) Ex. 3, 6/9/2023 Excerpt from Airshow Claim. The Airshow's Claim requested "the opportunity to opt-out and "reserve[ed] all rights to opt-out and to pursue a separate lawsuit." *Id.* at 4 (emphasis added). Amplify Defendants respond that the Airshow cannot have it both ways— it cannot preserve its right to opt-out while simultaneously making a claim as a member of the class. Amplify Brief at 8. The Court agrees with Defendant. Having timely submitted a claim to the Settlement Administrator, the Airshow cannot avoid a class judgment.

Accordingly, Pacific Airshow's request to opt out of the Amplify Settlement is DENIED.

### C. Shipping Settlement

Pacific Airshow has not shown that it timely opted out of the Shipping Defendants Settlement when it submitted a request for exclusion on August 21, 2023. As the Settlement Administrator determined, the Airshow's request, submitted on the last day to opt-out was invalid. The Court approved the Plans of Distribution (Dkt. 798), including for the Waterfront Tourism Class, which provide broad authority to the Settlement Administrator to administer the Settlement. *See* June 26, 2023, Proposed Plan of Distribution for Waterfront Tourism Class (Dkt. 752-3). On August 28, 2023, the Settlement Administrator advised the Court that it had deemed Pacific Airshow's opt-out letter an invalid request for exclusion for as it had no valid mailing address, no valid telephone number, and an invalid signature. *See* Declaration of Gretchen Eoff ("Eoff Decl.") (Dkt. 773-2), Ex. A. Although it was advised of these deficiencies on August 28, 2023, the Airshow did not seek to remedy its opt-out until the Court entered final judgment in the Shipping Defendants Settlement on September 14, 2023. Accordingly, the Court finds its August 21, 2023 opt-out attempt invalid. *See Partl v. Volkswagen, AG* (*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig*), 895 F.3d 597, 618 (9th Cir. 2018) (court did not abuse discretion in rejecting claim of "excusable neglect" under *Silber* because class member "had actual and timely notice of the proper method of excluding herself from the settlement" and "was therefore herself squarely responsible for the failure to opt out on time").

In sum, Pacific Airshow has not shown that it timely opted out of either Settlement Agreement, or that excusable neglect allows it to opt out of the class settlement beyond

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01628-DOC-JDE                                    Date: October 24, 2023

                                                                                              Page 6

the Opt-Out Deadlines and after final settlement is complete. There is no reasonable dispute that the opt-out request is prejudicial to Defendants, which are entitled to rely on the finality of its settlement judgment. *In re Charles Schwab Corp. Securities Litig.*, No. 08-cv-1510-WHA, 2010 WL 2178937, *1 (N.D. Cal. May 27, 2010) (opt out request made "on the eve of preliminary approval of a 200 million dollar class-wide settlement" was likely to cause prejudice because defendants negotiated settlement with stable class in mind). While the Court does not find that Pacific Airshow acted in bad faith, it also does not ignore Pacific Airshow's attempts to both stay a member of the Class and opt out of the Settlement Agreements.

Accordingly, Pacific Airshow's request to opt out of the Shipping Defendants Settlement is DENIED.

## VI.  DISPOSITION

The Court **DENIES** Pacific Air Show's Opt-Out Motion.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                   Initials of Deputy Clerk: kdu

CIVIL-GEN